**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

In re: Pipeline Energy Group          §          Case No. 316-00765-MFH-7
                                       §
                                       §
                                       §
          Debtor(s)

---

### CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

David G. Rogers, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: $1,954,378.58 *(without deducting any secured claims)* | Assets Exempt: N/A |
| Total Distributions to Claimants: $749,924.20 | Claims Discharged Without Payment: N/A |
| Total Expenses of Administration: $370,697.90 | |

3) Total gross receipts of $1,120,622.10 (see **Exhibit 1**), minus funds paid to the debtor and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $1,120,622.10 from the liquidation of the property of the estate, which was distributed as follows:

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $614,220.00 | $1,161,087.07 | $291,652.77 | $291,652.77 |
| PRIORITY CLAIMS: | | | | |
| CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | $0.00 | $370,697.90 | $370,697.90 | $370,697.90 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | $0.00 | $0.00 | $0.00 | $0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | $1,324,400.32 | $2,033,324.18 | $1,105,437.14 | $458,271.43 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | $15,717,159.56 | $23,794,361.72 | $17,595,853.63 | $0.00 |
| **TOTAL DISBURSEMENTS** | $17,655,779.88 | $27,359,470.87 | $19,363,641.44 | $1,120,622.10 |

4) This case was originally filed under chapter 7 on 02/05/2016.  The case was pending for 28 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated:     05/17/2018                       By: /s/ David G. Rogers

                                                        Trustee

**STATEMENT This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.**

**EXHIBITS TO**
**FINAL ACCOUNT**

### EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| 2007 Chevy Silverado (Ally) | 1129-000 | $11,000.00 |
| 2009 Talbert Lowboy Trailer (WF) | 1129-000 | $37,000.00 |
| 2012 Chevy Tahoe (Ally) | 1129-000 | $35,000.00 |
| BB&T Checking 8670 | 1129-000 | $15.34 |
| Equipment not listed on Exhibit AB.50 | 1229-000 | $31,835.00 |
| 2008 Chevy Silverado (TD Auto) | 1129-000 | $7,500.00 |
| 2003 Chevy K2500 (HNB) | 1129-000 | $1,000.00 |
| BB&T Checking 8225 | 1129-000 | $683.56 |
| Office Equipment not listed on Exhibit AB.41 | 1229-000 | $1,590.00 |
| 2013 GMC 1500 4WD (HNB) | 1129-000 | $21,500.00 |
| 2010 Chevy Silverado (Ally) | 1129-000 | $11,000.00 |
| Automobiles Etc Per Exhibit AB.47 | 1129-000 | $256,361.45 |
| Protiviti, Inc (SofA #11) | 1141-000 | $15,000.00 |
| Caterpillar Refund | 1290-000 | $277.96 |
| 2005 Chevy Silverado (Ally) | 1129-000 | $4,000.00 |
| Office Equipment Per Exhibit AB.41 | 1129-000 | $27,435.00 |
| WV Dept of Revenue 2014 & 2015 Tax Refunds | 1224-000 | $42,099.00 |
| 2008 GMC Sierra (HNB) | 1129-000 | $3,500.00 |
| 2013 GMC Sierra (HNB) | 1129-000 | $22,000.00 |
| BB&T Checking 6439 | 1129-000 | $15.34 |
| Other Machinery Per Exhibit AB.50 | 1129-000 | $153,553.55 |
| Ohio Worker's Comp Premium Refund | 1290-000 | $45,759.09 |
| Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 | 1129-000 | $3,000.00 |
| Reversed Deposit 100016 1 Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 (RDC ERROR) | 1129-000 | -$3,000.00 |
| Monte Pratt (SofA #4) | 1141-000 | $5,000.00 |
| 2010 Chevy K1500 (Ally) | 1129-000 | $12,500.00 |
| **TOTAL GROSS RECEIPTS** | | **$745,625.29** |

| | | | |
|---|---|---|---|
| Dragoon Capital LLC (SofA #4) | | 1141-000 | $9,000.00 |
| 2 Cat Hammers (CAT) | | 1129-000 | $53,000.00 |
| 2012 GMC Sierra (Ally) | | 1129-000 | $8,000.00 |
| 2013 Talbert 55 Lowboy Trailer (WF) | | 1129-000 | $53,000.00 |
| 2012 GMC Sierra (HNB) | | 1129-000 | $17,000.00 |
| 4 Magnolia Pole Trailers (BB&T) | | 1129-000 | $80,000.00 |
| BB&T Checking 8700 | | 1129-000 | $1,810.83 |
| Utility Refund | | 1229-000 | $96.89 |
| 2013 GMC Sierra (HNB) | | 1129-000 | $21,000.00 |
| 2011 GMC Yukon (HNB) | | 1129-000 | $34,500.00 |
| WV Dept of Revenue 2013 Tax Refund | | 1124-000 | $36,885.00 |
| Wiley Rein LLP Legal Retainer | | 1129-000 | $25,000.00 |
| Refund from Ritchie Bros | | 1229-000 | $204.09 |
| 2013 GMC Yukon (HNB) | | 1129-000 | $30,500.00 |
| 2003 GMC Sierra (HNB) | | 1129-000 | $5,000.00 |
| **TOTAL GROSS RECEIPTS** | | | **$1,120,622.10** |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| None | | | |

## EXHIBIT 3 - SECURED CLAIMS

| Claim NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 3 | Ally Bank | 4210-000 | $0.00 | $1,221.64 | $1,221.64 | $1,221.64 |
| 4 | BB&T Bankruptcy | 4210-000 | $65,405.00 | $63,001.15 | $0.00 | $0.00 |
| 8 | Ally Bank | 4210-000 | $35,440.00 | $31,896.00 | $31,896.00 | $31,896.00 |
| 9 | TD Auto Finance LLC | 4210-000 | $6,620.00 | $6,446.53 | $6,446.53 | $6,446.53 |
| 58 | Ally Bank | 4210-000 | $8,364.00 | $8,360.79 | $8,360.79 | $8,360.79 |
| 59 | Ally Bank | 4210-000 | $7,877.00 | $7,864.32 | $7,864.32 | $7,864.32 |
| 60 | Ally Financial | 4210-000 | $7,176.00 | $7,073.41 | $7,073.41 | $7,073.41 |
| 61 | Ally Bank | 4210-000 | $11,540.00 | $10,891.86 | $10,891.86 | $10,891.86 |
| 92 | WELLS FARGO EQUIPMENT FINANCE INC | 4210-000 | $23,118.00 | $69,553.42 | $69,553.42 | $69,553.42 |
| 101 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $31,938.00 | $33,152.67 | $33,152.67 | $33,152.67 |
| 102 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $2,988.00 | $3,187.34 | $3,187.34 | $3,187.34 |
| 103 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $2,953.00 | $3,436.17 | $3,436.17 | $3,436.17 |
| 104 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $2,866.00 | $3,256.05 | $3,256.05 | $3,256.05 |
| 105 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $20,139.00 | $20,409.99 | $20,409.99 | $20,409.99 |
| 106 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $18,505.00 | $19,816.78 | $19,816.78 | $19,816.78 |
| 107 | THE HUNTINGTON NATIONAL BANK | 4210-000 | NA | $20,800.64 | $20,800.64 | $20,800.64 |
| 108 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $28,641.00 | $29,102.72 | $29,102.72 | $29,102.72 |
| 109 | THE HUNTINGTON NATIONAL BANK | 4210-000 | $15,321.00 | $15,182.44 | $15,182.44 | $15,182.44 |
| 155 | MOOSEHEAD HARVESTING INC. | 4120-000 | $0.00 | $683,538.15 | $0.00 | $0.00 |
| 208 | Iron Eagle Enterprises, LLC c/o Chrysanthe Vassile | 4120-000 | $0.00 | $122,895.00 | $0.00 | $0.00 |
| N/F | ALLY FINANCIAL | 4110-000 | $1,050.00 | NA | NA | NA |
| N/F | CATERPILLAR FINANCIAL SERVICES | 4110-000 | $63,646.00 | NA | NA | NA |

| | | | | | | |
|---|---|---|---|---|---|---|
| N/F | Huntington National Bank | 4110-000 | $20,327.00 | NA | NA | NA |
| N/F | JOHN DEERE FINANCIAL SS MARSHALL CO. | 4110-000 | $5,158.00 | NA | NA | NA |
| N/F | JOHN DEERE FINANCIAL SS MARSHALL CO. | 4110-000 | $27,474.00 | NA | NA | NA |
| N/F | SUSQUEHANNA COMMERCIAL FINANCE | 4110-000 | $167,453.00 | NA | NA | NA |
| N/F | WELLS FARGO EQUIPMENT FINANCE | 4110-000 | $40,221.00 | NA | NA | NA |
| | **TOTAL SECURED** | | **$614,220.00** | **$1,161,087.07** | **$291,652.77** | **$291,652.77** |

## EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Trustee, Fees - DAVID G. ROGERS | 2100-000 | NA | $56,868.66 | $56,868.66 | $56,868.66 |
| Trustee, Expenses - DAVID G. ROGERS | 2200-000 | NA | $1,546.57 | $1,546.57 | $1,546.57 |
| Attorney for Trustee Fees - DAVID G. ROGERS | 3110-000 | NA | $114,744.00 | $114,744.00 | $114,744.00 |
| Charges, U.S. Bankruptcy Court | 2700-000 | NA | $1,935.00 | $1,935.00 | $1,935.00 |
| Bond Payments - INTERNATIONAL SURETIES, LTD | 2300-000 | NA | $180.99 | $180.99 | $180.99 |
| Administrative Rent (post-petition storage fees, leases) - Middletown Properties, Inc | 2410-000 | NA | $5,000.00 | $5,000.00 | $5,000.00 |
| Administrative Rent (post-petition storage fees, leases) - TRAVIS BILLITER | 2410-000 | NA | $9,000.00 | $9,000.00 | $9,000.00 |
| Administrative Rent (post-petition storage fees, leases) - WILLIAM BAKER | 2410-000 | NA | $4,000.00 | $4,000.00 | $4,000.00 |
| Banking and Technology Service Fee - Rabobank, N.A. | 2600-000 | NA | $12,066.63 | $12,066.63 | $12,066.63 |
| Other State or Local Taxes (post-petition) - The Franklin County Clerk of Courts | 2820-000 | NA | $38.00 | $38.00 | $38.00 |
| Other Chapter 7 Administrative Expenses - BlueCore Technologies | 2990-000 | NA | $1,220.17 | $1,220.17 | $1,220.17 |
| Other Chapter 7 Administrative Expenses - Brentwood Court Reporting Services | 2990-000 | NA | $1,163.80 | $1,163.80 | $1,163.80 |
| Other Chapter 7 Administrative Expenses - Ethan Massa | 2990-000 | NA | $1,134.84 | $1,134.84 | $1,134.84 |
| Other Chapter 7 Administrative Expenses - MAIL ROOM SERVICES, INC. | 2990-000 | NA | $961.69 | $961.69 | $961.69 |
| Other Chapter 7 Administrative Expenses - Massa Estate Group | 2990-000 | NA | $97,093.75 | $97,093.75 | $97,093.75 |
| Other Chapter 7 Administrative Expenses - The Bank of Princeton | 2990-000 | NA | $160.40 | $160.40 | $160.40 |
| Attorney for Trustee Fees (Other Firm) - Alix Cross of Klein, Bussell PLLC | 3210-000 | NA | $27,300.00 | $27,300.00 | $27,300.00 |
| Attorney for Trustee Fees (Other Firm) - Klein Bussell, PLLC | 3210-000 | NA | $8,782.50 | $8,782.50 | $8,782.50 |
| Attorney for Trustee Expenses (Other Firm)  - Klein Bussell, PLLC | 3220-000 | NA | $1,079.40 | $1,079.40 | $1,079.40 |

| | | | | | |
|---|---|---|---|---|---|
| Accountant for Trustee Fees (Other Firm) - Rodefer, Moss & Company PLLC | 3410-000 | NA | $23,609.00 | $23,609.00 | $23,609.00 |
| Accountant for Trustee Fees (Other Firm) - Suzanne R. Fennell | 3410-000 | NA | $2,812.50 | $2,812.50 | $2,812.50 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | **NA** | **$370,697.90** | **$370,697.90** | **$370,697.90** |

### EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| None | | | | | |

## EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 37AW | MONTE C PRATT | 5300-000 | $0.00 | $12,475.00 | $0.00 | $0.00 |
| 37BW | MONTE C PRATT | 5300-000 | $0.00 | $12,475.00 | $0.00 | $0.00 |
| 93 | WESLEY SMITH | 5400-000 | $0.00 | $2,223.32 | $0.00 | $0.00 |
| 110AW | BETH ANN SMITH | 5300-000 | $12,475.00 | $12,475.00 | $0.00 | $0.00 |
| 110BW | BANKRUPTCY ESTATE OF BETH ANN SMITH | 5300-000 | $12,850.00 | $12,850.00 | $12,850.00 | $12,850.00 |
| 116P | TN Dept. of Revenue (Bankruptcy Division) | 5800-000 | $0.00 | $9,273.75 | $9,273.75 | $0.00 |
| 118E | CAROL A WILSON, Admin & Trustee OOEFBP | 5400-000 | $0.00 | $100,283.90 | $100,283.90 | $48,739.04 |
| 121AW | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | 5300-000 | $0.00 | $52,678.98 | $0.00 | $0.00 |
| 121BP | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | 5400-000 | $366,919.14 | $418,798.82 | $418,798.82 | $203,540.66 |
| 121BW | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | 5300-000 | $0.00 | $44,625.98 | $44,625.98 | $44,625.98 |
| 124AP | INTERNAL REVENUE SERVICE | 5800-000 | $0.00 | $210,235.41 | $0.00 | $0.00 |
| 124BP | INTERNAL REVENUE SERVICE | 5800-000 | $0.00 | $209,910.91 | $0.00 | $0.00 |
| 124CP | INTERNAL REVENUE SERVICE | 5800-000 | $0.00 | $188,500.48 | $0.00 | $0.00 |
| 124DP | INTERNAL REVENUE SERVICE | 5800-000 | $0.00 | $187,500.48 | $0.00 | $0.00 |
| 124EP | INTERNAL REVENUE SERVICE | 5800-000 | $0.00 | $187,400.48 | $187,400.48 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 132E | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | 5400-000 | $0.00 | $8,738.10 | $8,738.10 | $4,246.81 |
| 134E | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | 5400-000 | $0.00 | $7,660.80 | $7,660.80 | $3,723.23 |
| 136 | OHIO BUREAU OF WORKERS' COMPENSATION | 5800-000 | $117,692.00 | $40,212.65 | $40,212.65 | $0.00 |
| 139P | MICHAEL R FANNING AS CHIEF EXECUTIVE OFFICER | 5400-000 | $0.00 | $116,250.51 | $116,250.51 | $56,498.98 |
| 156E | OHIO LABORERS FRINGE BENEFIT PROGRAMS | 5400-000 | $0.00 | $87,323.00 | $87,323.00 | $42,439.90 |
| 183 | BARBARA M. COOK | 5400-000 | $0.00 | $6,771.52 | $6,771.52 | $3,291.03 |
| 184 | DAVID C. RIFFLE | 5300-000 | $0.00 | $5,800.00 | $0.00 | $0.00 |
| 186E | West Virginia Laborers' Combined Funds | 5400-000 | $0.00 | $52,397.63 | $52,397.63 | $25,465.80 |
| 214W | LEIF A. TORKELSEN (BOB WALDSCHMIDT, TRUSTEE) | 5300-000 | $12,475.00 | $12,850.00 | $12,850.00 | $12,850.00 |
| 222A | Pension Benefit Guaranty Corporation | 5400-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 223A | Pension Benefit Guaranty Corporation | 5400-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 224A | Pension Benefit Guaranty Corporation | 5400-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 225 | Beth Ann Smith | 5400-000 | $0.00 | $33,612.46 | $0.00 | $0.00 |
| N/F | BLUECROSS BLUESHIELD OF TN | 5800-000 | $543.00 | NA | NA | NA |
| N/F | CENTRAL PENSION FUND | 5800-000 | $90,702.05 | NA | NA | NA |
| N/F | CENTRAL STATES | 5800-000 | $47,769.24 | NA | NA | NA |
| N/F | INTL UNION OF OPERATING | 5800-000 | $683.55 | NA | NA | NA |

| | | | | | | |
|-----|---------------------------------------------|----------|--------------|--------------|--------------|-------|
| N/F | INTL UNION OF OPERATING | 5800-000 | $106,362.63 | NA | NA | NA |
| N/F | INTL UNION OF OPERATING | 5800-000 | $110,549.75 | NA | NA | NA |
| N/F | LABORERS EMPLOYERS | 5800-000 | $232,015.09 | NA | NA | NA |
| N/F | MONTE C. PRATT | 5800-000 | $12,475.00 | NA | NA | NA |
| N/F | OHIO LABORERS TRAINING & APPRENTICESHIP | 5800-000 | $1,283.80 | NA | NA | NA |
| N/F | PENSION FUND | 5800-000 | $33,745.20 | NA | NA | NA |
| N/F | PIPELINE INDUSTRY | 5800-000 | $596.00 | NA | NA | NA |
| N/F | TRAINING FUND | 5800-000 | $2,151.15 | NA | NA | NA |
| N/F | UNITED STATES TREASURY | 5800-000 | $796.54 | NA | NA | NA |
| N/F | UNITED STATES TREASURY | 5800-000 | $37,229.20 | NA | NA | NA |
| N/F | VERISIGHT | 5800-000 | $6,803.00 | NA | NA | NA |
| N/F | WELFARE FUND | 5800-000 | $130,923.23 | NA | NA | NA |
| N/F | WILLIAMSON COUNTY | 5800-000 | $210.75 | NA | NA | NA |
| | **TOTAL PRIORITY UNSECURED CLAIMS** | | **$1,324,400.32** | **$2,033,324.18** | **$1,105,437.14** | **$458,271.43** |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | Cecil I. Walker Machinery Co. | 7100-000 | $0.00 | $972,622.23 | $972,622.23 | $0.00 |
| 2 | Ohio CAT | 7100-000 | $0.00 | $323,170.77 | $323,170.77 | $0.00 |
| 5 | BB&T Bankruptcy | 7100-000 | $0.00 | $49,564.80 | $49,564.80 | $0.00 |
| 6 | Dell Financial Services, LLC | 7100-000 | $0.00 | $1,441.44 | $1,441.44 | $0.00 |
| 7 | KIMBLE RECYCLING & DISPOSAL | 7100-000 | $0.00 | $5,714.37 | $5,714.37 | $0.00 |
| 10 | OHIO VALLEY SEPTIC INC | 7100-000 | $0.00 | $6,929.86 | $6,929.86 | $0.00 |
| 11 | ERB ELECTRIC COMPANY INC | 7100-000 | $0.00 | $2,783.70 | $2,783.70 | $0.00 |
| 12 | WHEELING SPRING SERVICE CO | 7100-000 | $0.00 | $1,193.46 | $1,193.46 | $0.00 |
| 13 | STAFFILINO CHEVROLET INC | 7100-000 | $0.00 | $723.10 | $723.10 | $0.00 |
| 14 | XYLEM DEWATERING SOLUTIONS INC | 7100-000 | $0.00 | $31,627.30 | $31,627.30 | $0.00 |
| 15 | GREAT LAKES PETROLEUM | 7100-000 | $0.00 | $32,521.15 | $32,521.15 | $0.00 |
| 16 | CM&I | 7100-000 | $0.00 | $2,372.34 | $2,372.34 | $0.00 |
| 17 | A&P TRUCKING HEAVY HAULING & RIGGING INC | 7100-000 | $0.00 | $188,812.50 | $188,812.50 | $0.00 |
| 18 | PSS COMPANIES | 7100-000 | $0.00 | $530,045.12 | $530,045.12 | $0.00 |
| 19 | JAMES C DAWES CO INC | 7100-000 | $0.00 | $33,140.42 | $33,140.42 | $0.00 |
| 20 | NORTHERN PANHANDLE | 7100-000 | $0.00 | $4,470.53 | $4,470.53 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21 | BARBCO INC | 7100-000 | $0.00 | $14,918.00 | $14,918.00 | $0.00 |
| 22 | TEAM EMVIRONMENTAL | 7100-000 | $0.00 | $41,809.50 | $41,809.50 | $0.00 |
| 23 | MIDDLE CREEK GARAGE INC. | 7100-000 | $0.00 | $787.00 | $787.00 | $0.00 |
| 24 | ANDREW C WOOFTER III PLLC | 7100-000 | $0.00 | $202.50 | $0.00 | $0.00 |
| 25 | EROSION TECHNOLOGY SERVICES LLC | 7100-000 | $0.00 | $10,509.67 | $10,509.67 | $0.00 |
| 26 | SANDBAGS LLC | 7100-000 | $0.00 | $27,185.00 | $27,185.00 | $0.00 |
| 27 | INDIAN VALLEY INDUSTRIES | 7100-000 | $0.00 | $3,895.00 | $3,895.00 | $0.00 |
| 28 | TESA COMPANY, INC. | 7100-000 | $0.00 | $1,748.89 | $1,748.89 | $0.00 |
| 29 | AGLAND CO-OP INC | 7100-000 | $0.00 | $154,945.94 | $154,945.94 | $0.00 |
| 30 | OHIO WATER HAULERS LLC | 7100-000 | $0.00 | $11,239.31 | $11,239.31 | $0.00 |
| 31 | LITMAN EXCAVATING INC | 7100-000 | $0.00 | $18,826.83 | $18,826.83 | $0.00 |
| 32 | DUANE CRAWFORD | 7100-000 | $0.00 | $4,857.10 | $4,857.10 | $0.00 |
| 33 | CONTRACTORS SUPPLY CORPORATION | 7100-000 | $0.00 | $4,596.30 | $4,596.30 | $0.00 |
| 34 | SUSQUEHANNA COMMERICAL FINANCE | 7100-000 | $0.00 | $192,945.16 | $192,945.16 | $0.00 |
| 35 | EC & TR Acquisition Corporation dba Express 4 x 4 | 7100-000 | $0.00 | $100,042.29 | $100,042.29 | $0.00 |
| 36 | WILKIE CONTRACTING CO | 7100-000 | $0.00 | $5,518.24 | $5,518.24 | $0.00 |
| 37AU | MONTE C PRATT | 7100-000 | $0.00 | $94,590.08 | $0.00 | $0.00 |
| 37BU | MONTE C PRATT | 7100-000 | $0.00 | $94,590.08 | $0.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 38 | Appalachian Oilfield Services, LLC | 7100-000 | $0.00 | $17,554.32 | $17,554.32 | $0.00 |
| 39 | MILLENNIUM TORQUE & TENSIONING INC | 7100-000 | $0.00 | $21,285.85 | $21,285.85 | $0.00 |
| 40 | B.E.T LTD | 7100-000 | $0.00 | $38,093.53 | $38,093.53 | $0.00 |
| 41 | ACE HOME CENTER | 7100-000 | $0.00 | $2,380.15 | $2,380.15 | $0.00 |
| 42 | MARSHALL COUNTY COOPERATIVE INC | 7100-000 | $0.00 | $8,626.69 | $8,626.69 | $0.00 |
| 43 | GUERNSEY SCRAP RECYCLING TRUCKING LLC | 7100-000 | $0.00 | $9,341.79 | $9,341.79 | $0.00 |
| 44 | ENDLESS MOUNTAIN SEED & SUPPLY | 7100-000 | $0.00 | $2,278.04 | $2,278.04 | $0.00 |
| 45 | AMP&M LLC | 7100-000 | $0.00 | $5,709.47 | $5,709.47 | $0.00 |
| 46A | HOWARD SUPPLY COMPANY, LLC | 7100-000 | $0.00 | $42,351.63 | $0.00 | $0.00 |
| 46B | HOWARD SUPPLY COMPANY, LLC | 7100-000 | $0.00 | $42,351.63 | $42,351.63 | $0.00 |
| 47 | LOUIS NIEBERGALL ICE CO INC | 7100-000 | $0.00 | $16,210.50 | $16,210.50 | $0.00 |
| 48 | CAM SAFETY LLC | 7100-000 | $0.00 | $2,647.81 | $2,647.81 | $0.00 |
| 49 | OHIO BUREAU OF WORKERS' COMPENSATION | 7100-000 | $0.00 | $473.18 | $0.00 | $0.00 |
| 50 | JOHNSTON MOREHOUSE DICKEY COMPANY | 7100-000 | $0.00 | $1,030.00 | $0.00 | $0.00 |
| 51A | DENSO USA LP | 7100-000 | $0.00 | $21,304.40 | $0.00 | $0.00 |
| 51B | DENSO USA LP | 7100-000 | $0.00 | $21,304.40 | $21,304.40 | $0.00 |
| 52 | ICR EQUIPMENT RENTAL LLC | 7100-000 | $0.00 | $15,218.56 | $15,218.56 | $0.00 |
| 53 | RSV WHEELING LLC | 7100-000 | $0.00 | $7,821.92 | $7,821.92 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 54 | BLACK DIAMOND EQUIPMENT RENTAL | 7100-000 | $0.00 | $17,524.14 | $17,524.14 | $0.00 |
| 55 | JOHNSTON-MOREHOUSE-DICKEY COMPANY | 7100-000 | $0.00 | $1,030.00 | $1,030.00 | $0.00 |
| 56 | JOSEPH W MYERS OD INC | 7100-000 | $0.00 | $575.00 | $575.00 | $0.00 |
| 57 | A. SEBULSKY STEEL, INC. | 7100-000 | $0.00 | $2,281.35 | $2,281.35 | $0.00 |
| 62 | STEVENS AND LEE PC | 7100-000 | $0.00 | $11,553.00 | $11,553.00 | $0.00 |
| 63 | PIPESAK INC | 7100-000 | $0.00 | $7,450.00 | $7,450.00 | $0.00 |
| 64 | TRENCH SHORING SERVICES OF PENNSYLVANIA INC | 7100-000 | $0.00 | $4,350.00 | $0.00 | $0.00 |
| 65A | VACUWORX GLOBAL LLC | 7100-000 | $0.00 | $11,403.97 | $0.00 | $0.00 |
| 65B | VACUWORX GLOBAL LLC | 7100-000 | $0.00 | $11,403.97 | $11,403.97 | $0.00 |
| 66 | ONE CALL TECHNOLOGY | 7100-000 | $0.00 | $1,000.00 | $1,000.00 | $0.00 |
| 67 | AMERICAN TIRE INC | 7100-000 | $0.00 | $10,997.01 | $0.00 | $0.00 |
| 68 | DRAINAGE PRODUCTS INC | 7100-000 | $0.00 | $3,678.35 | $3,678.35 | $0.00 |
| 69 | THE ARRIMOUR GROUP | 7100-000 | $0.00 | $6,362.50 | $6,362.50 | $0.00 |
| 70 | FOSTER FEED | 7100-000 | $0.00 | $475.23 | $475.23 | $0.00 |
| 71 | CROSS COUNTRY PIPELINE SUPPLY CO INC | 7100-000 | $0.00 | $12,558.33 | $12,558.33 | $0.00 |
| 72 | SUNBELT EQUIPMENT MARKETING INC | 7100-000 | $0.00 | $76,291.70 | $76,291.70 | $0.00 |
| 73 | SUNBELT TRACTOR AND EQUIPMENT COMPANY | 7100-000 | $0.00 | $94,496.60 | $94,496.60 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 74 | GLASS BAGGING ENTERPRISES INC | 7100-000 | $0.00 | $14,040.00 | $14,040.00 | $0.00 |
| 75 | GAP POLLUTION ENVIRONMENTAL CONTROL INC | 7100-000 | $0.00 | $6,396.25 | $6,396.25 | $0.00 |
| 76 | MOORHEAD BROTHERS INC | 7100-000 | $0.00 | $236,109.26 | $236,109.26 | $0.00 |
| 77 | ALL FENCE COMPANY LLC | 7100-000 | $0.00 | $9,952.00 | $9,952.00 | $0.00 |
| 78 | Caterpillar Financial Commercial Account Corporati | 7100-000 | $0.00 | $58,204.14 | $58,204.14 | $0.00 |
| 79 | VALLEY AUTO PARTS | 7100-000 | $0.00 | $5,983.42 | $5,983.42 | $0.00 |
| 80 | ADVANCED INDUSTRIAL SERVICES LLC | 7100-000 | $0.00 | $30,505.00 | $30,505.00 | $0.00 |
| 81 | DANETTE BESKET | 7100-000 | $0.00 | $7,085.81 | $0.00 | $0.00 |
| 82 | BLUECORE TECHNOLOGIES LLC | 7100-000 | $0.00 | $5,179.71 | $5,179.71 | $0.00 |
| 83 | JAMES E BOARD | 7100-000 | $0.00 | $95,703.30 | $0.00 | $0.00 |
| 84 | SMITTY'S SEPTIC SERVICES, LLC | 7100-000 | $0.00 | $5,414.59 | $5,414.59 | $0.00 |
| 85 | ADLER TANK RENTALS, LLC | 7100-000 | $0.00 | $60,850.00 | $0.00 | $0.00 |
| 86 | APM BAR AND RESTAURANT SUPPLY, L.C. | 7100-000 | $0.00 | $355.00 | $355.00 | $0.00 |
| 87 | PRECISION PIGGING LLC | 7100-000 | $0.00 | $31,500.00 | $31,500.00 | $0.00 |
| 88 | OHIO VALLEY SAND, LLC | 7100-000 | $0.00 | $85,045.40 | $0.00 | $0.00 |
| 89 | FEDEX TECH CONNECT INC | 7100-000 | $0.00 | $1,427.44 | $1,427.44 | $0.00 |
| 90 | BEST ONE FLEET SERVICES | 7100-000 | $0.00 | $1,134.86 | $1,134.86 | $0.00 |
| 91 | OUTLAW PADDING CO. | 7100-000 | $0.00 | $173,822.00 | $173,822.00 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 94 | KING EXCAVATING COMPANY | 7100-000 | $0.00 | $23,796.01 | $23,796.01 | $0.00 |
| 95 | JENKINS AUTO PARTS LLC | 7100-000 | $0.00 | $4,774.85 | $4,774.85 | $0.00 |
| 96 | SPIELMAN KOENIGSBERG & PARKER LLC | 7100-000 | $0.00 | $117,475.12 | $117,475.12 | $0.00 |
| 97 | GE WILLIAMS INC. | 7100-000 | $0.00 | $8,332.79 | $8,332.79 | $0.00 |
| 98 | FIVE STAR EQUIPMENT INC | 7100-000 | $0.00 | $256,030.27 | $256,030.27 | $0.00 |
| 99 | AIG SPECIALTY INSURANCE COMPANY | 7100-000 | $0.00 | $358,345.00 | $358,345.00 | $0.00 |
| 100 | CONSTRUCTION RISK SOLUTIONS LLC | 7100-000 | $0.00 | $202,722.15 | $202,722.15 | $0.00 |
| 110AU | BETH ANN SMITH | 7100-000 | $0.00 | $506,525.00 | $0.00 | $0.00 |
| 110BU | BETH ANN SMITH | 7100-000 | $0.00 | $506,150.00 | $506,150.00 | $0.00 |
| 111 | RICKY L JARUIS | 7100-000 | $0.00 | $23,200.00 | $0.00 | $0.00 |
| 112 | FRONTIER COMMUNICATIONS | 7100-000 | $0.00 | $788.60 | $788.60 | $0.00 |
| 113 | JOHN DEERE FINANCIAL, F.S.B. | 7100-000 | $0.00 | $103,061.50 | $103,061.50 | $0.00 |
| 114 | VALLEY FENCE COMPANY | 7100-000 | $0.00 | $6,585.00 | $6,585.00 | $0.00 |
| 115 | Deere Credit, Inc. | 7100-000 | $0.00 | $10,697.00 | $10,697.00 | $0.00 |
| 116U | TN Dept. of Revenue | 7100-000 | $0.00 | $1,008.44 | $1,008.44 | $0.00 |
| 117 | Linde Gas North America | 7100-000 | $0.00 | $40,692.80 | $40,692.80 | $0.00 |
| 118U | CAROL A WILSON, Admin & Trustee OOEFBP | 7100-000 | $0.00 | $16,248.19 | $16,248.19 | $0.00 |
| 119 | J&J TIMBER | 7100-000 | $0.00 | $18,000.00 | $18,000.00 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 120 | PIPELINE CLEANERS INC | 7100-000 | $0.00 | $10,560.83 | $10,560.83 | $0.00 |
| 121AE | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | 7100-000 | $0.00 | $557,364.62 | $0.00 | $0.00 |
| 121BU | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | 7100-000 | $0.00 | $191,390.52 | $191,390.52 | $0.00 |
| 122 | WESTERN SUPPLIES INC | 7100-000 | $0.00 | $34,407.59 | $34,407.59 | $0.00 |
| 123 | BRIDGEPORT AUTO PARTS | 7100-000 | $0.00 | $10,021.67 | $10,021.67 | $0.00 |
| 124AU | INTERNAL REVENUE SERVICE | 7100-000 | $0.00 | $55.71 | $0.00 | $0.00 |
| 124BU | INTERNAL REVENUE SERVICE | 7100-000 | $0.00 | $380.21 | $0.00 | $0.00 |
| 124CU | INTERNAL REVENUE SERVICE | 7100-000 | $0.00 | $380.21 | $0.00 | $0.00 |
| 124DU | INTERNAL REVENUE SERVICE | 7100-000 | $0.00 | $380.21 | $0.00 | $0.00 |
| 124EU | INTERNAL REVENUE SERVICE | 7100-000 | $0.00 | $380.21 | $380.21 | $0.00 |
| 125 | EASTON PRINTING | 7100-000 | $0.00 | $581.26 | $581.26 | $0.00 |
| 126 | CHEROKEE HELIOCOPTER SERVICE | 7100-000 | $0.00 | $5,940.00 | $5,940.00 | $0.00 |
| 127 | GREATHOUSE FABRICATING & | 7100-000 | $0.00 | $3,559.19 | $3,559.19 | $0.00 |
| 128 | US BAGGING LLC | 7100-000 | $0.00 | $111,290.00 | $111,290.00 | $0.00 |
| 129 | CROTHERS ELECTRIC INC | 7100-000 | $0.00 | $2,952.83 | $2,952.83 | $0.00 |
| 130 | CENTRAL SUPPLY COMPANY OF WEST VIRGINIA INC | 7100-000 | $0.00 | $11,305.66 | $0.00 | $0.00 |
| 131 | Newman Tractor, LLC | 7100-000 | $0.00 | $95,759.52 | $95,759.52 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 132U | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | 7100-000 | $0.00 | $1,660.24 | $1,660.24 | $0.00 |
| 133 | OHIO RIVER AGGREGATE INC | 7100-000 | $0.00 | $20,438.72 | $20,438.72 | $0.00 |
| 134U | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | 7100-000 | $0.00 | $1,455.55 | $1,455.55 | $0.00 |
| 135 | GREENES ENERGY GROUP LLC | 7100-000 | $0.00 | $321,971.52 | $321,971.52 | $0.00 |
| 137 | CENTRAL PIPELINE COMPANY LLC | 7100-000 | $0.00 | $155,155.29 | $155,155.29 | $0.00 |
| 138 | BellSouth Telecommunications Inc | 7100-000 | $0.00 | $288.19 | $288.19 | $0.00 |
| 139U | MICHAEL R FANNING AS CHIEF EXECUTIVE OFFICER | 7100-000 | $0.00 | $168,999.02 | $168,999.02 | $0.00 |
| 140 | The Ohio Bell Telephone Company | 7100-000 | $0.00 | $874.34 | $874.34 | $0.00 |
| 141 | CHASE LLC | 7100-000 | $0.00 | $26,649.65 | $26,649.65 | $0.00 |
| 142 | MISTRAS GROUP INC | 7100-000 | $0.00 | $177,277.50 | $177,277.50 | $0.00 |
| 143 | GUERNSEY AUTO PARTS CO. | 7100-000 | $0.00 | $5,358.73 | $5,358.73 | $0.00 |
| 144 | STACEY SHIELDS | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 145 | LESLIE LONG | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 146 | STEPHANIE WALL | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 147 | GARA DRINKO | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 148A | PATRICK SABIN | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 148B | BRIAN SCHAFFER | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 149 | First National Bank of Omaha | 7100-000 | $0.00 | $19,255.67 | $19,255.67 | $0.00 |
| 150 | First National Bank of Omaha | 7100-000 | $0.00 | $1,263.84 | $1,263.84 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 151 | First National Bank of Omaha | 7100-000 | $0.00 | $29,446.93 | $29,446.93 | $0.00 |
| 152 | Synchrony Bank (Lowe's/GEMB/GECRB) | 7100-000 | $0.00 | $8,097.40 | $8,097.40 | $0.00 |
| 153 | MATHENY LEASING INC | 7100-000 | $0.00 | $430,068.49 | $430,068.49 | $0.00 |
| 154 | MATHENY MOTOR TRUCK CO. | 7100-000 | $0.00 | $62,283.17 | $62,283.17 | $0.00 |
| 156U | OHIO LABORERS FRINGE BENEFIT PROGRAMS | 7100-000 | $0.00 | $36,286.67 | $36,286.67 | $0.00 |
| 157 | AIR PRODUCTS AND CHEMICALS INC AND AFFILIATES | 7100-000 | $0.00 | $43,316.63 | $43,316.63 | $0.00 |
| 158 | SIDWELL MATERIALS INC | 7100-000 | $0.00 | $5,075.51 | $5,075.51 | $0.00 |
| 159 | CLEVELAND BROTHERS EQUIPMENT COMPANY INC | 7100-000 | $0.00 | $1,721,359.29 | $1,721,359.29 | $0.00 |
| 160 | SUMMIT TRANSPORT AND ENVIRONMENTAL INC | 7100-000 | $0.00 | $49,373.05 | $49,373.05 | $0.00 |
| 161 | Waste Management Bankruptcy Department | 7100-000 | $0.00 | $6,452.83 | $6,452.83 | $0.00 |
| 162A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $252,081.30 | $0.00 | $0.00 |
| 162B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $73,897.30 | $73,897.30 | $0.00 |
| 163A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $98,336.82 | $0.00 | $0.00 |
| 163B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $27,254.82 | $27,254.82 | $0.00 |
| 164A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $292,137.15 | $0.00 | $0.00 |
| 164B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $87,137.15 | $87,137.15 | $0.00 |

| | | | | | | |
|------|--------------------------------------|----------|--------|--------------|--------------|--------|
| 165A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $302,803.89 | $0.00 | $0.00 |
| 165B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $97,803.89 | $97,803.89 | $0.00 |
| 166A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $290,914.99 | $0.00 | $0.00 |
| 166B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $56,519.59 | $56,519.59 | $0.00 |
| 167A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $241,869.34 | $0.00 | $0.00 |
| 167B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $71,976.24 | $71,976.24 | $0.00 |
| 168A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $120,869.58 | $0.00 | $0.00 |
| 168B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $21,969.58 | $21,969.58 | $0.00 |
| 169A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $233,004.08 | $0.00 | $0.00 |
| 169B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $55,484.98 | $55,484.98 | $0.00 |
| 170A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $227,004.69 | $0.00 | $0.00 |
| 170B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $32,154.69 | $32,154.69 | $0.00 |
| 171A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $193,488.13 | $0.00 | $0.00 |
| 171B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $9,438.13 | $9,438.13 | $0.00 |
| 172A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $183,389.34 | $0.00 | $0.00 |
| 172B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $8,114.34 | $8,114.34 | $0.00 |
| 173A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $388,202.00 | $0.00 | $0.00 |
| 173B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $34,206.60 | $34,206.60 | $0.00 |

| 174A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $386,469.96 | $0.00 | $0.00 |
|------|--------------------------------------------|----------|-------|-------------|------|------|
| 174B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $46,231.76 | $46,231.76 | $0.00 |
| 175A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $187,025.34 | $0.00 | $0.00 |
| 175B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $54,235.34 | $54,235.34 | $0.00 |
| 176A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $184,456.48 | $0.00 | $0.00 |
| 176B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $87,856.48 | $87,856.48 | $0.00 |
| 177A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $178,115.31 | $0.00 | $0.00 |
| 177B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $80,595.31 | $80,595.31 | $0.00 |
| 178A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $152,620.52 | $0.00 | $0.00 |
| 178B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $61,540.52 | $61,540.52 | $0.00 |
| 179A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $152,926.94 | $0.00 | $0.00 |
| 179B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $37,926.94 | $37,926.94 | $0.00 |
| 180A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $79,827.16 | $0.00 | $0.00 |
| 180B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $66,827.16 | $66,827.16 | $0.00 |
| 181A | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $55,287.83 | $0.00 | $0.00 |
| 181B | Caterpillar Financial Services Corporation | 7100-000 | $0.00 | $36,287.83 | $36,287.83 | $0.00 |
| 182 | EAST COAST UNDERGROUND, LLC | 7100-000 | $0.00 | $1,942,797.64 | $1,942,797.64 | $0.00 |
| 185A | TRAVIS BILLITER | 7100-000 | $0.00 | $9,000.00 | $0.00 | $0.00 |
| 185B | TRAVIS BILLITER | 7100-000 | $0.00 | $18,000.00 | $9,000.00 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 186U | West Virginia Laborers' Combined Funds | 7100-000 | $0.00 | $185,450.80 | $185,450.80 | $0.00 |
| 187 | POWER ASSOCIATES INTERNATIONAL INC | 7100-000 | $0.00 | $12,492.90 | $0.00 | $0.00 |
| 188 | Southeast Ohio Auto Parts, Inc dba NAPA Auto Parts | 7100-000 | $0.00 | $21,655.52 | $21,655.52 | $0.00 |
| 189 | MIDDLETOWN PROPERTIES, INC. | 7100-000 | $0.00 | $48,330.00 | $0.00 | $0.00 |
| 190 | MIDDLETOWN PROPERTIES, INC. | 7100-000 | $0.00 | $22,848.00 | $0.00 | $0.00 |
| 191 | EUREKA MIDSTREAM LLC | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 192 | Cent. States, Se. and Sw. Areas Health & Welfare F | 7100-000 | $0.00 | $217,257.65 | $217,257.65 | $0.00 |
| 193 | Central States, Se. and Sw. Areas Pension Fund | 7100-000 | $0.00 | $1,503,190.89 | $1,503,190.89 | $0.00 |
| 194 | Central States, Se. and Sw. Areas Pension Fund | 7100-000 | $0.00 | $640,926.35 | $640,926.35 | $0.00 |
| 195 | TorcSill Foundations, LLC | 7100-000 | $0.00 | $39,773.48 | $39,773.48 | $0.00 |
| 196A | Teamsters National Pipe Line Pension Plan | 7100-000 | $0.00 | $192,818.60 | $0.00 | $0.00 |
| 196B | Teamsters National Pipe Line Pension Plan | 7100-000 | $0.00 | $37,492.00 | $37,492.00 | $0.00 |
| 197A | Teamsters National Pipeline Training Fund | 7100-000 | $0.00 | $9,270.13 | $0.00 | $0.00 |
| 197B | Teamsters National Pipeline Training Fund | 7100-000 | $0.00 | $1,802.50 | $1,802.50 | $0.00 |
| 198A | Teamsters National Pipeline Labor-Management Coope | 7100-000 | $0.00 | $7,416.10 | $0.00 | $0.00 |
| 198B | Teamsters National Pipeline Labor-Management Coope | 7100-000 | $0.00 | $1,442.00 | $1,442.00 | $0.00 |

| 199 | West Virginia Department of Environmental Protecti | 7100-000 | $0.00 | $2,600.00 | $2,600.00 | $0.00 |
|---|---|---|---|---|---|---|
| 200 | MID-OHIO CONTRACTING | 7100-000 | $0.00 | $17,047.93 | $17,047.93 | $0.00 |
| 201 | BOB ROBINSON CHEVROLET | 7100-000 | $0.00 | $14,841.98 | $14,841.98 | $0.00 |
| 202 | WILEY REIN LLP | 7100-000 | $0.00 | $242,005.77 | $242,005.77 | $0.00 |
| 203 | MOUNTAINEER ENTERPRISES LLC | 7100-000 | $0.00 | $30,800.00 | $0.00 | $0.00 |
| 204 | HENDERSON'S GREENPRO | 7100-000 | $0.00 | $401,411.88 | $401,411.88 | $0.00 |
| 205 | ILEASE & RENTALS LLC | 7100-000 | $0.00 | $99,988.90 | $99,988.90 | $0.00 |
| 206 | A&A SUPPLY | 7100-000 | $0.00 | $1,604.22 | $1,604.22 | $0.00 |
| 207 | TUNNEL SHIELD AND EQUIPMENT, LTD | 7100-000 | $0.00 | $28,020.19 | $28,020.19 | $0.00 |
| 209A | JESSICA LEHMAN | 7100-000 | $0.00 | $6,000.00 | $0.00 | $0.00 |
| 209B | JESSICA LEHMAN | 7100-000 | $0.00 | $6,595.09 | $0.00 | $0.00 |
| 210 | AMTOWER AUTO SUPPLY, INC. | 7100-000 | $0.00 | $4,338.43 | $4,338.43 | $0.00 |
| 211 | TRISTAR RISK MANAGEMENT | 7100-000 | $0.00 | $4,334.00 | $4,334.00 | $0.00 |
| 212 | DRAGOON CAPTIAL LLC | 7100-000 | $0.00 | $181,316.00 | $181,316.00 | $0.00 |
| 213 | IGNACIO V. GONZALEZ | 7100-000 | $0.00 | $12,408.00 | $12,408.00 | $0.00 |
| 214U | LEIF A. TORKELSEN (BOB WALDSCHMIDT, TRUSTEE) | 7100-000 | $0.00 | $244,650.00 | $244,650.00 | $0.00 |
| 215 | PENNSYLVANIA TOOL SALES & SERVICE INC | 7100-000 | $0.00 | $12,732.44 | $0.00 | $0.00 |
| 216 | DNOW LP | 7200-000 | $0.00 | $20,449.83 | $20,449.83 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 217 | KNOWLTON INDUSTRIAL STEEL | 7200-000 | $0.00 | $2,993.49 | $2,993.49 | $0.00 |
| 218 | LIQUID LUGGERS LLC | 7200-000 | $0.00 | $21,943.19 | $21,943.19 | $0.00 |
| 219 | CERTIFIED LABS | 7200-000 | $0.00 | $2,116.06 | $2,116.06 | $0.00 |
| 220A | AMERICAN CONTRACTORS INDEMNITY COMPANY | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 220B | AMERICAN CONTRACTORS INDEMNITY COMPANY | 7100-000 | $0.00 | $315,585.68 | $315,585.68 | $0.00 |
| 221 | WHOLESALE TIRE | 7100-000 | $0.00 | $4,331.08 | $4,331.08 | $0.00 |
| 222B | Pension Benefit Guaranty Corporation | 7100-000 | $0.00 | $412,857.00 | $412,857.00 | $0.00 |
| 223B | Pension Benefit Guaranty Corporation | 7100-000 | $0.00 | $55,818.04 | $55,818.04 | $0.00 |
| 224B | Pension Benefit Guaranty Corporation | 7100-000 | $0.00 | $597,099.00 | $597,099.00 | $0.00 |
| 226A | American Arbitration Association | 7100-000 | $0.00 | $805.00 | $0.00 | $0.00 |
| 226B | American Arbitration Association | 7100-000 | $0.00 | $805.00 | $805.00 | $0.00 |
| 227 | JESSICA LEHMAN | 7100-000 | $0.00 | $6,595.09 | $6,595.09 | $0.00 |
| N/F | UNSECURED CREDITORS | 7100-000 | $15,717,159.56 | NA | NA | NA |
| | **TOTAL GENERAL UNSECURED CLAIMS** | | **$15,717,159.56** | **$23,794,361.72** | **$17,595,853.63** | **$0.00** |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit 8

Page: 1

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | BB&T Checking 6439 | 15.34 | 15.34 | | 15.34 | FA |
| 2 | BB&T Checking 8225 | 683.56 | 683.56 | | 683.56 | FA |
| 3 | BB&T Checking 8670 | 15.34 | 15.34 | | 15.34 | FA |
| 4 | BB&T Checking 8700 | 1,810.83 | 1,810.83 | | 1,810.83 | FA |
| 5 | Bank of Princeton 6274 | 307.57 | 307.57 | | 0.00 | FA |
| 6 | Jaclyn Smith Warehouse Lease Deposit | 8,466.00 | 8,466.00 | | 0.00 | FA |
| 7 | Boyle Lease Deposit (Meridian property) | 360,000.00 | 360,000.00 | | 0.00 | FA |
| 8 | Wiley Rein LLP Legal Retainer | 65,268.42 | 65,268.42 | | 25,000.00 | FA |
| 9 | Mark Hanson Employee Receivable | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 10 | Office Equipment Per Exhibit AB.41 | 272,407.84 | 20,000.00 | | 27,435.00 | FA |
| 11 | Automobiles Etc Per Exhibit AB.47<br>NOTE: FOR CLARIFICATION PURPOSES,<br>INDIVIDUAL VEHICLES WITH LIENS AS PER<br>SCHEDULE D OF THE PETITION WERE LISTED<br>SEPARATELY ON FORM 1 (ASSETS 22 - 44). | 539,052.19 | 155,931.19 | | 256,361.45 | FA |
| 12 | Other Machinery Per Exhibit AB.50 | 520,631.87 | 456,985.87 | | 153,553.55 | FA |
| 13 | Meridian Office Building | 143,041.11 | 0.00 | | 0.00 | FA |
| 14 | White Hall WV Office Building | 0.00 | 0.00 | | 0.00 | FA |
| 15 | Acreage in Cambrindge OH | 0.00 | 0.00 | | 0.00 | FA |
| 16 | Acreage in Sardis OH | 0.00 | 0.00 | | 0.00 | FA |
| 17 | Acreage in Pennsboro WV | 0.00 | 0.00 | | 0.00 | FA |
| 18 | Acreage in Fairmont WV | 0.00 | 0.00 | | 0.00 | FA |
| 19 | Internet Domain Name | 0.00 | 0.00 | | 0.00 | FA |
| 20 | WV Contractor License | 0.00 | 0.00 | | 0.00 | FA |
| 21 | WV Dept of Revenue 2013 Tax Refund | 36,900.00 | 36,900.00 | | 36,885.00 | FA |
| 22 | 2010 Chevy Silverado (Ally) | 7,877.00 | 0.00 | | 11,000.00 | FA |
| 23 | 2007 Chevy Silverado (Ally) | 7,176.00 | 102.59 | | 11,000.00 | FA |
| 24 | 2012 GMC Sierra (Ally) | 8,364.00 | 499.68 | | 8,000.00 | FA |
| 25 | 2010 Chevy K1500 (Ally) | 11,540.00 | 11,540.00 | | 12,500.00 | FA |
| 26 | 2005 Chevy Silverado (Ally) | 1,050.00 | 0.00 | | 4,000.00 | FA |

UST Form 101-7-TDR ( 10 /1/2010)

Exhibit 8

Page: 2

# Form 1
# Individual Estate Property Record and Report
## Asset Cases

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 27 | 2012 Chevy Tahoe (Ally) | 35,440.00 | 3,544.00 | | 35,000.00 | FA |
| 28 | 4 Magnolia Pole Trailers (BB&T) | 65,405.00 | 65,405.00 | | 80,000.00 | FA |
| 29 | 2 Cat Hammers (CAT) | 63,646.00 | 63,646.00 | | 53,000.00 | FA |
| 30 | 2008 GMC Sierra (HNB) | 2,988.00 | 0.00 | | 3,500.00 | FA |
| 31 | 2003 Chevy K2500 (HNB) | 2,866.00 | 0.00 | | 1,000.00 | FA |
| 32 | 2011 GMC Yukon (HNB) | 31,938.00 | 0.00 | | 34,500.00 | FA |
| 33 | 2012 GMC Sierra (HNB) | 15,321.00 | 138.56 | | 17,000.00 | FA |
| 34 | 2013 GMC Yukon (HNB) | 28,641.00 | 0.00 | | 30,500.00 | FA |
| 35 | 2013 GMC 1500 4WD (HNB) | 20,139.00 | 0.00 | | 21,500.00 | FA |
| 36 | 2013 GMC Sierra (HNB) | 20,327.00 | 0.00 | | 22,000.00 | FA |
| 37 | 2013 GMC Sierra (HNB) | 18,505.00 | 0.00 | | 21,000.00 | FA |
| 38 | 2003 GMC Sierra (HNB) | 2,953.00 | 0.00 | | 5,000.00 | FA |
| 39 | John Deere 200DL Excavator (JDF) | 27,474.00 | 0.00 | | 0.00 | FA |
| 40 | 2012 LB35-38 Lowboy Trailer (JDF) | 5,158.00 | 0.00 | | 0.00 | FA |
| 41 | Office Furniture & IT Equipment (Susquehanna) | 167,453.00 | 0.00 | | 0.00 | FA |
| 42 | 2008 Chevy Silverado (TD Auto) | 6,620.00 | 173.47 | | 7,500.00 | FA |
| 43 | 2009 Talbert Lowboy Trailer (WF) | 23,118.00 | 1,436.20 | | 37,000.00 | FA |
| 44 | 2013 Talbert 55 Lowboy Trailer (WF) | 40,221.00 | 8,902.80 | | 53,000.00 | FA |
| 45 | Potential Insurance Refund (u) | 0.00 | 60,000.00 | | 0.00 | FA |
| 46 | Office Equipment not listed on Exhibit AB.41 (u) | Unknown | Unknown | | 1,590.00 | FA |
| 47 | Equipment not listed on Exhibit AB.50 (u) | Unknown | Unknown | | 31,835.00 | FA |
| 48 | Utility Refund (u) | Unknown | Unknown | | 96.89 | FA |
| 49 | Monte Pratt (SofA #4) | 186,449.86 | 186,449.86 | | 5,000.00 | FA |
| 50 | Caterpillar Refund (u) | 0.00 | 0.00 | | 277.96 | FA |
| 51 | Accounts Receivable | 1,241,478.90 | 1,241,478.90 | | 0.00 | FA |
| 52 | Refund from Ritchie Bros (u) | 0.00 | 0.00 | | 204.09 | FA |
| 53 | Dragoss Capital LLC (SofA #4) | 195,570.29 | 195,570.29 | | 9,000.00 | FA |

UST Form 101-7-TDR ( 10 /1/2010)

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit 8

Page: 3

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 54 | WV Dept of Revenue 2014 & 2015 Tax Refunds (u) | 0.00 | 42,000.00 | | 42,099.00 | FA |
| 55 | Protiviti, Inc (SofA #11) | 75,000.00 | 75,000.00 | | 15,000.00 | FA |
| 56 | Ohio Worker's Comp Premium Refund (u) | 0.00 | 45,759.09 | | 45,759.09 | FA |
| **56** | **Assets Totals (Excluding unknown values)** | **$4,262,319.12** | **$3,109,030.56** | | **$1,120,622.10** | **$0.00** |

Case No.:   316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

**Major Activities Affecting Case Closing:**

**\*\*TIMELINE\*\*\***

02/05/16 > Bankruptcy filed
02/10/16 > Trustee Meeting with Business Owner at site - discussion of assets, etc
02/10/16 > Turnover of funds from closed bank accounts
02/16/16 > Order Limiting Notice Granted
02/17/15 > Statements and Schedules filed
03/07/16 > Meeting of Creditors Held
05/09/16 > Claims Bar Date

**\*\*\*BACKGROUND INFORMATION FROM ATTORNEY\*\*\***

02/08/16 > t/c with Debtor's attorney, James Haltom
1> PEG - corporate counsel sent this to James > Considered a Chapter 11
2> Carl Smith Pipeline was the name of the company started by the grandfather of the current owner.  It
operated in West Virginia for 75 years.  Pipeline Energy Group is a DBA of Carl Smith Pipeline.  They used
Carl Smith Pipeline for name recognition.  Carl Smith Pipeline closed in 2002 and there were no assets of the
business left.
3> Drop in oil prices hurt business
4> Assets include pipeline equipment, trucks and earth moving equipment  - located at four locations
5> Corporate headquarters in Franklin - Landlord in Franklin is Boyle corporation, Thomas McDaniel -
tmcdaniel@boyle.com > lease secured by a $300,000 CD

**\*\*\*BACKGROUND INFORMATION FROM MEETING OF CREDITORS\*\*\***

Pipeline Energy Group was founded in 2010 as a West Virginia Corporation. Employees were paid an hourly
rate salary as well as union dues, health and welfare (insurance) and pensions.     There were four unions:
operators, laborers, teamsters, and welders.  All benefits were hour driven (paid per hours worked).

The original partners of the Debtor were the governor of West Virginia and Beth Ann Smith.  The governor
was bought out in 2012.  There is a corporate resolution showing this change.

In 2012, Leif Torkelson became a partner  and owned 25% of the company.  There was no employment
agreement for either partner.  John Torkelson (Dragoon) was the in-house accountant.  Leif Torkelson was a
Vice President and he was terminated in 2015.  He was paid $40,000 to leave.  He still has a company lap
top which was obtained and reviewed by the trustee.

Monte Pratt became a VP in 2014 and traveled for the company.  His job was to visit gas companies and
potential sites to cultivate business for Pipeline.  He also visited ongoing sites to check on the progress of
jobs.

The office in Franklin was used for infrastructure purposes: payroll, accounting, bookkeeping, job costing, etc.
Pipeline had employed over 600 employees at one point.

**\*\*\*DEBTOR'S ATTORNEY EMAILS - FURTHER BACKGROUND INFORMATION\*\*\***

The following are responses to several questions posed in recent emails.  Please let me know if I have
missed anything.
1.       Insurance - Trustee is investigating whether there should be an insurance refund - emails relating to
same are below.  No refund available.
2.       Wage Claims - Management deferred salary for several months pre-petition, so there may be a few
wage claims.   Wage claims have been filed.
3.       Books and Records - Almost all are on
the customized company computer system which the trustee brought to his office.  Ethan Massa is storing

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

some records of PEG at his office. There have been some requests to review same and I connected those creditors with Ethan.
4. Financials - reviewed financials through 12/31/2015.
5. Business - closed, no employees or active jobs.
6. Bank Statements - Received and reviewed.

From: "David Rogers"   To: BethAnn@CarlSmithPipeline.com   Cc: "heddy" "Dylan Trache" , "James Haltom" Sent: Friday, February 12, 2016 2:05:10 PM
Beth Ann:
Thanks for your help thus far in unscrambling PEG for us. I need your help with the following:
1. We are working on the insurance audit. How many insurance policies does PEG have?
2. Are the deductions on the Boyle accounting of the CD correct?
3. Please send documentation of deferred comp for upper management.
4. What were the details of the settlement with Crestwood?
5. Do we have doc of the claim against Magnum Hunter, i.e. proof of claim in Chapter 11?
6. Is it possible to send the insurance co documentation they need for the W/C audit from the server?
7. Remind me what Verisight is.

From: Beth Ann Smith [mailto:bethann@carlsmithpipeline.com]   Sent: Monday, February 15, 2016 8:02 AM
To: David Rogers
Please find attached information per your request dated 2/12/15.
1.Policies for 2015 are attached under separate cover > TRUSTEE NOTE:  received and reviewed.
2.It appears the CD amounts are correct after reviewing the check history.
3.Management Compensation
    Leif Torkelsen   $225,000
    Monte Pratt    $116,000
    Beth Ann Smith   $350,000
4. I have requested the Crestwood Documents from our outside Counsel, Wiley Rein > TRUSTEE NOTE: received and reviewed.
5. Magnum Hunter doc > TRUSTEE NOTE:  received and reviewed.
6. I'm looking into server to see if we have the payroll information.
7. Verisight is the company that was managed the corporate 401 K and cash balance plans > TRUSTEE NOTE:  further described below.


***NOTES PER ASSET***

ASSETS 1 - 4 BB&T Checking > BANK BALANCES VERIFIED > FULLY ADMINISTERED
ASSET 5 Bank of Princeton > BANK BALANCE AS OF 12/31 WAS $366.43 > BANK ACCOUNT CLOSED PRE-PETITION
ASSET 6 Jaclyn Smith Warehouse Lease Deposit > THE RENT ON SPACE DELINQUENT, DEPOSIT KEPT BY LANDLORD
ASSET 7 Boyle Lease Deposit (Meridian property) > SEE NOTES "LANDLORD ISSUE > BOYLE / FRANKLIN PROPERTY" >
LETTER OF CREDIT IS NOT PROPERTY OF THE ESTATE.- SEE FURTHER NOTES.
ASSET 8 Wiley Rein LLP Legal Retainer > SEE NOTES "CRESTWOOD (AND EAST COAST) AND SETTLEMENT PREFERENCE
ASSET 9 Mark Hanson Employee Receivable > THE TRUSTEE HAS NOT BEEN ABLE TO OBTAIN DOCUMENTATION AS TO THE COLLECTABILITY OF SAID RECEIVABLE - COST OF COLLECTING $1000 AR REDUCES VALUE.
ASSET 10 - 12 Equipment, Automobiles, Machinery > ASSETS SOLD - REPORTS OF SALE FILED WITH COURT
NOTE:  THE TRUSTEE'S VALUE FOR ASSET 11 AND 12 IS REDUCED BY THE AMOUNT LISTED UNDER ASSETS 22 - 44 (MINUS ASSET 41 WHICH IS THE SUSQUEHANNA LIEN). ASSETS 22 - 44 (MINUS ASSET 41 WHICH IS THE SUSQUEHANNA LIEN) ARE THE INDIVIDUAL VEHICLES THAT HAD LIENS ASSOCIATED WITH THEM. FOR CLARIFICATION PURPOSES, THESE VEHICLES WERE LISTED SEPARATELY ON FORM 1 BASED ON INFORMATION PROVIDED ON SCHEDULE D OF THE PETITION.
ASSET 13 Meridian Office Building > THIS IS A DUPLICATE TO ASSET #7
ASSET 14 Lease Payments > THESE OBLIGATIONS WERE SETTLED > AGREED ORDER >

**Case No.:**   316-00765-MFH-7

**Case Name:**   Pipeline Energy Group

**For Period Ending:**   05/17/2018

**Trustee Name:**   (620060) David G. Rogers

**Date Filed (f) or Converted (c):**   02/05/2016 (f)

**§ 341(a) Meeting Date:**   03/07/2016

**Claims Bar Date:**   05/09/2016

SEE  "MOTION TO REJECT LEASES"
ASSET 19 Internet Domain Name > NO VALUE
ASSET 20 WV Contractor License > NO VALUE
ASSET 21 WV Dept of Revenue 2013 Tax Refund > REFUNDS RECEIVED
ASSETS 22 - 38 Vehicles and Equipment > ASSETS SOLD - REPORTS OF SALE FILED WITH COURT
ASSETS 39 & 40 John Deere Equipment > LEASED > REPOSSESSED BY LESSOR
ASSET 41 Office Furniture & IT Equipment (Susquehanna) > THIS IS A DUPLICATE TO ASSET #10
ASSETS 42 - 44 Vehicle and Trailers > ASSETS SOLD - REPORTS OF SALE FILED WITH COURT
NOTE:  The lien of $53,000 was split between asset #43 and #44.  The Trustee divided $53,000 by 22 years
and then multiplied the year of the trailer to get a prorata proportion.
ASSET 45 Potential Insurance Refund > NONE, SEE NOTES "INSURANCE REFUNDS"
ASSETS 46 & 47 Unscheduled Equipment > ASSETS SOLD - REPORTS OF SALE FILED WITH COURT
ASSET 48 Utility Refund (unscheduled) - RECEIVED - PEOPLES GAS WV
ASSET 49 Monte Pratt (SofA #4) > THE TRUSTEE WILL SETTLE WITH MONTE PRATT FOR $5,000 PER
ORDER DATED 10/20/16
ASSET 50 Caterpillar Refund (unscheduled) - RECEIVED - CREDIT BALANCE ON ACCOUNTS FOR TAX
ITEMS
ASSET 51 Accounts Receivable > THE MAIN A/R IS EUREKA.  PEG OWES EUREKA MORE THAN
EUREKA OWES PEG BECAUSE PEG WAS NOT PAYING ITS SUBS FOR WORK COMPLETED
ASSET 52 Refund from Ritchie Bros (unscheduled) - RECEIVED - REFUND FROM AUCTION
ASSET 53 Dragoon Captial LLC (SofA #4) > THE TRUSTEE SETTLED WITH DRAGOON CAPTIAL LLC
FOR $9,000 PER ORDER DATED 02/06/17 - SEE FURTHER NOTES
ASSET 54 WV Dept of Revenue 2014 & 2015 Tax Refunds > THE TRUSTEE FILED AN ADVERSARY
AGAINST THE STATE OF WEST VIRGINIA TO COLLECT THE FINAL REFUNDS DUE TO PIPELINE
ENERGY GROUP
ASSET 55 Protiviti, Inc (SofA #11) > THE TRUSTEE SETTLED WITH PROTIVITI, INC FOR $15,000 PER
ORDER DATED 06/06/17

NOTE regarding liens:  Any liens on vehicles, etc, where a proof of claim was filed, the amount on the proof
of claim was used in determining values on Form 1.  Petition values were not correct.


\*\*\*CHARTER OF COMPANY > Received and reviewed\*\*\*


\*\*\*BLUECORE AND FOUNDATION \*\*\*

Bluecore is owed $1,500 and it is the IT department that services the server.  Keith Acres is the contact
person.  Foundation is the software provider.  Blue Core has assisted Ethan Massa with the server that we
moved to his office in Hendersonville.  The Trustee has hired Bluecore to work on PEG server in order to be
able to use the server for potential preferences/fraudulent conveyances and determining solvency of the
debtor.


\*\*\*SATISFACTION OF JUDGMENT IN OHIO > sent letter to Ohio on March 8, 2016 - received response and
paid fee to clerk on March 22, 2016.  Task Completed\*\*\*


\*\*\*LANDLORD ISSUE > BOYLE / FRANKLIN PROPERTY\*\*\*

Boyle doesn't believe they need relief stay because letter of credit not property of the estate

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Tuesday, February 09, 2016 10:43 AM     To:
Thomas McDaniel
I just left a message on your voice mail.  I have been appointed as the Trustee in Bankruptcy in the case
above.  I am meeting with the President of the Debtor at the space tomorrow at 10:00 a.m.  The Debtor's
attorney below indicated that Boyle may have another tenant for the space - glad to discuss that tomorrow if
you can join us there.

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

For Period Ending: 05/17/2018

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

Claims Bar Date: 05/09/2016

From: Thomas McDaniel [mailto:tmcdaniel@boyle.com]    Sent: Wednesday, February 10, 2016 10:00 AM
To: David Rogers
Here's the lease. Let me know how today goes and we'll get back together in the next day or two

On Feb 10, 2016, at 1:00 PM, David Rogers <dgrtrustee@comcast.net> wrote:   Please email the accounting of use of the $$ used as collateral for the lease.  Beth Ann said that she thought 12/15 and 1/16 were paid from this money.  Please confirm.

From: Thomas McDaniel [mailto:tmcdaniel@boyle.com]    Sent: Thursday, February 11, 2016 11:58 AM
To: David Rogers
Just following up. Did Tracy make it over? Also, I heard back from the prospective new tenant and they would have an interest in the furniture and maybe the phone/IT equipment, depending of course on economics
From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Thursday, February 11, 2016 12:01 PM    To: Thomas McDaniel
I had to leave for another meeting, but Ethan and Beth Anne stayed and met with Tracy.  I would suggest that the prospective tenant meet with Ethan re: personal property in the space that is not subject to a lien/lease.  If they are interested, make me an offer.

From: Thomas McDaniel [mailto:tmcdaniel@boyle.com]    Sent: Thursday, February 11, 2016 12:12 PM
To: David Rogers
Have you all identified what furniture that is (the furniture that is not subject to lien)? And do you know about the server/phone?
I can set up the meeting, I just wanted to wait until all the facts were known before doing so

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Thursday, February 11, 2016 12:54 PM    To: Thomas McDaniel
Ethan can show the prospective tenant the personal property in the space that is not subject to a lien/lease.

On Feb 12, 2016, at 9:34 AM, David Rogers <dgrtrustee@comcast.net> wrote:  I reviewed the Boyle lease and the accounting of the security funds and I see that the lease provides for late fees.  What is the escalation fee?    Why would there be any fees since Boyle could access the security funds if rent payments were late?

From: Thomas McDaniel [mailto:tmcdaniel@boyle.com]    Sent: Friday, February 12, 2016 10:39 AM    To: David Rogers
The Escalation charge is for Operating Expenses, their pro rata share of the building charges

From: David Cocke [mailto:dcocke@evanspetree.com]    Sent: Tuesday, March 15, 2016 3:34 PM    To: 'David Rogers'    Cc: 'Thomas McDaniel'
Not much to report at this point.    For tenants of this size, there are lots of factors affecting lease negotiations.   As you probably know, a new tenant will have its own timetables, such as termination of an existing lease, cash flow, seasonal demands, and build outs which will affect when they want to start paying rent.   It is likely to be several months before we know anything.

February 2017 - spoke with Boyle and they reletted the space and they used all of the funds re: letter of credit to cover their losses with debtor.

***INSURANCE REFUNDS ***

From: Jennifer Mustain    Sent: Tuesday, February 09, 2016 3:22 PM    To: James Haltom
Mr. Ross Chinitz is an attorney with Starr Indemnity. He said Pipeline had 3 insurance policies that were renewed in Nov. 2015 and cancelled Jan. 2016 due to lack of payment. All policies are subject to an audit to determine final premium due, if any. Chinitz believes it would "benefit the debtor because he thinks there will be a return premium".  Let me know if you need more information or if I can relay anything to Mr. Chinitz.
646-222-6409

From: "heddy"    To: "ross.chinitz" <ross.chinitz@starrcompanies.com>    Sent: Friday, February 12, 2016 9:37:00 AM

UST Form 101-7-TDR ( 10 /1/2010)

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

To confirm our conversation of this morning: there are three policies we are discussing Auto, General Liability, and Workers Comp. The auto policy and the general liability policies had a minimum premium due and there will be no return on these policies because of the minimum requirement due. The workers comp policy is based on payroll. If payroll was being reduced, there would be a potential for a premium return. To make this determination, you will need to perform an audit. The auditor will need the 940s, 941s, and any payroll records from November 30, 2014 to January 20, 2016. There may be more documents required as the audit progresses. What we need now is a time and place for the audit to occur and potentially, a representative of Pipeline Energy to be available to answer auditor questions.

From: "Ross Chinitz" <Ross.Chinitz@starrcompanies.com>    To: "heddy"    Sent: Tuesday, February 16, 2016 8:25:55 AM
Yes, your description is accurate.

From: David Rogers    Sent: Tuesday, February 16, 2016 8:48 AM    To: Beth Ann Smith <bethann@carlsmithpipeline.com>
Is there any key man/woman insurance or any other insurance on the principals of PEG?

From: Beth Ann Smith [mailto:bethann@carlsmithpipeline.com]    Sent: Tuesday, February 16, 2016 8:55 AM    To: David Rogers
No nothing I am aware of.

From: heddy    Sent: Tuesday, February 16, 2016 9:52 AM    To: Rogers, David    Cc: dan.pickard@hubinternational.com
Please confirm the accuracy of my notes:  You are the insurance broker for Pipeline Energy Group. They had six insurance policies all with Starr Indemnity. There was Worker's Comp, General Liability, an umbrella policy, an auto policy, equipment coverage and pollution coverage.    There will be no premium refund on the umbrella policy because it was a flat premium.    An audit needs to be completed on the Worker's Comp, General Liability, and Auto Policies. You believe there will be a refund available on all three policies. The potential refund could be as much as $60,000. You also believe that the equipment coverage should be audited for a potential refund.    Daniel Krauss is the CPA in NY and they have all the information needed to complete these audits. In the past, Amy Pettite handled the audits.    You are able to set up the audit if we request you to do so. The normal procedure in an audit is for the premium refund to be sent to you and then you would forward that money to us along with the net of commission you need to return to the bankruptcy estate.    If I have made any errors, could you please correct the misinformation.    Do you think a refund would be available on the pollution coverage? Would you happen to know if there was any insurance for the heads of the company?

From: <Dan.Pickard@hubinternational.com>    To: "dgrparalegal@comcast.net"    Sent: Tuesday, February 16, 2016 10:24:47 AM
Starr Indemnity insured the General Liability, and Auto liability. Both are auditable
Chubb through Federal Insurance insured the Workers Compensation. It is auditable
Westchester had the Umbrella Liability. It is non- auditable.
The Equipment policy is with Atlantic Specialty and equipment rental expense is reportable.
AIG had the Pollution Liability. It is non-auditable. There will be no return premium
I was the broker for the policy year 11/30/14 to 11/30/15. Another broker renewed the coverage at 11/30/15. I was not involved with any Insurance for the heads of the company.

From: "Dan Pickard" <Dan.Pickard@hubinternational.com>    To: "heddy"    Sent: Thursday, February 18, 2016 8:45:01 AM
I have given your contact info to Ida Bourg, the premium audit regional manager for York Risk control which is the authorized audit arm for Starr.    She should be contacting you shortly.  (NEVER CONTACTED)

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Thursday, February 18, 2016 1:32 PM    To: 'Beth Ann Smith'
Heddy spoke with Dan Pickard and sent him the payroll doc - he says he needs something more specific, so he is calling Amy who used to work for PEG and understands what he needs.

From: "Dan Pickard" <Dan.Pickard@hubinternational.com>    To: "David Rogers"    Sent: Friday, February

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Exhibit 8

Page: 9

| | |
|---|---|
| **Case No.:** 316-00765-MFH-7 | **Trustee Name:** (620060) David G. Rogers |
| **Case Name:** Pipeline Energy Group | **Date Filed (f) or Converted (c):** 02/05/2016 (f) |
| | **§ 341(a) Meeting Date:** 03/07/2016 |
| **For Period Ending:** 05/17/2018 | **Claims Bar Date:** 05/09/2016 |

The audit must be done by the insurance company auditors who should be in touch with you.

From: "David Rogers" <dgrtrustee@comcast.net>    To: "Dan' 'Pickard" <    Sent: Friday, February 26, 2016 10:58:02 AM
Please call them again or give us their number.  They have not contacted us.

From: "Ross Chinitz" <Ross.Chinitz@starrcompanies.com>    To: "David Rogers" , "heddy"    Sent: Friday, March 11, 2016 8:39:22 AM
Cc: "Harrington Williams" <Harrington.Williams@starrcompanies.com>, "Jay Tassler" <jay.tassler@starrcompanies.com>
Workers Compensation Policy 0044727846, which covered the policy term November 30, 2014 - November 30, 2015, was written on Chubb paper. It appears that Chubb's auditor was unaware of the bankruptcy filing and was trying to contact the debtor directly to schedule the audit. I just advised Chubb of the filing, and instructed the auditor to contact your office.

Workers Compensation Policy 1000001925, which covered the policy term November 30, 2015 - November 30, 2016, but was cancelled on January 20, 2016, was written on Starr paper. In order for Starr to complete the audit for November 30, 2015 - January 20, 2016, we need the following accounting and payroll records for the period December 1, 2015 through January 20, 2016: (1) Gross wages, overtime wages, by individual name and job description, and by state (TN, WV, PA); (2) 1st page of all both quarters - 941 forms; (3) General ledger, cash disbursements journals, subcontractor payments, contract labor payments, casual labor payments, and valid certificates of insurance showing workers compensation coverage for the policy period, or job duration.

From: "Harrington Williams" <Harrington.Williams@starrcompanies.com>    To: "David Rogers" <dgrtrustee@comcast.net>
Cc: "Jay Tassler" <jay.tassler@starrcompanies.com>, "Ross Chinitz" <Ross.Chinitz@starrcompanies.com>, "heddy" <dgrparalegal@comcast.net>, "Dan' 'Pickard" <Dan.Pickard@hubinternational.com>    Sent: Sunday, March 13, 2016 7:35:25 AM
David, I will ask Wayne to complete both audits at the same time.

March 21, 2016 > Audit by Chubb Auditor

From: Jay Tassler [mailto:jay.tassler@starrcompanies.com]    Sent: Tuesday, April 19, 2016 9:21 AM    To: dgrtrustee@comcast.net
Cc: Harrington Williams <Harrington.Williams@starrcompanies.com>; Premium Audit <Premium.Audit@starrcompanies.com>
Subject: WC, GL, Auto Policy Audits Pipeline Energy Group Inc. Carl Smith Pipeline 11/30/2015-1/20/2016
I just spoke with Beth Ann Smith, at Pipeline Energy Group. She referred me to you, so that I can complete three audits for Starr Companies. Please call me, at your earliest convenience so that I may discuss what documentation is necessary to complete the audit files.

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Tuesday, April 19, 2016 9:26 AM    To: Pickard, Dan
Subject: FW: WC, GL, Auto Policy Audits Pipeline Energy Group Inc. Carl Smith Pipeline 11/30/2015-1/20/2016
Would the audit below be the post 10/15 insurance?

On Apr 19, 2016, at 9:27 AM, Pickard, Dan <Dan.Pickard@hubinternational.com> wrote:  yes

On May 17, 2016, at 4:46 PM, David Rogers <dgrtrustee@comcast.net> wrote:  Did you get the documentation needed at Ethan's office?

On May 17, 2016, at 4:49 PM, Pickard, Dan <Dan.Pickard@hubinternational.com> wrote:  I think so.

On May 17, 2016, at 4:54 PM, David Rogers <dgrtrustee@comcast.net> wrote:  When should we hear about the refund?

From: Pickard, Dan [mailto:Dan.Pickard@hubinternational.com]    Sent: Tuesday, May 17, 2016 5:00 PM

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

To: David Rogers
I have to arrange the data, send it to Starr, see if they agree. 2 to 3 weeks.

From: Pickard, Dan [mailto:Dan.Pickard@hubinternational.com]    Sent: Wednesday, July 27, 2016 9:50 AM
To: 'David Rogers'
Received revised audit today from Starr. Still wrong. But even when corrected it appears there will be no return premium because of policy minimum premiums.

From: Pickard, Dan    Sent: Wednesday, August 31, 2016 5:31 AM    To: dgrtrustee@comcast.net Cc: Brooks, Heather <Heather.Brooks@hubinternational.com>; Rakes, Michelle <Michelle.Rakes@hubinternational.com>; Allen, Bill <Bill.Allen@hubinternational.com>
David, At last we have finally gotten the corrects audits from Starr. The invoices are attached.    I need to advise you of what took place on the Workers Compensation policy.    On October 6, 2015 the premium finance company issued a 10 day Notice of Cancellation for all of PEG's policies. Torkelson advised they could not pay and if they were cancelled they would be out of business as their customers would not let them work without insurance. In further discussions with John, he advised that they had very little work in West Virginia. The bulk of the WC premium was based on $10,000,000 in WVA payroll.    We went to Starr and they agreed to retroactively reduce the WVA payroll to $2,000,000 and on 10/08/15 issued the endorsement (attached), reducing the premium from $268,574 to $62,319, producing a credit of $206,255. See Starr credit memo attached and Hub issued PEG the credit invoice attached. On 10/12/15 Hub wired 1st Insurance Funding $152,967.12 and the cancellation was withdrawn.. Subsequently, we issued a check to PEG for the remaining $53,287.88 on 10/22/15.    The Workers' Comp audit shows a total return of $213,840 which is less the previous return of $206,255 or a net return of $7,585 (see attached final audit invoice – HUB).
The General Liability audit developed a premium of $220,451.85 based on payroll of $11,010,632 for both Ohio and West Virginia. The original premium paid was $200,217.17, producing an additional premium of $20,234.68 (see attached final audit invoice – HUB).    The automobile audit was a minimum premium of what was originally paid.    There is a total amount owing of $12,649.55. Please advise if there is any chance to be paid.

FINAL RESOLUTION: THERE WILL BE NO REFUND


***401(K) PLAN***

From: heddy [mailto:dgrparalegal@comcast.net]    Sent: Friday, February 19, 2016 10:18 AM    To: beth.sexton@verisightgroup.com
Ms. Sexton,    Thank you for speaking with me this morning.  As I understand from our conversation, there are two 401K policies and Beth Ann is the administrator.  Neither policy has been formally terminated.
In order to terminate the policies, and amendment must be drafted and signed before monies can be disbursed.  I will have David, the Trustee, get back with you as to who now legally has authorization to sign the termination amendment.  I will also discuss your concern with him regarding payment for work yet to be done with the policies.    Attached, is the Pacer Docket Sheet which shows the bankruptcy filing of Pipeline Energy Group, the bankruptcy case number, and the appointment of David as Trustee (#3).

From: "David Rogers"    To: "heddy" , "beth sexton" "Beth Ann Smith"    Sent: Friday, February 19, 2016 10:34:23 AM
Ms. Sexton: Please email the form to terminate both 401(k) policies and I will send to Beth Ann, the administrator for signature.

From: "Beth Sexton" <Beth.Sexton@verisightgroup.com>    To: "David Rogers" <dgrtrustee@comcast.net>, "Karl Breice" <Karl.Breice@verisightgroup.com>    Cc: "heddy" , "Beth Ann Smith"    Sent: Wednesday, February 24, 2016 2:36:58 PM
David, There are no pension funds. The plan was never funded. Our Erisa counsel Karl Breice is looking into this and he will get back to you.    P.S. On March 31, 2016, when Verisight, DailyAccess, and The Newport Group unite under a common brand, Newport Group, my email address will change to beth.sexton@newportgroup.com. Please update your records accordingly.

From: David Rogers    Sent: Thursday, February 25, 2016 9:07 AM    To: Beth Ann Smith <bethann@earlshillpipeline.com>

Exhibit 8

Page: 11

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

Could you confirm that the pension funds listed on the petition were never funded?

From: Beth Ann Smith [mailto:bethann@carlsmithpipeline.com]     Sent: Thursday, February 25, 2016 9:10 AM   To: David Rogers
That is correct they were never funded.

03/02/16 > per a TC with Karl Breice, it appears that the 401K plans were not funded.  He also indicated that the Pipeline Tax Returns may have shown deductions for 401K payments that never happened.

From: "Karl Breice" <Karl.Breice@verisightgroup.com>     To: "David Rogers" , "Beth Ann Smith"     Cc: "heddy" , "Beth Sexton"  "Katie Woodman" <Katie.Woodman@verisightgroup.com>     Sent: Wednesday, March 2, 2016 6:44:00 PM
Subject: Pipeline 401(k) Plan and Cash Balance Plan
David Rogers and Beth Ann Smith:
This email responds and relates to my telephone conversation with David Rogers yesterday.  As I discussed with David yesterday, Verisight is unable to take direction of any kind from David unless and until he has been specifically appointed as the Trustee to the Carl Smith Pipeline Cash Balance Plan and/or the Carl Smith Pipeline 401(k) Profit Sharing Plan (collectively referred to as the "Plans").  The documents provided by David yesterday contain no such appointment.

Furthermore, as David and I discussed yesterday, Verisight Trust Company (VTC) is a non-discretionary trustee for the Carl Smith Pipeline 401(k) Profit Sharing Plan.  As such, VTC has limited fiduciary responsibility for participants and beneficiaries in the Carl Smith Pipeline 401(k) Profit Sharing Plan.  Neither VTC, nor Verisight Inc. has any fiduciary responsibility regarding the Carl Smith Pipeline Cash Balance Plan.

As I also discussed with David yesterday, both Plans are currently delinquent in their respective funding obligations.  The Plans' funding obligation has been communicated numerous times by Verisight over the years the Plans have existed.  Because of their designs, the Plans' funding obligations are inextricably bound together; both must be funded.  Terminating the Plans as suggested by David will not correct nor address the outstanding funding obligation of the Plans.

Verisight Inc. and VTC can take direction only from the Plans' Trustee and/or the Plans' Plan Administrator(s).  Because of our fiduciary obligation to the participants/beneficiaries of Carl Smith Pipeline 401(k) Profit Sharing Plan, VTC may be obligated to contact the U.S. Department of Labor (DOL) and disclose the current unfunded status of both Plans.  If we do not receive assurances from the fiduciaries of the Plans within 30 days of this email (April 1, 2016) that both Plans will be adequately funded as previously communicated to the fiduciaries of the Plans or an alternative arrangement is made that protects the rights of participants/beneficiaries under the Plans, we may be forced to contact the DOL on behalf of the participants/beneficiaries of the Plans.

We look forward to hearing from the fiduciaries of the Plans within 30 days. > Thank you,  Karl Breice  ERISA Counsel

From: "David Rogers" <dgrtrustee@comcast.net>     To: "Karl Breice" <Karl.Breice@verisightgroup.com>, "Beth Ann Smith" <bethann@carlsmithpipeline.com>  Cc: "heddy" <dgrparalegal@comcast.net>, "Beth Sexton" <Beth.Sexton@verisightgroup.com>, "Katie Woodman" <Katie.Woodman@verisightgroup.com>
Sent: Wednesday, May 18, 2016 9:52:46 AM
Subject: RE: Pipeline 401(k) Plan and Cash Balance Plan
Mr. Breice:  I was appointed by the Bankruptcy Court as Trustee in the above case (attached) to act on behalf of PEG in all matters.  What do you need from me other than my appointment as Trustee to take direction.  Please send me any forms regarding termination.

From: "Karl Breice" <Karl.Breice@newportgroup.com>     To: "David Rogers" <dgrtrustee@comcast.net>, "Beth Ann Smith" <bethann@carlsmithpipeline.com>     Cc: "heddy" <dgrparalegal@comcast.net>, "Beth Sexton" <Beth.Sexton@newportgroup.com>, "Katie Woodman" <Katie.Woodman@newportgroup.com>, "James Wood" <James.Wood@newportgroup.com>     Sent: Friday, May 20, 2016 4:18:40 PM
Is there authority under the Bankruptcy Act that states the bankruptcy trustee serves as administrator as defined in ERISA section 3(16).  Also, there are outstanding invoices related to the defined benefit plan work we performed.  Please let me know how those invoices will be paid.  Note, I will be out of the office until

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

For Period Ending: 05/17/2018

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

Claims Bar Date: 05/09/2016

May 31, 2016. My colleague James Wood (cc'd above) is familiar with this issue.

From: "David Rogers" <dgrtrustee@comcast.net> To: "Karl Breice" <Karl.Breice@newportgroup.com>, "Beth Ann Smith" <bethann@carlsmithpipeline.com>, "Joseph P. Rusnak" <jrusnak@tewlawfirm.com> Cc: "heddy" <dgrparalegal@comcast.net>, "Beth Sexton" <Beth.Sexton@newportgroup.com>, "Katie Woodman" <Katie.Woodman@newportgroup.com>, "James Wood" <James.Wood@newportgroup.com> Sent: Tuesday, May 24, 2016 1:33:58 PM

Karl: I have pasted an excerpt from a bankruptcy case below:

Bankruptcy Code § 704(a)(11), which requires the Chapter 7 trustee to act as the plan administrator, imposes upon the Chapter 7 trustee another layer of fiduciary obligations under the ERISA laws. Section 3 of ERISA defines a "fiduciary" as a person or entity having "any discretionary authority or discretionary responsibility in the administration of" a retirement plan. 29 U.S.C. § 1002(21)(A)(iii). Although a bankruptcy trustee is not specifically included in the definition of "administrator" under ERISA, a bankruptcy trustee will be considered an ERISA fiduciary to the extent the trustee exercises discretion over how the plan is terminated. Beddall v. State St. Bk. & Trust Co.,137 F.3d 12, 18 (1st Cir.1998). A plan administrator is required in order to assume fiduciary responsibility for the Plan in furtherance of the goal of ERISA to "prevent the misuse and mismanagement of plan assets." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 n. 8, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). By virtue of Bankruptcy Code §704(a)(11), this additional fiduciary responsibility to protect and properly manage non-estate assets in compliance with ERISA rests with the bankruptcy trustee. The bankruptcy trustee is also charged with following the relevant ERISA statutes applicable to plan administrators and adhering to the obligations imposed upon the plan administrator under the plan documents. The standards for Plan termination are found in the ERISA rules and regulations, created pursuant to 29 U.S.C. §§ 11359, 1104(a)10, and 1103(d)(1).11.

From: David Rogers Sent: Friday, June 03, 2016 7:33 AM To: James Wood Cc: Karl Breice
Please email a copy of the plan.

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Monday, June 06, 2016 9:22 AM To: Karl Breice
Could you tell me who signed the plans on behalf of PEG? Could you confirm which employees were covered by both plans?

From: Karl Breice Sent: Monday, June 06, 2016 10:41 AM To: David Rogers Cc: James Wood
I've attached the signed document that we have for the 40(k) plan (Adoption Agreement and Basic Plan Document). Please note that the 401(k) plan was supposed to be restated and signed by 4/30/2016. Several of the attached emails relate to our attempt to get this document restatement signed timely. I'll send the Cash Balance documents under separate cover.

From: Karl Breice Sent: Monday, June 06, 2016 11:42 AM To: David Rogers Cc: James Wood
For the 401(k), all employees who are age 21 and complete 6 months of service except Union, nonresident aliens, and leased employees. Cash Balance, Beth Ann Smith and Leif Torkelsen received their benefit under this plan but their benefit is tied to the non-highly compensated employees receiving a benefit under the 401(k) plan.

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Monday, June 06, 2016 12:32 PM To: Karl Breice
I don't understand from your answer which employees were covered.

From: Karl Breice Sent: Monday, June 06, 2016 12:39 PM To: 'David Rogers' <dgrtrustee@comcast.net>
I've request a specific list of employees (by name) covered in the 401(k) and in the Cash Balance.

From: David Rogers Sent: Tuesday, June 07, 2016 9:37 AM To: Karl Breice Cc: James Wood
Which column reflects the employee contributions? What is the current fund balance?

From: Karl Breice Sent: Tuesday, June 07, 2016 10:37 AM To: 'David Rogers' Cc: James Wood
Column I labeled "401(k) Cont." reflects employee contributions for 2014. I've also attached 2014, 2015, and 2016 Balance by Source reports.

Exhibit 8

Page: 13

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Case No.:   316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

From: Karl Breice     Sent: Tuesday, June 07, 2016 11:07 AM    To: David Rogers     Cc: James Wood
I've attached the 2014 census we received from the client.  It reflects 2014 participants, contributions, and new participants who were projected to enter in 2015.     Please note column J is the Employer Contribution for 2014 that was not made.  Also, column K is the 2014 Safe Harbor Employer Contribution that was not made.     There are also 2013 and 2015 Employer Contributions that have not been made.  We have not received the 2015 census data.     As soon as I get the Cash Balance information, I'll forward it.

From: Karl Breice     Sent: Tuesday, June 07, 2016 5:25 PM    To: David Rogers     Cc: James Wood
Hello David,  Here are the Cash Balance contributions that have not been made.

From: David Rogers     Sent: Wednesday, June 08, 2016 7:36 AM    To: Karl Breice     Cc: James Wood
Please let me know your ideas for terminating the plans.

From: Karl Breice     Sent: Wednesday, June 08, 2016 12:20 PM    To: David Rogers     Cc: James Wood
Whether and when to terminate the Plans is a fiduciary decision for the Plan Sponsor to make.     I've attached an Authorized Person/Party List.  I've highlight in yellow the areas for you and Beth Ann Smith to complete.  Once completed and returned to me, we will accept your direction to terminate the Plans.  Your direction should clearly indicate that no further required contributions will be made to the Plans, no required compliance testing will be performed for the Plans, and that the Plans will not be restated to reflect current law.

08/17/2016 > Motion of Bankruptcy Trustee To Appoint David G. Rogers as Plan Administrator of Debtors Employee Benefit Plans.
09/14/2016 > Order Granting Trustee's Application to Appoint David G. Rogers, as Plan Administrator...
The Trustee, as Plan Administrator, is working closely with Katie Woodman of Newport Group to terminate the 401K plan.
10/05/16 > Letters of Termination were mailed to all participates letting them know:  "that the Plan will be terminated effective November 1, 2016".   Newport Group issued checks to the appropriate employees once letters were sent.

From: Katie Woodman     Sent: Tuesday, December 20, 2016 4:24 PM    To: David Rogers <dgrtrustee@comcast.net>
The 2016 beginning participant count matches the 12/31/15 ending count (reflected on line 5b of the 2015 Form 5500).
The 1/1/16 total assets of $77,484 matching the 12/31/15 ending asset balance and the 1/1/16 balance on the Trust Statement (attached).

From: David Rogers     Sent: Wednesday, January 04, 2017 6:28 AM    To: Katie Woodman <Katie.Woodman@newportgroup.com>
I signed the IRS return.  Is there anything remaining that I need to do as plan administrator for PEG?
RESPONSE:  No. The filing of the final Form 5500 was the last step.


***PBGC EMAILS - CASH BALANCE PLAN***

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Friday, June 17, 2016 10:45 AM    To: Butler Damarr
Per our conversation yesterday, I am going to forward several emails from Karl Breice, who is ERISA counsel for Newport Group.  Pipeline Energy Group, Inc. had an in house 401(k) program and a cash balance plan.  I understood from our call that PBGC initiate termination of the cash balance plan only and then file a proof of claim in the bankruptcy proceeding.  Please confirm.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]     Sent: Monday, June 20, 2016 10:40 AM    To: David Rogers
Just to follow up on my message yesterday.  I understand that you are collecting information and documents in response to the attached request.  As result, PBGC cannot move forward until we have all of the requested information and documents.  Feel free to continue the rolling production.  Also, the filing of the bankruptcy petition does not automatically result in plan termination.  That is something we will evaluate as we receive the remaining information and documents and also as we learn more about the bankruptcy.  Does Beth Ann

UST Form 101-7-TDR ( 10 /1/2010)

**Case No.:**   316-00765-MFH-7

**Trustee Name:**   (620060) David G. Rogers

**Case Name:**   Pipeline Energy Group

**Date Filed (f) or Converted (c):**   02/05/2016 (f)

**§ 341(a) Meeting Date:**   03/07/2016

**For Period Ending:**   05/17/2018

**Claims Bar Date:**   05/09/2016

Smith 100% own Pipeline?  If not, please provide the ownership structure.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]      Sent: Monday, June 20, 2016 2:55 PM    To: David Rogers
Thanks for your email and your continued cooperation.  I have copies of all of the bankruptcy documents, so there is not a need to forward those documents at this time.  If Pipeline does not have the requested material, maybe the plan actuary or Newport Group has it?  I hope the requested information and documents were not in the books and records that were abandoned/destroyed.  Without responsive information, it is going to be extremely difficult for PBGC to process this matter in a timely manner.

From: David Rogers    Sent: Monday, June 20, 2016 3:40 PM    To: Butler Damarr <Butler.Damarr@pbgc.gov>
I have sent you all of the documentation that I have in my files.  If you would like to arrange a time to go to my agent's office where the files I kept and the server are located in Hendersonville, TN to review, I would be glad to help facilitate.  I have attached to this email the Chapter 7 petition that may answer some of your questions.

From: David Rogers    Sent: Monday, June 20, 2016 4:02 PM    To: Butler Damarr <Butler.Damarr@pbgc.gov>
I am sure you understand that a Trustee is appointed in many cases with bad or insufficient records.  I had to make a decision as to what records were kept and removed to storage pretty quickly because the rent on the debtor's space was $25,000/month.   I also have to account for expenses including storage which is likely to persist for a while in a case like this.        Again, the best records that I have been able to use for other purposes are on the server for the debtor's computers.  I am glad to meet you at my agent's place of business where the server is stored and attempt to help you get the records you seek.        If you will tell me exactly what you want from the Newport Group, I am glad to request same.

From: Butler Damarr    Sent: Tuesday, August 16, 2016 10:15 AM   To: Karl Breice   James Wood   Cc: David Rogers   Dobbins Tracy
Mr. Breice and Mr. Woods,
Let me know if you can respond to my inquiries below.  I am in receipt of your emails to the bankruptcy trustee (Mr. Rogers) that he forwarded to me, but the questions I have below remain.  Thanks.

BACK AND FORTH BETWEEN DAVID AND DAMARR BUTLER
You previously provided PBGC a Form 8905, which I understand Newport Group provided to you.  This form indicates that the cash balance plan is a volume submitter plan.  Specifically, it states that an IRS opinion or advisory letter was requested on February 2, 2015.  As a result, there should be an IRS opinion or advisory letter.  Please provide the IRS opinion or advisory letter.

The Form 8905 certifies to the intent to adopt a pre-approved plan.  Newport Group, Inc. submitted a specimen cash balance plan to the IRS on or before 2/2/15.  As of this email, the IRS has not issued an opinion or advisory letter on the specimen plan.  The document that is currently effective is an individually designed plan.

Also, please provide a list of the participants for the cash balance plan, including social security numbers, dates of births, and mailing addresses.  In the event PBGC became statutory trustee of the plan, we would need this information to calculate benefits and mail checks to participants among other things.  The list previously provided only listed names.

Newport Group, Inc. will provide a list of participants, SS#, and DOB.  Plan Sponsor/Trustee will have to provide addresses.

Let me know if a 2015 AVR and Form 5500 exists for the plan?  The most recent ones we have are from 2014.

Finally, has a 2015 tax return been prepared for Pipeline?  If so, please provide a copy.  If not, let me know if one will be done.

Newport Group has not prepared a 2015 actuarial valuation report (AVR) or 5500 due to nonpayment.

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

For Period Ending: 05/17/2018

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

Claims Bar Date: 05/09/2016

In closing, I understand that you said you have provided everything to PBGC, but I have to make specific requests, so that our records are properly documented. Thank you for your time and attention to this matter.

From: Karl Breice   Sent: Thursday, August 18, 2016 11:19 AM   To: Butler Damarr   Cc: David Rogers Dobbins Tracy  James Wood
Please see responses below in red. Also, Newport Group Inc. (f.k.a Verisight Inc.) provides TPA and Actuarial service only for this plan.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]   Sent: Wednesday, September 07, 2016 12:30 PM
To: David Rogers <dgrtrustee@comcast.net>; JRUSNAK@TEWLAWFIRM.com;
james.haltom@nelsonmullins.com
Cc: Dobbins Tracy <Dobbins.Tracy@pbgc.gov>; 'Karl Breice' <Karl.Breice@newportgroup.com>;
erica@limorlaw.com
Subject: Pipeline Energy Group--Owners' Personal Tax Returns and Bankruptcy Filing
In PBGC's review of the Debtor's tax returns in the Pipeline bankruptcy, we saw that the Debtor is owned by Beth Ann Smith (75%) and Leif Torkelsen (25%). In order for PBGC to complete a controlled group analysis, please provide the 2015, 2014, and 2013 personal income tax returns, including all schedules, attachments, and amendments for Beth Ann Smith and Leif Torkelsen. It is important that this information is provided as soon as possible, along with any other outstanding information.

Also, please describe the ownership (owner(s) and respective ownership percentages) of the Debtor at the time of its bankruptcy filing.

As you probably saw in the Pipeline bankruptcy, PBGC file a non-objecting response to the trustee's request to appoint himself plan administrator of the Debtor's pension plan. PBGC's response is for informational knowledge purposes only and is not an objection to the requested relief.

Finally, PBGC has just learned that Beth Ann Smith filed a personal bankruptcy in April. PBGC will be entering an appearance and after I review the docket and catchup, I will relay my concerns to counsel in that bankruptcy matter.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]   Sent: Wednesday, September 07, 2016 1:15 PM
To: David Rogers
Thanks again for sending me a copy of this deposition. I recall that Ms. Smith will be deposed again? If so, has a date been set. Based on the deposition, it appears that Leif Torkelsen may be the most knowledgeable person from Pipeline with knowledge about the profit sharing plan. But it looks like he is no longer there.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]   Sent: Wednesday, September 07, 2016 1:35 PM
To: David Rogers
David,   Barring an objection to your motion, will the hearing still go forward on 9/13? Thanks.

From: David Rogers [mailto:dgrtrustee@comcast.net]   Sent: Wednesday, September 07, 2016 1:39 PM
To: Butler Damarr <Butler.Damarr@pbgc.gov>; JRUSNAK@TEWLAWFIRM.com;
james.haltom@nelsonmullins.com
Cc: Dobbins Tracy <Dobbins.Tracy@pbgc.gov>; 'Karl Breice' <Karl.Breice@newportgroup.com>;
erica@limorlaw.com
I don't have either of the tax returns. Leif Torkelsen has not filed bankruptcy to my knowledge and his telephone number is DELETED. Beth Ann Smith has filed a Chapter 7 bankruptcy in the Middle District of TN. Her attorney is Joe Rusnak (615-244-2770).

From: David Rogers [mailto:dgrtrustee@comcast.net]   Sent: Wednesday, September 07, 2016 2:45 PM
To: Butler Damarr
I plan to appear at the hearing. If no objecting parties show up, I will file an Order approving the appointment.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]   Sent: Wednesday, September 07, 2016 3:37 PM
To: David Rogers
Thanks. I will likely be there too even though our statement wasn't an objection.

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit 8

Page: 16

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

For Period Ending: 05/17/2018

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

Claims Bar Date: 05/09/2016

email from David to Damarr Butler > You are welcome to look at the PEG server in my office while you are in town if you want.  In any case, we can spend some time talking through the termination process at Court.

email from Damarr Butler - 1/19/17 > The two documents (identical trusteeships agreements) are the only documents you have to sign.  We provide two, so that when PBGC signs, we can keep an original and also provide an original to you.

The trusteeship agreement only provides that PBGC is now statutory trustee of the cash balance plan and that PBGC is assuming responsibility for the cash balance plan.

From: Butler Damarr [mailto:Butler.Damarr@pbgc.gov]    Sent: Thursday, March 23, 2017 10:58 AM    To: Sexton, Beth <Beth.Sexton@newportgroup.com>; BethAnn@CarlSmithPipeline.com; David Rogers <dgrtrustee@comcast.net>
Subject: RE: CARL SMITH PIPELINE CASH BALANCE PLAN 800333025 001
I'll let this analyst know that the plan has been terminated and trusteed.

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Tuesday, July 18, 2017 4:04 PM    To: Butler Damarr <Butler.Damarr@pbgc.gov>
I received a phone call from Joseph Hannas from PBGC today.  Attached is the most recent roster of employees in the PEG cash balance plan.

FINAL RESOLUTION:  PBGC ATTORNEY STATES THAT THEIR CLAIM IS NOT A PRIORITY CLAIM


***MOTION TO LIMIT NOTICE***

02/15/16 > Expedited Application To Limit Notice To Creditors FILED
02/16/16 > Order Granting Expedited Application To Limit Notice To Creditors


***MOTION TO DESTROY RECORDS***

02/24/16 > Motion and Notice For Authority Authority To Dispose Of Books And Records
04/04/16 > Order Granting Trustee's Motion For Authority To Dispose Of Books And Records


***MOTION TO REJECT LEASES***

03/14/16 > Objection filed by Frank Wilson to Motion to Reject - hearing set for April 5, 2016.
04/07/16 > Order Overruling Objection of Frank Wilson and Granting Motion For Approval of Rejection of Unexpired Leases of Nonresidential Real Property and Other Executory Contracts


***ADMINISTRATIVE RENT***

04/29/16 > Motion for Relief from Stay filed by Kevin Jones on behalf of Middletown Properties, Inc.
05/06/16 > Agreed Order on Administrative Rent to William Baker in the amount of $4,000 for Old National Road Lease/Cambridge (over $30,000 owed plus significant admin rent, the assets located there are worth $8,000 and delinquent rent is $35,000)
5/25/16 > Agreed Order on Administrative Rent to Travis Billiter in the amount of $9,000 for 37495 5th Ave., Sardis, Ohio
6/2/16 > Agreed Order on Administrative Rent to MIddletown Properties in the amount of $5,000  (over $20,000 owed plus significant admin rent, the assets located there are worth $10,000 and delinquent rent is $30,000)


***OFFICE BUILDING IN WHITE HALL, WV***

From: David Rogers    Sent: Thursday, February 18, 2016 10:09 AM    To: Beth Ann Smith

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit 8

Page: 17

**Case No.:**   316-00765-MFH-7

**Case Name:**   Pipeline Energy Group

**For Period Ending:**   05/17/2018

**Trustee Name:**   (620060) David G. Rogers

**Date Filed (f) or Converted (c):**   02/05/2016 (f)

**§ 341(a) Meeting Date:**   03/07/2016

**Claims Bar Date:**   05/09/2016

I am reviewing the schedules just filed. What is the purpose of the office building in White Hall, WV?

From: Beth Ann Smith [mailto:bethann@carlsmithpipeline.com]      Sent: Thursday, February 18, 2016 10:37 AM   To: David Rogers
It is storing paperwork from previous projects. Time sheets, safety records, equipment forms etc.…

OFFICE BUILDING LEASED

*** SUSQUEHANNA LEASE***

Susquehana is a lease holder on all the office equipment used here in TN. The equipment was purchased here in TN and used here in TN. The UCC1 was filed in KY. The equipment came from PA and was purchased through Keystone.

From: David Rogers [mailto:dgrtrustee@comcast.net]      Sent: Thursday, February 18, 2016 2:53 PM    To: Engelhardt, Brian
I was given your name by Susquehanna re: the above debtor who filed a Chapter 7 bankruptcy in the Middle District of TN where I am the Trustee. I have reviewed the UCC-1 Susquehanna filed in WV. Please send me the WV statute reference re: proper filing of UCC-1 for personal property.      You might want to communicate with the landlord. They are anxious to get all of the Debtor's personal property out because they have a new tenant ready.

From: Engelhardt, Brian [mailto:BEngelhardt@BBandT.com]      Sent: Friday, February 19, 2016 4:51 PM   To: 'David Rogers'
SCF will not be pursuing any interest in the equipment that was subject of this transaction, as the liquidation costs exceed that of the likely realization value of the equipment. I think that renders your question relating to filing in WV academic.      SCF will be filing an unsecured proof in this matter.

02/26/16 > Agreed Order avoiding lien and of surrender of property of the estate

***MOTION TO SELL/MOTION AUCTION AND MOTION SHORTEN TIME***

NOTE: Ethan Massa made multiple trips to WV and Ohio to show equipment/vehicles to interested buyers and investigate missing assets.

NOTE ON ADVERTISING: Mr. Massa advertised the subject equipment, machinery and vehicles on Craigslist, Massa Estate Group web site, 138 targeted emails, phone solicitations and a Youtube channel. There have been over 800 viewings. He has also received numerous calls from interested parties that first called the Trustee's office.

NOTE:  4/1/16 > Cheryl Randolph suggested that we include in the report of sale items not sold and or not found

02/22/16 > Expedited Motion to Shorten Time (#25) FILED > Denied "The Court will not set a hearing on a substantive motion that has not yet been filed."
02/24/16 > Expedited Amended Motion to Shorten Time (#31) - Motion to Sell Property (Office Furniture) (#34) - Motion to Sell Property (Machinery, Equipment, and Vehicles) (#35) FILED - ORDER GRANTING Motion to Sell Property (Machinery, Equipment, and Vehicles) #83
03/04/16 > Amended Application to Sell Property (Office Furniture) Nunc Pro Tunc (#50) FILED - supplanting the Motion to Sell Property (Office Furniture #34) listed above - ORDER GRANTING #98
03/07/16 > Amended Motion to Sell Property (Machinery, Equipment, and Vehicles) (#57) FILED per the request of the UST
03/17/16 > Order Granting Motion to Sell Property (Machinery, Equipment, and Vehicles) #83 > this order allows the sale to Myron Bowling > the purchaser of the balance of the machinery, equipment and vehicles has requested an extension of time to secure financing
3/21/16 - Ethan Massa did a conference call private sale (not auction) the total price of all assets was $382,000 with secured debt on file of $620,000. The buyer or most of the assets already has insurance in

**Case No.:** 316-00765-MFH-7

**Trustee Name:** (620060) David G. Rogers

**Case Name:** Pipeline Energy Group

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**For Period Ending:** 05/17/2018

**Claims Bar Date:** 05/09/2016

place and will continue to insure the assets to closing on 3/31/16. The buyers will wire 15% of the total purchase price today.

03/29/16 > Order Granting Amended Application to Sell Property (Office Furniture) Nunc Pro Tunc #98

04/05/16 > Expedited Motion to Shorten Time (#110) and Trustee's Expedited Application To Approve Sale Of Machinery, Equipment And Vehicles (#112) FILED > per the request of the UST because the purchaser of the balance of the machinery, equipment and vehicles is potentially and insider of the Debtor

NOTE: Carl E Smith Pipeline was the successful offeror at the conference call for most of the personal property of the debtor with the exception of a truck and 2 trailers purchased by Myron Bowling Auctioneers. CESP could not get financing so the sale had to be re-noticed as a result.. The offeror that bid just below Carl E Smith Pipeline, B. Miller Construction, offered $480,000 for the unexemptible personal property which is below their bid re: conference call.

04/14/16 > Expedited Motion to Shorten Time (#128) - EXPEDITED Motion and Notice to Auction Property (Machinery, Equipment, and Vehicles) (#130) - EXPEDITED Application and Notice to Employ as Auctioneer (#131) FILED - ORDER GRANTING #145 and #146

04/19/16 > Report of Sale (#139) FILED for Office Equipment Sale - Report of No Sale (#140) also FILED

04/26/16 > Order Granting Employment of Auctioneer and Motion and Notice to Sell Property (Machinery, Equipment, and Vehicles) #145 and #146

05/02/16 > met with Ethan to sign titles and bills of sale

05/02/16 > Report of Sale (#156) FILED for Order #83 and Report of Sale (#157) FILED for Order #146

07/07/16 > Motion to Sell Property for $8,000 to Ronald Lane Used Vehicles, Trailers and RVs, LLC

08/02/16 > Order Granting Trustee's Motion to Sell Property Free and Clear of Liens

NOTE: SALE NOTICED ON JULY 7 NOT CONSUMMATED DUE TO TITLING ISSUES (Amended motion to sell filed as shown below)

November 2016 > Trustee drafted a Motion to Sell Property to Ron Lane for no compensation to resolve multiple issues > Motion not filed following multiple conversations with the UST

12/14/16 > Motion and Notice to Abandon Filed > Objection filed by UST > Withdrawn by Trustee 01/26/17

01/20/17 > Amended Motion to Sell Property for $3,000 to Ronald Lane Used Vehicles, Trailers and RVs, LLC

02/14/17 > Order Granting Amended Motion to Sell Property for $3,000 to Ronald Lane Used Vehicles, Trailers and RVs, LLC


\*\*\*ASSET #10, #41, and #46 > OFFICE EQUIPMENT\*\*\*

Exhibit AB.41 lists Office Equipment owned by the Debtor. Susquehana Commercial Financing had a lien on everything listed on Exhibit AB.41> That lien was avoided per Agreed Order. (This lien is Asset #41 which will show as Fully Administered with zero money collected as all monies are deposited against Asset #10.) The IT Equipment listed includes TVs and monitors. Several items sold but not listed on Exhibit AB.41 were: a Nashville print, calculators, a planter, a Keuring, a step ladder, a tool kit, a heater, bankers lamps, a toaster, a microwave, a lamp, a clock, misc decor, a refrigerator, a freezer, and kitchenware. These unlisted assets are now Asset #46. The Trustee also filed a Report of No Sale for those items presently retained by the Trustee.

NOTE: Form 1, Column 3 "Value Determined By Trustee" is the amount Ethan thought the furniture and equipment was worth.


\*\*\*POTENTIAL BUYERS AND INSIDERS\*\*\*

DANNY WILFONG > prospective buyer - not connected to Pipeline - was known by Beth Ann's parents as they lived in the same area as Mr. Wilfong. It is a small town in West Virginia. Mr. Wilfong made an offer in the first sale and then was unable to obtain financing. Ethan Massa is holding in his escrow account earnest money connected with that offer. The contract states that "If buyer fails to perform any part of this agreement, the seller shall have the option of demanding specific performance of the contract, or rescinding this contract with the escrow money being retained by the seller".

RESOLUTION: Adversary case 3:16-ap-90176. Complaint by David G. Rogers against Danny Wilfong, Carl E. Smith Pipeline, Inc..

07/25/16 > Order > "IT IS HEREBY ORDERED that the Trustee is authorized to settle the above adversary which was filed to determine who the earnest money belonged to in a contract by and between the Trustee

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

For Period Ending: 05/17/2018

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

Claims Bar Date: 05/09/2016

and Danny Wilfong/Carl E. Smith Pipeline, Inc. is property of the above estate and whether said contract was breached by the Defendants for the sum of $10,000 and that the Trustee is authorized to execute a release of any and all claims the bankruptcy estate and Debtor may have against Danny Wilfong/Carl E. Smith Pipeline, Inc. The estate, pursuant to the settlement, was able to keep over $100,000 of the earnest money.

CENTRAL PIPELINE LLC > run by Jaclyn Smith, whose father is Bub Smith (brother of Eddie Smith and son of Carl Smith). Central Pipeline LLC started consulting for Carl Smith Pipeline in 2013. Central Pipeline LLC had marks to accomplish per the consulting agreement. They did not meet those thresholds in 2014 and were terminated for not meeting marks and billing issues - more notes later.

JACLYN SMITH > cousin to Beth Ann Smith > was a W2 employee - more notes later.

DONALD PAUL SMITH (BUB) > Uncle to Beth Ann Smith > was a W2 employee

RICHARD SMITH > he said there was a conflict between Pipeline and Central Pipeline. Jobs fell drastically from 2013 and they were not being run appropriately. In May of 2015, Central Pipeline was terminated. There is a termination agreement.


***VINS***

perfection of liens listed on Schedule D has been verified
03/18/16 > Lien to Branch Bank and Trust Company on Magnolia Trailers Avoided per Agreed Order
05/02/16 > Liens to Wells Fargo (#92) and TD Auto Finance LLC (#9) paid
05/12/16 > Liens to Ally and Huntington Bank paid - all but claim #102 for Asset #31 which was missing at the time of the Auction. Said vehicle was found and then sold to Ron Lane. Huntington Bank was paid on 11/01/16 for that vehicle.


***BB&T CLAIM***

From: "Ethan Massa" To: "heddy" "David Rogers" Sent: Monday, March 14, 2016 10:20:28 AM
This appears to me that they are unsecured Tennessee is a title theory state for vehicles I don't think they are perfected please let me know your thoughts, we have the titles

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Monday, March 14, 2016 2:41 PM To: Page, Alexandra
I am the Trustee in Bankruptcy for the above case in the Middle District of TN. You filed a proof of claim on behalf of BB&T re: pole trailers. A UCC-1 was filed in West Virginia and attached to your POC. In TN, a pole trailer is considered a motor vehicle and requires that BB&T's lien be noted on the title among other things. The debtor is located in TN. My job is to liquidate all unencumbered assets for the benefit of all creditors. It appears that BB&T is not perfected in the pole trailers. Please let me know BB&T's position as soon as possible because we are attempting currently to sell said assets.

On Mar 14, 2016, at 3:20 PM, Page, Alexandra <APage@BBandT.com> wrote: Mr. Rogers, Yes, I agree with your analogy… I thought having a Security Agreement and UCC will suffice the security of the collateral but as a title/s are missing it's considered non perfected lien therefore we are unsecured. We'll amend the claim to unsecured.

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Monday, March 14, 2016 4:33 PM To: Page, Alexandra
Will BB&T sign an Agreed Order avoiding its lien so I can convey the pole trailers to whoever buys them?

On Mar 14, 2016, at 3:56 PM, Page, Alexandra <APage@BBandT.com> wrote: Yes, we will. Are we going to receive most of the funds or it's going to be pool of pro rata share with other unsecureds?

From: "David Rogers" To: "Alexandra Page" Cc: "heddy", "ethan Sent: Monday, March 14, 2016 4:16:21 PM
I will draft an agreed order avoiding BB&T's lien and you will receive a pro rata share of the proceeds of

Exhibit 8

Page: 20

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

sale pursuant to the priority scheme of the bankruptcy code.

From: Page, Alexandra [mailto:APage@BBandT.com]     Sent: Wednesday, March 16, 2016 3:39 PM     To: David Rogers
Please find the executed AO.

***CATERPILLAR TRACTORS > All Caterpillar Tractors listed on Exhibit AB.47 of the original petition were leased.***

***ASSET #11 > ERROR WITHIN EXHIBIT AB.47 OF THE ORIGINAL PETITION > 1988 and 1998 International CC Trailers listed twice (check the VINs)***

***DISCREPANCIES BETWEEN EXHIBIT AB.47 (LIST IN ORIGINAL PETITION) AND MOTIONS TO SELL, MOTION TO AUCTION, AND ETHAN FEE APP > THE FOLLOWING VEHICLES WERE NEVER FOUND AND THEREFORE NOT SOLD***

1986 AM General M92 562999C52701142
2007 Dodge 2500 1D7KS28D97J547378
2013 GMC 2NK 1GTR2WE22DZ405020
2013 GMC 4NK 1GT221CG9DZ366767

From: "ethan massaestategroup"     To: "heddy" <dgrparalegal@comcast.net>     Sent: Tuesday, May 17, 2016 10:01:00 AM
I'm reviewing all the assets with Chris Lane later today to get to the bottom of the missing units.

From: "ethan massaestategroup"     To: "heddy" <dgrparalegal@comcast.net>     Sent: Tuesday, May 17, 2016 4:03:04 PM
1986 AM General M92 562999C52701142- This is a duplicate- Line 3 and line 5
2007 Dodge 2500 1D7KS28D97J547378- Still missing
2013 GMC 2NK 1GTR2WE22DZ405020- Still missing
2013 GMC 4NK 1GT221CG9DZ366767- Still missing

1973 Arrow Trailer was listed as Flat Trailer- Purchaser confirmed that it is the same trailer

***DISCREPANCIES BETWEEN EXHIBITS TO MOTIONS TO SELL, MOTION TO AUCTION, AND ETHAN FEE APP***

The Motion to Sell listed a Stump Grinder and 2 Ice Bins that were not sold. (See Email Below)
The Motion to Sell did not list 2 2013 ATV Commanders that were later found and added to the Motion to Auction.  These vehciles were sold for $5,500 a piece as per Ethan's fee app.

From: "Ethan Massa"     To: "heddy" <dgrparalegal@comcast.net>     Sent: Tuesday, May 17, 2016 11:33:18 AM
Ice bins belonged to ice company and the stump grinder belonged to a subcontractor

***DISCREPANCIES BETWEEN EXHIBIT AB.50 (LIST ON ORIGINAL PETITION) AND MOTIONS TO SELL, MOTION TO AUCTION, AND ETHAN FEE APP***

Several items listed on Exhibit AB.50 are misc tools or items on a truck or sled.  Some of the item names on Exhibit AB.50 are listed differently on Ethan's lists. Several smaller items like the field radios and mobiles could not be found.

The Trustee has split the income from the sale of machinery, vehicles, and equipment per appropriate asset. The Trustee has also created a new asset (#47) to account for all those items sold but not listed on Exhibit

Case No.: 316-00765-MFH-7

Case Name:    Pipeline Energy Group

Trustee Name:    (620060) David G. Rogers

Date Filed (f) or Converted (c):    02/05/2016 (f)

§ 341(a) Meeting Date:    03/07/2016

For Period Ending:    05/17/2018

Claims Bar Date:    05/09/2016

AB.50.

***POLICE REPORT FILED***

From: ethan.massaestategroup@comcast.net    Date: May 4, 2016 at 2:56:21 PM CDT    To: shaun.e.mccullough@wvst.com
Trooper McCullough,
Thank you for taking the time to speak with me over the weekend. I have prepared a list of the assets we have failed to locate. I was hired by the United States Bankruptcy Court Trustee for the case of Pipeline Energy Group dba Carl Smith Pipeline on February 6th 2016 for the sole purpose of locating and liquidating any and all assets of the company.  ....(BALANCE OF EMAIL NOT POSTED HERE FOR PRIVACY REASONS.)

05/04/16 > emails from Ethan that two vehciles were damaged.

From: "ethan massaestategroup"    To: "heddy"    Sent: Tuesday, January 17, 2017 10:12:45 AM
Subject: Re: David G. Rogers TIR of Sept. 30, 2016
The vehicles we reported stolen and missing were gone long before the case was filed. We attempted to recover and did recover two trailers and two four wheelers. None of the state police agencies have been very helpful. I have placed emails and phone calls regarding the theft. The issue which arise on their counts are jurisdictional as we do not know where the theft actually happened since it was done before the filing. We had discussed going back up to WV in order to pressure the local authorities to followup, and for me to check on other locations for the assets but felt that this was a futile attempt to find something that is no longer there, And a further waste of Estate funds. As the theft occurred before Wilfongs insurance went into place it would have no affect on the estate and no claim would be paid.

From: "ethan massaestategroup" <ethan.massaestategroup@comcast.net>    To: "David Rogers" <dgrtrustee@comcast.net>    Sent: Tuesday, October 10, 2017 9:34:31 AM
Nothing ever came of the police report. There are some major flaws in the filing of a report due to lack of jurisdictional knowledge and first hand accounting for assets.

***STOLEN TRUCKS INSURANCE CLAIMS***

From: "Ross Chinitz" <Ross.Chinitz@starrcompanies.com>    To: "David Rogers"    Sent: Wednesday, January 25, 2017 7:56:13 AM
.....  The General Liability and Workers Comp. policies do not cover theft. The Commercial Auto policies cover theft, but only theft of covered autos.   There two claims filed under the Commercial Auto policy, one for property damage to a vehicle that hit a guardrail, and one for a stolen truck that was found using the GPS system.

From: "Ross Chinitz" <Ross.Chinitz@starrcompanies.com>    To: "heddy"    Sent: Wednesday, January 25, 2017 1:59:53 PM
No monies were paid on the claim for the stolen truck as the insured reported that "it was a mix-up in VIN numbers and the vehicle in their fleet that they thought was stolen was not actually stolen."    With respect to the property damage claim, $105.00 was paid to Property Damage Appraisers, Inc., and $6,169.63 was paid directly to Pipeline. Both of these payments were sent out on May 21, 2015.

***INSURANCE ON EQUIPMENT/TRUCKS***

From: "Beth Ann Smith" <bethann@carlsmithpipeline.com>    To: "David Rogers"    Sent: Monday, February 22, 2016 8:30:33 AM
I received a phone call over the weekend from Danny the gentlemen interested in buying the equipment said he had put liability insurance on all of equipment assets. I thought you might want to know. I believe he shared the information with Ethan as well.
NOTE:  this insurance was maintained to end of auction sale - Danny had represented Carl Smith Pipeline

Exhibit 8

Page: 22

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Case No.:   316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

***REPORT OF NO SALE FILED JUNE 21, 2017***

From: Johnson, Leah W. (USTP) [mailto:Leah.W.Johnson@usdoj.gov]     Sent: Thursday, June 22, 2017 2:52 PM     To: dgrtrustee@comcast.net
Beth wanted me to ask you what you are planning to do about the missing assets.  Are you going to file an insurance claim?

From: "David Rogers" <dgrtrustee@comcast.net>     To: "Leah W. Johnson (USTP)" <Leah.W.Johnson@usdoj.gov>     Sent: Friday, June 23, 2017 11:40:10 AM
I found this email received early on in the case indicating that the insurance policies were cancelled by the debtor prior to the bankruptcy filing date which was 2/5/16.

From: "David Rogers" <dgrtrustee@comcast.net>     To: "Leah W. 'Johnson (USTP)'" <Leah.W.Johnson@usdoj.gov>     Sent: Friday, June 23, 2017 11:55:02 AM
I just spoke with Ethan Massa about your question below.  Keep in mind that the no sale list was mostly prepared from information on the debtor's statements and schedules.  Ethan went to WV and made a better, more current list which we have included in our Form 1.  Ethan contacted both state and county officials in an attempt to file a stolen property police report.  The problem is that we don't know when the items disappeared or where they were located.

***WILFONG ISSUES***

From: "Joyce Wilfong" <joyce@foamcoat.com>     Date: May 24, 2016 at 4:12:07 PM CDT     To: "'David Rogers'"
Please find attached the invoices for the cleanup, movement of assets, liability insurance on the assets.  I have attached the spreadsheet to show you the costs that FoamCoat incurred.  If you want individual receipts listed,  I will be more than happy to furnish them upon your request.
Erie Insurance, effective January 19, 2016 to May 2, 2016  > $7,603.50
--Downpayment, Check 1002,   $1,879.00
--Payment, Check 097,          $6,157.93
--Refund from Erie – Auto       ($820.47)
--Due to Erie on Marine Ins     $387.04

-Shinn Construction            $16,001.00
--Fairmont Yard                 $1,379.00
--Pennsboro Yard                $5,127.00
--Cambridge Yard                $9,495.00

-Braddock Construction         $31,346.80
-FoamCoat Roofing               $9,852.05
  --Includes:
      Bosley Rental  - Haul 40' Seabox
      Waste Management – Cleanup Cambridge
      Auto Plus, battery for Bus

-All-Season Sports – Can AM    $522.47

-Eddie Burl Smith               $4,000.00
--Check -89, dated April 5, 2016 for consulting fee identifying equipment and locations of equipment with Ethan and Danny.
TOTAL             $69,325.82

Mr. Wilfong made an offer in the first sale and then was unable to obtain financing.    The contract for sale with Mr. Wilfong states that "If buyer fails to perform any part of this agreement, the seller shall have the option of demanding specific performance of the contract, or rescinding this contract with the escrow money being retained by the seller".  Trustee is researching case law as to whether Mr. Wilfong's default on the contract allows the estate to keep the earnest money as liquidated damages.  Another issue with Mr. Wilfong is

Case No.: 316-00765-MFH-7

Trustee Name: (620060) David G. Rogers

Case Name: Pipeline Energy Group

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

For Period Ending: 05/17/2018

Claims Bar Date: 05/09/2016

whether his efforts cleaning up the yards, paying insurance and other costs is a valid administrative expense.

From: "David Rogers" <dgrtrustee@comcast.net>  Date: May 26, 2016 at 9:50:08 AM CDT  To: "'Joyce Wilfong'" It appears to me that the only expense below that benefitted the bankruptcy estate was payment of insurance.  Most of the expenses you identify appear to be freight cost to move the vehicles, trailers, equipment and machinery to another location.     The contract you signed states that "If Buyer fails to perform any part of this agreement, the Seller shall have the option of demanding specific performance of the contract, or rescinding this contract with the escrow money being retained by the Seller".     Please identify expenses that benefitted the estate other than the insurance.

From: David Rogers [mailto:dgrtrustee@comcast.net]  Sent: Thursday, June 02, 2016 1:57 PM  To: 'Joyce Wilfong'
I haven't heard from you regarding my email below.  Therefore, I drafted an Agreed Order attached resolving any claim you or CESP, Inc. would have on the estate.  If you are in agreement, please mail a signed copy to me.  You will notice that I allowed a $10,000 administrative expense claim because the insurance cost and cleaning up the yards are the only expenses that I see that are reimbursable.  Again, your freight costs, I assume, were to move assets to your location.

RESOLUTION:  Adversary case 3:16-ap-90176. Complaint by David G. Rogers against Danny Wilfong, Carl E. Smith Pipeline, Inc..  07/25/16 > Trustee entered into an AO whereby Danny Wilfong received $10,000 as an admin expense and the estate kept the balance of his earnest money re: sale of assets.


***REVIEW BANK STATEMENTS/PREFERENCE ANALYSIS ***

NOTE: Received all Bank of Princeton statements for 2015 to close of business - may need to get additional bank statements - Subpoena sent.  Trustee is waiting until after the 2004 Deposition of Beth Ann Smith before pursuing any further action regarding Bank of Princeton bank statements and copies of checks.  (We received all Bank of Princeton bank statements.)
NOTE:  May still need additional bank statements and checks from BB&T - Subpoena sent - bank statements and check images received on CD.
RESOLUTION:  Trustee has hired a bookkeeper to do a solvency analysis (Suzanne Fennell).
RESULTS:  Insolvency occured in December of 2014 per bookkeeper's analysis

More notes - preferences below.


***PREFERENCE REVIEW EMAILS***

From: David Rogers [mailto:dgrtrustee@comcast.net]  Sent: Wednesday, April 20, 2016 3:38 PM  To: Dylan Trache
I cannot find all of the transfers your client listed on the SOFA on the attached spreadsheet.  What am I missing?  Were some of the transfers written from a difference bank account?

From: Dylan Trache <dylan.trache@nelsonmullins.com>  Date: April 20, 2016 at 4:11:47 PM CDT  To: David Rogers
I have been corresponding with Protiviti regarding this request.  They pointed out that many of the transactions on SOFA 4 are gross payroll amounts that were remitted to the payroll processor for direct deposit and therefore cannot be individually traced back to a bank statement.  It seems that you would need the payroll records to verify those amounts.

From: David Rogers [mailto:dgrtrustee@comcast.net]  Sent: Thursday, April 21, 2016 10:25 AM  To: Dylan Trache
I am not as interested in Question 4 as Question 3.  I don't believe the 90 day payments match up to the spreadsheet.  I think Beth Ann testified that the BB&T account was primarily used for payroll except that it was used from 10/15 to 2/16 for paying bills as well.

From: "Dylan Trache" <dylan.trache@nelsonmullins.com>  To: "David Rogers"  Sent: Thursday, April 21,

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

Your recollection is consistent with mine. It's my understanding that she began to use the payroll account to pay bills sometime in the Fall. Could you give me an example? I compared the spreadsheet and the Schedule 3 and thought that all the payments were all there. According to the spreadsheet, the only payments that came out of different accounts were the 11/16/15 bank fee of $36 and the Boyle CD draw.

***PREFERENCE LETTERS***

05/11/16 > preference letters sent to eight creditors
Badcat Design for $6,000
Blanche Harrison for $12,544
BlueCore Technologies for $7,100.73
Gess Mattingly & Atchison for $3,671.20
Goodwin & Goodwin LLP for $5,000
Monte Pratt for $191,449.86 > Motion for Compromise and Settlement dated 09/12/16 > settled for $5,000 plus a waiver of claim #37
Nicholas Clegg for $8,223.51
Spielman Koenigsburg & Parker LLC for $40,000

Preferences pursued described below, i.e. some preferences settled without sending letters.

***POTENTIAL PREFERENCE/FC TRANSFER TO TORKELSEN, DRAGOON AND PRATT***

04/18/16 > 2004 exam of Torkelsen conducted - late filed exhibits will be pursued
7/18/16 - Trustee/Suzanne Fennell reviewed the flash drive of John Torkelsen computer
11/8/16 - AP filed v. Dragoon Capital LLC
02/06/17 > Order Granting Trustee's Motion for Compromise and Settlement with Dragoon Capital LLC for $9,000.

***POTENTIAL AP V. DONALD/EDDIE/JACLYN SMITH/CENTRAL PIPELINE***

Trustee has reviewed the Consulting Agreement with CP and other emails/documentation related thereto. Alix Cross took 2004 exam of Jaclyn Smith and determined there are no adversary proceedings of the estate against her.

***POTENTIAL AP V. WILEY REIN***

07/18/16 > Motion and Notice for Compromise and Settlement with Wiley Rein LLP for the sum of $25,000
08/12/16 > Order Granting Trustee's Motion for Compromise and Settlement with Wiley Rein LLP for the sum of $25,000.

***POTENTIAL AP V. PRESIDENTIAL > Alix Cross determined no adversary proceeding v. Presidential***

***POTENTIAL AP V. GOODWIN AND GOODWIN***

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Thursday, December 08, 2016 1:50 PM     To: David Fenwick
Please email your firm's ledger for all payments received in 2015 and 2016.

From: David Fenwick [mailto:jdf@goodwingoodwin.com]     Sent: Thursday, December 08, 2016 3:37 PM To: 'David Rogers'
Attached is account history showing our work and payments received on the 5 accounts in which we represented this client over 2014-2016. As you can see, we received no payments from Pipeline after January 2015 other than the $5,000 payment in Brinke Enterprise. As I am providing this documentation

Case No.: 316-00765-MFH-7                    Trustee Name:  (620060) David G. Rogers

Case Name:  Pipeline Energy Group          Date Filed (f) or Converted (c):  02/05/2016 (f)

§ 341(a) Meeting Date:  03/07/2016

For Period Ending:  05/17/2018              Claims Bar Date:  05/09/2016

voluntarily, I am submitting this Ledger Report with the condition and expectation that it be treated confidentially.

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Monday, December 12, 2016 11:27 AM     To: David Fenwick
Please confirm that the last payment (other than the $5000 received in January 2016) your firm received was in January 2015.

RESPONSE:  That is correct-January 26, 2015 to be specific.
TRUSTEE NOTE:  There is not a preference action against Goodwin and Goodwin.


***POTENTIAL AP V. PROTIVITI***

I have not received copies of invoices and, with respect to work product, I, as trustee for Pipeline Energy Group, have all of the rights that the debtor had pre-petition including waiver of privilege.

If Protiviti is relying on 547(c)(2)(B), your client must provide "payment practices of its industry with specificity, and present specific data to support its characterization," especially in cases "where the parties have not dealt extensively with one another in the past." Carrier Corp. v. Buckley (In re Globe Mfg. Corp.), 567 F.3d 1291, 1299 (11th Cir.2009).

If Protiviti is relying upon 547(c)(2)(A), your client must provide documentation , "including timing, the amount and manner a transaction was paid and the circumstances under which the transfer was made." Yurika Foods Corp. v. UPS (In re Yurika Foods Corp.), 888 F.2d 42, 45 (6th Cir.1989).

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Wednesday, March 30, 2016 3:43 PM     To: Dylan Trache
I was listening to the MOC tape and you were going to get me some other cases where FTI was employed, i.e. compare with Protiviti.

From: David Rogers     Sent: Tuesday, December 06, 2016 2:25 PM     To: Dylan Trache; James Haltom
I have finally  had an opportunity to review the other cases above and have the following questions:

1.      The PEG contract with Protiviti doesn't provide for valuation or inventory services or mashalling of assets or resolving disputes with creditors or resolving short term management issues or key employment compensation like the other cases you provided;
2.      I would like to know if any of the other cases you have cited involved work on a prospective Chapter 11 that was filed as a 7;
3.      It appears that some of the cases you include contemplate services in a Chapter 11 proceeding, i.e. creation of plan/unsecured creditor committee meetings, etc.;
4.      Please provide total fees paid in the cases you include and the results obtained;
5.      Please provide all proof of all defenses to a potential preference;
6.      Remind me the payments Protiviti received with dates;
7.      I am going to need to see Protiviti's work product for PEG.

From: Dylan Trache [mailto:dylan.trache@nelsonmullins.com]     Sent: Wednesday, December 07, 2016 9:02 AM     To: David Rogers <dgrtrustee@comcast.net>; James Haltom <james.haltom@nelsonmullins.com>
Cc: heddy bernstein <heddyb@bellsouth.net>; Patrick, Robert (10450) <robert.patrick@protiviti.com>
David-
I have asked Protiviti to put this information together.

From: Dylan Trache     Sent: Thursday, April 07, 2016 3:38 PM     To: David Rogers     Cc: Patrick, Robert
David-
Attached are 3 Chapter 11 cases in the energy industry that employed financial advisors comparable to Protiviti.  I did not pull an FTI application because upon reflection, FTI is so much larger that its rates are likely going to be much higher.  But, if you really want an FTI application, I will find one.

I've also attached Protiviti's engagement letter for PEG which shows how they discounted the rates.  I have

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**For Period Ending:** 05/17/2018

**Claims Bar Date:** 05/09/2016

copied Rob Patrick from Protiviti on this email in the event you need to speak with him directly or obtain additional information. He can also be reached at 410.454.6832.

From: David Rogers  Sent: Wednesday, January 18, 2017 11:54 AM  To: Dylan Trache; James Haltom 'Alix Cross'; 'Patrick, Robert Dylan:
I need to know if your firm represents Protiviti because I emailed Mr. Patrick and requested again (prior to any phone calls) the documentation below. To date, I have not received same. A telephone call will not be productive until after I have reviewed the documentation.

In addition to the documentation requested below, I need the following:
1.     How many Protiviti employees worked on the PEG project?
2.     Please provide any and all invoices related to the PEG project.
3.     Please provide the dates that Protiviti employees worked on this project.
4.     I will need to see summaries or final reports re: evidence of analysis of why Protiviti believed PEG was not a candidate for Chapter 11.

From: Dylan Trache  Sent: Wednesday, January 18, 2017 4:04 PM  To: David Rogers; James Haltom <james.haltom@nelsonmullins.com>  Cc: 'Alix Cross' <alix.cross@kleinbussell.com>; Patrick, Robert <robert.patrick@protiviti.com>; Jason Gold <jason.gold@nelsonmullins.com>
David-
Our firm does not represent Protiviti, but I am happy to help to the extent I can. It seems that the invoices would have the answers to 1 - 3. With respect to number 4, there were many iterations of a bankruptcy cash flow forecasts as well as other information prepared by Protiviti. Several possible "white knight" investors who were interested in financing a chapter 11 case and buying the company pulled out after due diligence. Once the investors pulled out, with no projects and with insufficient funds available to bid on or complete any jobs, the decision was made to file the case as a chapter 7.

From: Patrick, Robert (10450) [mailto:robert.patrick@protiviti.com]  Sent: Wednesday, January 18, 2017 3:47 PM
To: Dylan Trache <dylan.trache@nelsonmullins.com>; David Rogers <dgrtrustee@comcast.net>; James Haltom <james.haltom@nelsonmullins.com>  Cc: 'Alix Cross' <alix.cross@kleinbussell.com>; Jason Gold <jason.gold@nelsonmullins.com>; Henderson, Natalie (HQM) <natalie.henderson@roberthalf.com>
Nelson Mullins is not representing Protiviti. Please direct future correspondence to our corporate counsel - Natalie Henderson. She is cc:'ed on this email.
Robert L. Patrick

From: David Rogers [mailto:dgrtrustee@comcast.net]  Sent: Friday, January 20, 2017 7:27 AM  To: Henderson, Natalie (HQM)
I need the answers to the questions below re: potential preference. Mr. Patrick instructed to contact you.

From: Henderson, Natalie [mailto:natalie.henderson@roberthalf.com]  Sent: Friday, January 20, 2017 6:49 PM  To: David Rogers
Mr. Rogers: It's my understanding that you have already received copies of our invoices and Mr. Patrick has explained in his correspondence why we believe there is no basis for a preference claim. With respect to your request #4, the Company does not release its work product to third parties and those documents would not seem relevant to determining a preference claim in any case.

RESULT:  settled potential AP with Protiviti


\*\*\*ACCOUNTS RECEIVABLES > the main A/R is Eureka (see further notes) - Beth Ann Smith testified that PEG owes Eureka more than any claim against Eureka because PEG didn't pay subs\*\*\*


\*\*\*CRESTWOOD (AND EAST COAST)\*\*\*

Crestwood owned right of way land re: PEG project. A subcontractor was fired from the project and East Coast filed a suit against both Crestwood and Pipeline. The Pipeline lawyers (Wiley Rein) represented both Crestwood and Pipeline. Crestwood required an escrow account to be set up. 2 Million Dollars was set

UST Form 101-7-TDR ( 10 /1/2010)

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit 8
Page: 27

**Case No.:**  316-00765-MFH-7

**Case Name:**  Pipeline Energy Group

**For Period Ending:**  05/17/2018

**Trustee Name:**  (620060) David G. Rogers

**Date Filed (f) or Converted (c):**  02/05/2016 (f)

**§ 341(a) Meeting Date:**  03/07/2016

**Claims Bar Date:**  05/09/2016

aside in 2013 towards the settlement of the lawsuit.  Once Crestwood was dropped from the lawsuit, the escrow account was no longer needed.  The lawsuit was settled and payments made from the 2 Million.  Wiley Rein paid themselves from the balance of the funds for other work owed to them.

From: Smith, Richard [mailto:rwsmith@wileyrein.com]     Sent: Wednesday, April 27, 2016 11:43 AM     To: David Rogers (dgrtrustee@comcast.net); Beth Ann Smith - Carl Smith Pipeline (bethann@carlsmithpipeline.com); Jason Gold
Cc: 'Jeff Vollmer (wjv@goodwingoodwin.com)'
David, Beth Ann, and Jason:
I write to follow up on the East Coast matter.
Beth Ann Smith and David Rogers have both previously authorized us to withdraw.   Before we may withdraw, we (Wiley Rein and local counsel Goodwin & Goodwin) are required to provide additional written notice.

As you know, the East Coast matter is in two parts.  Part 1 is the arbitration pending with AAA.  Part 2 is the still pending action in the state court.  There, the WV Trial Court Rules have specific notification requirements that must be satisfied before a motion to withdraw will be granted.

Rule 4.03 states:
No attorney who has entered an appearance in any civil or criminal action shall withdraw the appearance or have it stricken from the record, except by order.  Such approval shall rest in the sound discretion of the court, but shall not be granted until the attorney seeking to withdraw has made reasonable effort to give actual notice to the client:  (1) that the attorney wishes to withdraw; (2) that the court retains jurisdiction; (3) that the client has the burden of keeping the court informed where notice, pleadings, or other papers may be served; (4) that the client has the obligation of preparing for trial or hiring other counsel to prepare for trial when the trial date has been set; (5) that if the client fails or refuses to meet these burdens, the client may suffer possible default; (6) that the dates of any proceedings, including trial, and the holding of any such proceedings will not be affected by the withdrawal of any counsel; (7) that service of process may be made upon the client at the client's last known address; and (8) of the client's right to object immediately to the attorney's intent to withdraw.  The attorney seeking to withdraw shall prepare a written notification certificate stating the above notification requirements have been met, the manner by which such notification was given, and setting forth the client's last known address and telephone number.

Given the above requirement, please let this writing serve as the required actual written notice of the following:
1.       That Wiley Rein and Goodwin & Goodwin wish to withdraw from the East Coast Underground LLC litigation
2.       That proceedings continue before both the AAA and in the Circuit Court of Harrison County, West Virginia (Civ. Action No. 13-C-477-3), where both the AAA and the Court retain jurisdiction, to the full extent authorized by law.
3.       That you have the burden of keeping AAA and the Court informed where notice, pleadings, or other papers may be served, to the extent required by law.
4.       That you have the obligation of preparing for trial or hiring other counsel to prepare for trial (or arbitration) when (or if) the trial or arbitration date is set.
5.       That if you fail or refuse to meet these burdens, you may suffer possible default, if authorized by law.
6.       That the dates of any proceedings, including trial, and the holding of any such proceedings will not be affected by the withdrawal of any counsel.
7.       That service of process may be made upon you at you last known address; and
8.       That you have the right to object immediately our intent to withdraw.

If you object, kindly let me know at your earliest convenience.  If we do not receive an objection by noon ET on Friday, April 29, then we will assume your prior approval stands and will file our withdrawal requests and notices.

From: Jason Gold [mailto:jason.gold@nelsonmullins.com]     Sent: Wednesday, April 27, 2016 12:36 PM
To: Smith, Richard <rwsmith@wileyrein.com>  Cc: Beth Ann Smith - Carl Smith Pipeline (bethann@carlsmithpipeline.com) <bethann@carlsmithpipeline.com>; 'Jeff Vollmer (wjv@goodwingoodwin.com)' <wjv@goodwingoodwin.com>; 'David Rogers (dgrtrustee@comcast.net)'

**Case No.:** 316-00765-MFH-7

**Trustee Name:** (620060) David G. Rogers

**Case Name:** Pipeline Energy Group

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**For Period Ending:** 05/17/2018

**Claims Bar Date:** 05/09/2016

Dylan Trache <dylan.trache@nelsonmullins.com>
Richard - Just to confirm: Nelson Mullins represents the debtor Pipeline Energy Group, Inc. and only in connection with its chapter 7 case. All litigation against the debtor is stayed pursuant to 11 USC 362. Thanks.

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Wednesday, April 27, 2016 3:33 PM     To: 'Jason Gold'; Smith, Richard
Cc: 'Beth Ann Smith - Carl Smith Pipeline'; 'Jeff Vollmer'; 'Dylan Trache'
It is my understanding that the litigation you reference below has no financial benefit to the PEG bankruptcy estate.

From: Smith, Richard [mailto:rwsmith@wileyrein.com]     Sent: Wednesday, April 27, 2016 5:01 PM     To: David Rogers <dgrtrustee@comcast.net>; 'Jason Gold' <jason.gold@nelsonmullins.com> Cc: 'Beth Ann Smith - Carl Smith Pipeline' <bethann@carlsmithpipeline.com>; 'Jeff Vollmer' <wjv@goodwingoodwin.com>; 'Dylan Trache' <dylan.trache@nelsonmullins.com>
David and Jason: In separate discussions, both of you and Beth Ann have told us we may withdraw from these proceedings. We now have provided the required notice and see that neither of you object. We will file our withdrawal as soon as possible.

On Apr 28, 2016, at 9:35 AM, David Rogers <dgrtrustee@comcast.net> wrote: Richard/Jason: Please confirm that there is likely no benefit to the PEG estate from the East Coast matter.

From: Smith, Richard [mailto:rwsmith@wileyrein.com]     Sent: Thursday, April 28, 2016 9:31 AM     To: David Rogers  Cc: Jason Gold
I believe that is likely accurate after all competing claims are considered. We have not made an affirmative claim, and our position was that the parties had settled the matter prior to litigation. We had not yet begun any discovery, so I cannot give you more assurance than that.

6/9/13 emails David Houston - E/C POC
David- Here is some additional information in response to your questions today that I was able to pull out of the documents:
1.  You asked for additional information on Invoice #572 which shows charges for $252,800 (Meathouse Fork Bore) and $56,000 (Rock Adder). This invoice and these amounts are not included in the claim calculation. You will see a note beside those amounts saying that these were for half of the job, an invoice was sent but never paid. The full amount was included in invoice #576 which is included in the claim and this is the invoice that you noted contained the additional details you wanted to see.
2.  $100,000 mobilization charges. You wanted further information about how many men were utilized and also for back-up that Pipeline had paid this amount for other mobilization charges. I am inquiring with our client about the number of men. As to previous payments of this amount by Pipeline, please look at invoice 568 which was paid by Pipeline. This information is attached to the proof of claim. Further, I would ask that you review Mr. Pritts affidavit which provides additional information on the mobilization charges and issues with the Meathouse road mobilization.
3.  $370,000 for the Vacuum Truck- The contract includes $5,000 per day for the vacuum truck. The invoice shows that the truck was on site for 74 days (5/8-7/20). Our addendum mistakenly shows the dates as 5/8-6/20 but the invoice shows otherwise. Based on my read of the contract, the vacuum truck should only be brought in if it is needed for the job. I will see what additional information I can find about how the truck was utilized.

There are not actions of the estate against in the Crestwood/East Coast matter.


***PENDING ACTIVITY NUMBER 13 > CHAPTER 11 MAGNUM HUNTER ***

NOTE: Chapter 11 Magnum Hunter - Eureka attorney says Eureka is not a subsidiary of Magnum Hunter - no POC necessary.

Magnum Hunter is the parent company to Eureka Hunter. Magnum is presently in a Chapter 11 bankruptcy. Eurika Hunter had no financial issues. Pipeline was doing two projects for Eureka Hunter. The first was Dusca and that job was completed on time but the employees did not get paid. The second job was Route

Exhibit 8

Page: 29

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Case No.:   316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

50.  Pipeline ran out of money and was unable to complete this project.  They did not invoice Eureka for work done because Eureka had already told Pipeline that they would not pay Pipeline until the Bobcat employees were paid and the Route 50 job was completed.  There is likely 1.2 Million Dollars in receivables but the unpaid salaries would come close to balancing that out.

From: "Beth Ann Smith" <bethann@carlsmithpipeline.com>   To: "David Rogers"   Sent: Tuesday, February 16, 2016 2:33:05 PM
Subject: Eureka Hunter/Magnum Hunter Contract PO > Contract for project not completed.
We completed 80% of purchase order and were only paid a fraction due to not paying our subcontractors.
See attached letter holding remaining money.


***NEWMAN TRACTOR AND MOOREHEAD BROTHERS MATTER***

From: Smith, Richard [mailto:rwsmith@wileyrein.com]   Sent: Wednesday, April 13, 2016 10:39 AM   To: David Rogers <dgrtrustee@comcast.net>
Are you equally comfortable with our withdrawing from the other various litigations?  The two in particular I have in mind are Newman Tractor (where my appearance was entered without my consent or approval by our local counsel who promptly withdrew) and Moorehead (which is the 6th Circuit appeal).  In both matters, the Court has asked for periodic status reports.

From: David Rogers [mailto:dgrtrustee@comcast.net]   Sent: Wednesday, April 13, 2016 12:26 PM   To: Smith, Richard
Will either of the two other cases produce money for the bankruptcy estate?

From: Smith, Richard [mailto:rwsmith@wileyrein.com]   Sent: Wednesday, April 13, 2016 11:28 AM   To: David Rogers <dgrtrustee@comcast.net>
Not that I can possibly foresee.

From: David Rogers [mailto:dgrtrustee@comcast.net]   Sent: Wednesday, April 13, 2016 12:29 PM   To: Smith, Richard <rwsmith@wileyrein.com>
Then I am good for your firm to withdraw.

From: Smith, Richard [mailto:rwsmith@wileyrein.com]   Sent: Friday, June 23, 2017 12:52 PM   To: David Rogers <dgrtrustee@comcast.net>
I am doing some housekeeping today.  I have filed the attached withdrawal in the Newman Tractor matter in the Eastern District of Kentucky.   The Court has stayed the action, but recently asked for a status report, which I have included as well.
The other action we discussed last year (see below) was the Moorehead Brothers matter (the 6th Circuit appeal).  I know Wiley Rein has approval from you to withdraw, may I have your explicit approval as to local counsel withdrawing as well?

From: David Rogers [mailto:dgrtrustee@comcast.net]   Sent: Friday, July 7, 2017 10:56 AM   To: Smith, Richard <rwsmith@wileyrein.com>
It appears that PEG is a Defendant in the Newman Tractor matter, right?
Is PEG a Defendant in the Moorehead matter?
Is there a possibility that PEG would receive money in either?

From: Smith, Richard [mailto:rwsmith@wileyrein.com]   Sent: Friday, July 07, 2017 10:01 AM   To: David Rogers <dgrtrustee@comcast.net>
Both of these are cases in which PEG was a defendant, where the plaintiffs have filed claims that have been allowed in full in the bankruptcy, and where PEG has made no affirmative claims.  The Newman Tractor case never really started before the bankruptcy petition was filed.  In Moorehead, we filed a motion to dismiss in favor of arbitration which was denied, so we filed an interlocutory appeal.  That appeal was suspended by the bankruptcy petition.

In both cases, we have been ordered to file periodic reports, but have no interest in doing so.  You have previously authorized Wiley Rein's withdrawal, and we have filed the withdrawal for the Newman Tractor case, but we need approval for local counsel to also withdraw in Moorehead.

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

---

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Friday, July 7, 2017 11:03 AM To: Smith, Richard <rwsmith@wileyrein.com>
So, there is no potential recovery for the PEG bankruptcy estate?
Did you review my motion to allow/disallow claims?

From: "Richard Smith" <rwsmith@wileyrein.com> To: "David Rogers" <dgrtrustee@comcast.net> Cc: "heddy" <dgrparalegal@comcast.net>
I am not aware of any potential for recovery.
I did take a look at the motion and believe both of these claims were listed.

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Friday, July 7, 2017 11:25 AM To: Smith, Richard <rwsmith@wileyrein.com>
I am good with you withdrawing in both cases since there is no recovery to the estate.

***INTELLECTUAL PROPERTY***

From: Alix Cross [mailto:alix.cross@kleinbussell.com] Sent: Tuesday, May 17, 2016 10:01 AM To: David Rogers
I could not find any federal trademark for Carl Smith Pipeline.

From: David Rogers [mailto:dgrtrustee@comcast.net] Sent: Tuesday, May 17, 2016 11:27 AM To: Alix Cross
Maybe try Pipeline Energy Group, Inc.

From: Alix Cross <alix.cross@kleinbussell.com> Date: May 17, 2016 at 11:31:53 AM CDT To: David Rogers
That doesn't show up either.

***EUREKA HUNTER PROJECT***

Last project of the debtor - never completed per Beth Ann Smith's 2004 exam

***POTENTIAL RITCHIE BROS AUCTIONEERS REFUND***

01/19/17 > email received of a potential refund due from Ritchie Brothers Auctioneers. Paralegal emailed Michele Zmiewski of Ritchie Brothers Auctioneers to request turnover of funds.

01/20/17 > TC with Michele. Refund due on something purchased by Pipeline. We should be receiving a check shortly.

02/02/17 > check received for $204.09

***TAXES > W2s and 1099s***

NOTE FROM MofC: The books have been closed out but the 2015 tax returns have not been filed. Beth Ann Smith testified that all 2015 W-2s have been sent to employees and all payroll tax returns are current.

From: Beth Ann Smith [mailto:bethann@carlsmithpipeline.com] Sent: Tuesday, February 23, 2016 3:54 PM
... We had a few come back in the mail that I had given you when we were at the office. Unfortunately it's not unlikely for these employees to move several times during the year. It can sometimes be very difficult to keep up with current addresses.

From: <ethan.massaestategroup@comcast.net> To: "David Rogers" Sent: Tuesday, February 23, 2016

Case No.: 316-00765-MFH-7

Case Name: Pipeline Energy Group

Trustee Name: (620060) David G. Rogers

Date Filed (f) or Converted (c): 02/05/2016 (f)

§ 341(a) Meeting Date: 03/07/2016

For Period Ending: 05/17/2018

Claims Bar Date: 05/09/2016

The employees are concerned that they received their 2015 w2's on 2014 forms, several voicemails to this effect.

***TAXES > STATE AND FEDERAL***

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Wednesday, February 10, 2016 2:55 PM
To: Alan Smith
I was appointed this week in the case above, the largest I have had in a while.  There will be cash from a CD, trucks and equipment to liquidate (I will ask for basis documentation), a potential lawsuit against a former partner, an insurance refund, so far.  Any other documentation for tax purposes?  I will get previous tax returns.

From: "Alan Smith" <asmith@lsscpa.com>     To: "David Rogers"     Sent: Thursday, February 11, 2016 11:05:42 AM
Re the documentation to request, the preliminary requests follow:
1.      Physical assets:  yes we will need basis documentation, which all will probably be included in the most recent tax depreciation schedule available, probably depreciation deducted on the most recent tax return filed.
2.      What type of tax entity is it? I should be able to tell from the form used for the most recent tax return.
3.      What kind of recovery (nature/source of proceeds) will be involved - eg., fraud or theft. Recovery of loans to the former partner, etc.?
4.      What is the type of insurance policy related to the funds received - property, life/annuities, or other? Where the related premiums deducted/expensed on a related tax return?

From: "Alan Smith" <asmith@lsscpa.com>     To: "heddy" et al     Sent: Friday, February 12, 2016 10:26:14 AM
Can you send me a copy of the petition asap? I am hoping to see what type of entity it is re tax purposes - eg., C-Corp, S-Corp, LLC,  etc. - so I will have an idea of which tax form was used.   Also, copies of forms re David being appointed and of us being hired? I might need them if the NY CPA asked for them.     I was hoping to review this information before trying to contact him asap today.

From: "heddy"     To: "Alan Smith" <asmith@lsscpa.com> et al     Sent: Friday, February 12, 2016 11:46:03 AM
Statements and Schedules have not been filed to date.  When I see them, I'll get them to you.     There is no form for David's appointment but I have attached the Pacer Docket sheet which shows the bankruptcy filing (#1) and his appointment as Trustee (#3).  It also shows your application to be employed (#12). I have attached that motion as well. I can submit an order to be signed on March 4 and, hopefully, it will be signed before the 9th.

From: Krauss, Daniel [mailto:dkrauss@skpny.com]     Sent: Monday, February 15, 2016 5:02 PM     To: Alan Smith
Our firm recently received a request from Nelson Mullins (representing Pipeline Energy Group Inc. in this case) to provide copies of tax returns for the last three years that were filed. We mailed a CD with the applicable returns to their Nashville office last week. They should be able to provide you with a copy. Pipeline Energy Group Inc. does not have any current NOL's that can be carried back for federal purposes. A copy of the NOL carryback that our firm prepared is included on the CD that was provided to Nelson Mullins. As far as payroll returns are concerned our accounting firm never prepared nor did we oversee the preparation of payroll tax returns for Pipeline Energy Group Inc. These services were provided by FoundationSoft through their payroll software, Payroll4Construction.

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Thursday, February 18, 2016 10:35 AM     To: Alan Smith
The above debtor listed a potential tax refund from WV dept. revenue on the petition in the amount of $36,900.

From: "Alan Smith" <asmith@lsscpa.com>     To: "David Rogers"     Sent: Thursday, February 18, 2016 4:45:43 PM
I found the $36,900 refund amount on the 2nd page of their WV return, Form SPF-120, Line 33 dated

UST Form 101-7-TDR ( 10 /1/2010)

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit 8

Page: 32

**Case No.:**  316-00765-MFH-7

**Case Name:**  Pipeline Energy Group

**For Period Ending:**  05/17/2018

**Trustee Name:**  (620060) David G. Rogers

**Date Filed (f) or Converted (c):**  02/05/2016 (f)

**§ 341(a) Meeting Date:**  03/07/2016

**Claims Bar Date:**  05/09/2016

09/12/2014); in addition, on that same page, just below Line 38, the "Direct Deposit or Refund" is indicated by an "X" in the "checking" box (account details are also listed). So, I think that you need to check the details of this account to confirm that the refund was received after 09/14/14 (probably within 6-12 weeks). (PRESENTLY UNABLE TO CONFIRM - DO NOT HAVE BANK STATEMENTS FOR THAT TIME PERIOD)

NOTE: State Tax Returns were never completed for 2014 (per email from Beth Ann on 02/02/16)

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Thursday, May 05, 2016 11:11 AM    To: Alan Smith
I took the deposition of one of the principals of PEG and he testified that there were large losses in 2014.

From: Alan Smith [mailto:asmith@lsscpa.com]    Sent: Thursday, May 05, 2016 12:32 PM    To: David Rogers
I just looked again at the copies of the tax returns we have in our files and I see that the 2014 return has NOL's detailed in Statement 5, as follows: the original NOL for 2014 was $10,711K of which $2,350K was used (I have not looked for the documenting any refund generated by the use of the $2,350K) and $8,361K was carried over to 2015, which info does seem to corroborate the info you mention below.

From: David Rogers    Sent: Thursday, May 05, 2016 12:48 PM    To: Alan Smith    Cc: Michael A. Burchett;
Have you obtained previous year tax returns?

From: Alan Smith    Sent: Thursday, May 05, 2016 12:55 PM    To: David Rogers    Cc: Michael A. Burchett
I have copies of the 2012, 2013 and 2014 federal returns prepared by the NY CPA. Do you need me to send copies of them to you?

From: David Rogers    Sent: Thursday, May 05, 2016 1:04 PM    To: Alan Smith    Cc: Michael A. Burchett
I don't need copies.  I just want to make sure all potential NOLs are covered.

From: Alan Smith    Sent: Thursday, May 05, 2016 1:51 PM    To: David Rogers    Cc: Michael A. Burchett
OK, I do understand and I also strongly share your desire to recover all net refunds that are available based upon information known to us, if economically feasible (costs do not exceed benefits). I believe that I have responded at least once, and maybe twice, already that we have extended our best efforts to do so; however, apparently my communication skills are poor. In an effort to better communicate and to document my current understanding, I render the following statement re the PEG case: "To the best of my understanding based upon the documentation furnished by and/or discussed with the Trustee, there are no potential refunds available from any additional NOL's in the PEG case." Of course, I have assumed that your disposition of the PEG principal did not uncover any specific details about the "large losses in 2014", which wording is relatively generic. If I have misinterpreted this situation, please correct me.

Still, this statement should not be construed as a guarantee and I will be happy to evaluate any additional info or "leads" that you may discover. Please let me know if there is any additional assistance that you may need info that you need for your files at this case. I do realize that you are just trying to be thorough and I do want to help in your efforts.

From: David Rogers    Sent: Thursday, May 05, 2016 2:14 PM    To: Alan Smith    Cc: Michael A. Burchett
We have sold machinery, equipment, trailers and vehicles in 2016.  Would the old CPA have basis documentation?

From: Alan Smith    Sent: Thursday, May 05, 2016 2:21 PM    To: 'David Rogers'    Cc: Michael A. Burchett
He did have them and I already have copies of the 2014 depreciation schedules in my files.

From: Alan Smith [mailto:asmith@lsscpa.com]    Sent: Thursday, May 05, 2016 2:35 PM    To: David Rogers
This question may be somewhat premature, but what year are you planning on closing this case?    Please send an updated Form 2 and we will try to estimate the gain or loss on the sale of equipment, unless you have sent one in the last week or two.

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Thursday, May 05, 2016 3:01 PM    To: Alan Smith
I don't need an answer soon.  I still have lawsuits to file.  I just wondered when we could do a 2016 short

Case No.: 316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

year tax return.     The case will not be closed until, at the earliest, 2017.

From: Alan Smith     Sent: Thursday, May 05, 2016 3:06 PM   To: David Rogers     Cc: Michael A. Burchett
OK. In general, I believe that we can elect to file a short year tax return just about any time prior to the official fiscal year end, but I will look it up sometime soon and follow-up with you.

5/19/16 - Trustee and Paralegal met with CPAs - it was decided not to do a short year tax return because there may be additional monies received  in 2016.  CPAs will finish 2015 Pipeline Energy Group federal tax return and file.  The CPAs also are going to update state tax returns that have not been filed to date.  The CPA has requested the Trustee review the depreciation schedule provided and match vehicles sold to those listed on the tax return.

From: Michael A. Burchett     Sent: Thursday, May 19, 2016 5:25 PM   To: Alan Smith
To summarize our conversation (re: 2015 taxes) after our meeting with Trustee Rogers and Heddy this morning:  We both understood that David stated the following:  Spielman Koenigsberg & Parker, LLP (the Manhattan CPA firm) prepared the PEG 2015 Form 1120 federal tax return and forwarded this return to Beth Ann Smith in exchange for $40,000.  Nothing, however, was stated regarding whether this 2015 Form 1120, if it indeed exists, was filed with the IRS.
We also came away with the understanding that, no matter what the situation is, no 2015 state tax returns were filed for Ohio or West Virginia.
1)     Did Beth Ann in fact receive the PEG 2015 Form 1120 from Spielman?  Has she filed the return with the IRS?  We believe that, if Beth Ann did receive a copy, we need David Rogers to provide us with a copy.
2)     Were any 2015 state tax returns filed?  If so, we need copies of these returns.

From: Michael A. Burchett     Sent: Thursday, July 07, 2016 9:59 AM   To: Alan Smith
Please find attached the cover sheet and federal Form 7004 Automatic Extension of Time to File for PEG.  Melissa completed and filed these forms on March 14, 2016.  Pipeline's 2015 federal tax return deadline is extended to September 15, 2016.

From: Michael A. Burchett     Sent: Thursday, July 28, 2016 4:26 PM   To: Alan Smith   Cc: Melissa Bowers
Subject: PEG (#6324) -- IRS Transcripts for 2013 & 2014 Tax Years
To summarize our meeting with Melissa Bowers and our review of the IRS transcripts concerning the 2013 and 2014 tax years for Pipeline Energy Group (see marked up file by MAS, attached).        The transcripts seem to indicate that the date of the Spielman Koenigsberg & Parker, LLP, cover letter that was submitted to us (Feb. 9, 2016) is a red herring due to the following dates/history:
PEG's 2013 Form 1120 tax return was filed with the IRS on October 13, 2014.
PEG's 2014 Form 1120 tax return was filed with the IRS on June 29, 2015.
The 2014 Form 1139 (Corporate Application for Tentative Refund for the year ended December 31, 2014) proposed a $724,887 refund of tax payments for the 2013 tax year.
The IRS 2013 Form 1120 transcript lists (p. 2) that on March 15, 2015, the IRS "reduced or removed prior tax assessed" in the amount of $724,887.
On August 17, 2015, the IRS issued a refund for income taxes, net of $163,036.41 allocated to reduce other net taxes (primarily employment taxes), of $561,850.59, assumedly to "Pipeline Energy Group, Inc., c/o Beth Ann Smith, 5000 Meridian Blvd. Ste. 750, Franklin, TN, 37067-6681-754."
Therefore, it appears to me, based on the transcripts, that all Federal refunds already have been issued.  We should now move to contacting the states in question (e.g., WV, OH) regarding the tax status in these states, should David Rogers believe that this information would be useful.

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Friday, July 29, 2016 9:31 AM   To: Alan Smith; 'Alix Cross'
So, the IRS applied the balance of the refund to other taxes owed?

From: Alan Smith [mailto:asmith@lsscpa.com]     Sent: Friday, July 29, 2016 9:54 AM   To: David Rogers
Yes, per my understanding, the $163,036.41 was used to pay/offset payroll taxes, primarily Form 940 taxes (FUTA). Have you asked Beth Ann if she/the Company received the $561,850.41? If so, was the refund check deposited into a PEG corporate bank account?

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Friday, July 29, 2016 10:00 AM   To: Alan Smith

UST Form 101-7-TDR ( 10 /1/2010)

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit 8

Page: 34

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

Was it your understanding that the $561,850.41 had been sent to PEG?

From: Alan Smith [mailto:asmith@lsscpa.com] Sent: Friday, July 29, 2016 10:27 AM To: David Rogers
Yes, since the IRS transcript was addressed to PEG c/o Beth Ann Smith, 5000 Meridian Blvd Ste 750, Franklin, TN 37067-6681-754, and it states "Refund issued 8-17-2015 $561,850.59"; therefore, I assumed that Bet Ann received the refund check.

From: David Rogers Sent: Friday, July 29, 2016 11:53 AM To: Alan Smith; 'Alix Cross'; 'Suzanne Fennell'
Can you find out which PEG bank account the refund was deposited into from the IRS? We don't see that deposit in any of the PEG bank accounts. ***suggested to request information from the IRS, ie: copy of cleared check

From: Michael A. Burchett Sent: Friday, July 29, 2016 4:39 PM To: Alan Smith
Please find attached Statements 5 and 6 of Pipeline Energy Group's (PEG's) 2014 Form 1120 tax return. In particular, Statement 5 is a concise summary of PEG's NOL standing as of December 31, 2014. Note that there are NOL balances for tax years 2009 through 2014. For Federal purposes, there are no refundable taxes – based on taxes actually paid in prior years – to which to apply an NOL. PEG has over $8.3 million of NOL from 2014 to carry forward to 2015. As we expect year 2015 to show a loss, Trustee Rogers should have at least $8.3M of NOLs to apply to shelter proceeds from Trustee asset sales from tax liability.

From: Alan Smith [mailto:asmith@lsscpa.com] Sent: Monday, August 15, 2016 4:18 PM To: David Rogers
The transaction codes on the IRS transcripts are confusing, especially the ones relating to the large amounts designated as 940 taxes (FUTA form). Usually payroll taxes involving such large amounts are 941 taxes (FICA). FUTA taxes are typically less significantly less than FICA taxes. So, both Melissa and I think that we need to look at copies of the actual Federal tax returns, the 940's and the 941's if you have copies in your files, to see if we can tell what is going on with these taxes and the transcript amounts. I am beginning to think that the Debtors may have made these returns more confusing than they needed to be.

From: Michael A. Burchett Sent: Tuesday, August 16, 2016 3:59 PM To: Alan Smith
As we discussed, attached are calculations of maximum potential Pipeline Energy Group ("PEG") FUTA federal unemployment tax exposure for the 2013 and 2014 tax years. The data for these calculations were taken from PEG's 2013 and 2014 Form 1120 corporate tax returns. I also attach the summary of the $164,014.88 of 2013 Form 940 (FUTA) credits (from the 2013 IRS transcript) that the IRS transferred before issuing the net $561,850.59 refund check on August 17, 2015. We will need to examine the 2013 and 2014 PEG Form 940 quarterly payroll tax returns to evaluate a) how much FUTA tax was owed by PEG and b) whether and how much of a refund is obtainable. As an exception, the IRS requires an executed Power of Attorney ("POA") (Form 2848) with "Payroll Tax" and "Forms 940/941" be listed specifically a topics before an IRS agent will discuss Form 940 or Form 941 payroll tax issues of a taxpayer. We therefore need to have Trustee Rogers execute a new POA that lists Forms 940/941 as well as Form 1120.

From: "Tim Vancleve" <tvancleve@rodefermoss.com> To: "David Rogers" Sent: Tuesday, September 20, 2016 1:32:12 PM
... I have reviewed the 2014 and 2013 returns for PEG on a very high level. In 2014, as you know, they reported net operating loss of $10.7M, $2.4M of that was carried back to 2013, the other $8.3M is being carried forward. So I doubt very seriously that there will be taxable income in either 2015 or 2016, given 1) the NOL carrying forward; 2) that 2015 is the year leading up to the bankruptcy and 3) 2016 is the year in which it actually occurred. That $10.7M loss is what happened to the $5.1M of retained earnings you see at the end of 2013. There are a couple of things on the 2014 return that catch my eye, one of which is deducted as a Cost of Goods Sold, and is described as $2.8M of "Losses on uncompleted contracts". That is usually a GAAP adjustment that is not currently deductible, it represents future losses that have not yet been realized, but GAAP requires, under percentage of completion accounting, that the moment you determine you have a loss on a contract in progress, you recognize the entire loss. I can't tell from just looking at the tax return is that is a valid loss or deduction, or not, but in all likelihood, if it were not deducted in 2014, it would be deductible in a subsequent year, if those estimated losses were real. Interestingly enough, there is a line on one of the return schedules for "income from long term contracts" that has been left blank. I would normally expect to see that adjustment on that line, but that is really only a clerical difference of opinion about how to report it. There is also an item of debtor income, under section 481(a) adjustment, pertaining to a

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

required change in accounting method, in 2013 they changed their overall method of accounting from tax to accrual, as they were required to do because of their rapid growth. The 481(a) pertains to net income that would have been recognized on an accrual basis that was not recognized on a cash basis previously, and that is required to be taken into income over a four year period (2013-2016). Also, just FYI, From their depreciation schedules, they have $1.7M of undepreciated basis left in their fixed assets.

09/26/16 > TRUSTEES Application OF TERMINATION (Lewis, Smith and Associates terminated)
09/26/16 > Application and Notice to Employ employ Rodefer, Moss & Company PLLC as Accountant. (Tim Van Cleve)

From: "Suzanne Fennell" <suzanne.fennell@gmail.com>    To: "Tim Vancleve" <tvancleve@rodefermoss.com>
Tim,  See the attachments. I found these on one of the PEG hard drives.  You had mentioned possible IRS audit...this looks to be for 2013. Handled by the NY guys I guess since POA was included in the folder with the notices.    Obviously, you'll probably need to get a POA so you can look into all this and maybe all payroll reporting.  I'd go back to 2012 just in case.  I'm going to send you and David a separate email that raises concern over the 2014 refund reduction for back FUTA taxes from 2012. May have been incorrectly done.

From: "Tim Vancleve" <tvancleve@rodefermoss.com>    To: "David Rogers"    Sent: Wednesday, September 28, 2016 10:26:51 AM
I spoke with the NY CPA, his name is Gary Parker, he answered all the questions I had about prior tax returns. The IRS exam that was opened for 2013 was expanded to 2014, but ended up being closed as a "no change", he thinks because of the bankruptcy proceedings. He sent me copies of the no change order, attached for your reference. Gary also answered my question about a couple of accounting issues on the 2014 return, and informed me that they never filed any state returns for 2014, primarily because of the bankruptcy and the fact that they weren't getting paid.    He recommended that we reach out to their payroll company to inquire about the FUTA and possible FICA account adjustments, he had no knowledge at least none that he would share, about those issues.

From: "Tim Vancleve" <tvancleve@rodefermoss.com>    To: "heddy"    Sent: Thursday, September 29, 2016 10:19:33 AM
On a related matter, are you in your office tomorrow? I am trying to arrange for a time fro Suzanne to meet me there and help me pull some additional reports from the PEG software. We are close to having the 2015 federal return complete for them, but there are a few adjustments that I will have to pull detail from their accounting records before we can compute.

Also, I found out yesterday that 2014 state returns were never filed. From what I have gathered, they would need returns for PA, TN, and WV. There may be a little bit of franchise tax due to TN, that probably has not previously been paid or accrued. Also, I discovered that at least according to the records I can find, there was supposed to be a refund of WV in the amount of $36,900 for the 2013 tax period, and it looks like that refund has never been received. Should we go ahead and start on these 2014 state returns, or do we need to wait for David to authorize?  ANSWER:  GO AHEAD

From: Tim Vancleve [mailto:tvancleve@rodefermoss.com]    Sent: Monday, October 03, 2016 9:27 AM    To: 'David Rogers' Subject: RE: 2012 FUTA tax issue / 2014 refund reduction
The payroll refund was already received, in December of 2015, and as for state returns, we need to file PA, WV, and TN. OH does not have a regular corporate income tax, but instead, they have a tax based on gross receipts, they call it a "commercial Activities Tax", or CAT.    Unless OH has filed a proof of claim, I would be tempted to ignore. They have a rather cumbersome online system for filing this commercial activities tax, and it technically should have been filed quarterly throughout 2015. I will double check the books to see if they did so in 2015, from their trial balance, I think they did for 2014.    We have done some preliminary work on the 2014 and 2015 state returns, it looks like WV never refunded the overpayment shown on the 2013 return, $36,900. Unless it was received sometime in 2016, I can't fine where it was ever deposited into the company's accounts in 2015. And there is still a prepaid tax number on the balance sheet for that amount. I further think that when we file 2014 and 2015, we can claim refunds totaling about $42,000. I don't see any reason not to go ahead and file the 2014 returns, we can address the 2015 returns after you and I have had time to go over the balance sheet, as discussed in my prior email.    We also need to file TN returns for both 2014 and 2015. My preliminary calculation is that they owe 57,500 for both years.

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

From: "Tim Vancleve" <tvancleve@rodefermoss.com>    To: "David Rogers    Sent: Friday, October 7, 2016 10:47:55 AM
On PEG, we have prepared the 2014 state returns for PA, TN, and WV. We have also prepared a draft copy of the 2015 federal return and the same states as listed for 2014. I will deliver the 2014 to you upon my return next week, but we have a few questions to be resolved on the 2015 returns which we will address next Thursday. There appears to be an outstanding matter on the PEG 2013 WV return of a refund that was requested that may not yet have been received. I will ask you to execute a WV POA upon my return next week, and we will investigate. I also believe that you can file carryback claims for tax refunds in WV of up to $42,000. We can discuss further when we meet next week.

10/13/16 - Meeting with Tim Vancleve
2015 tax return - close to filing - $4,500,000 tax loss - nothing to carryback to - already used the 2013 income
State tax returns - Penn/WV/TN - no income tax filing requirement Ohio
WV refund - due $36,900 - Tim going to call and check
Payroll tax returns - FUTA - PEG got refund in 12/15 in BB&T payroll account > Looks like up to date on payroll.
WV allows Carryback - get $42,000 for NOLs
We will need to Dissolve the corporation - get tax clearance letters for WV/TN/Ohio

From: David Rogers [mailto:dgrtrustee@comcast.net]    Sent: Tuesday, February 14, 2017 11:20 AM    To: Tim Vancleve
1.    When should we receive the NOLs?
2.    When should we discuss the TN/WV/Federal 2016 tax returns?
3.    Do we owe Ohio tax?

From: Tim Vancleve [mailto:tvancleve@rodefermoss.com]    Sent: Tuesday, February 14, 2017 11:55 AM
To: 'David Rogers'
I think you are inquiring about the refunds we claimed? I would honestly have expected you to have some correspondence from WV by now, it has been four or five months since those returns were filed. If you have not received any correspondence, (neither have I), then we need to check in with them. The last time I spoke with them, they informed me that there was a separate bankruptcy unit that was now handling the account, and they would not speak any further with me because their legal department had to review the POA I submitted. I expected to receive some correspondence from them about that submittal, I have not. WV is the only state with refunds pending. We asked for $21,000 refunds for both the 2014 and 2015 tax years, using the 2 year carryback that WV law seems to allow.  The refund was also still pending from the previous year's (2013) WV tax return that our due diligence tells us was never received.

For 2015, we filed an OH CAT tax return that showed a balance due of $67,152 including interest. Since that technically is a pre-petition debt, and it is not an income tax in the true sense of that term, wouldn't OH need to file a proof of claim for that amount? There should not be any 2016 OH tax, it is based on gross receipts and you should not have any OH gross receipts.

The 2016 returns will be due April 18 this year, there was a change in due dates for corporate returns beginning with calendar year 2016, corporations are now due in April rather than March. Since there shouldn't be any taxes owed for 2016, I was sort of hoping that we could extend these returns and work on them late spring / early summer, but we should at least touch base on them in the near future before I get buried under the April deadline. Perhaps we can spend a few minutes on them Friday before or after our other meeting?

Let me make a phone call to WV this afternoon and see if we can get anywhere with them. Like I said above, I expected to hear something from them on the correspondence that I submitted last fall.

From: "Tim Vancleve" <tvancleve@rodefermoss.com>    To: "David Rogers"    Sent: Tuesday, February 14, 2017 2:09:35 PM
I was able to speak with someone at the WV department of taxation, they do have my POA recorded.  Here is the information they provided:

Re: the 2013 refund of $36,900 – they issued a check for $36,885 in February of 2016, that check was never cashed, and their policy is to turn over state checks over to their division of unclaimed property once a check

**Case No.:** 316-00765-MFH-7

**Trustee Name:** (620060) David G. Rogers

**Case Name:** Pipeline Energy Group

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**For Period Ending:** 05/17/2018

**Claims Bar Date:** 05/09/2016

has passed its issue date by six months without being cashed. You must now file a claim with the WV state Treasurer for that unclaimed property. Instructions on how to do that can be found here: http://www.wvtreasury.com/Portals/wvtreasury/content/Unclaimed%20Property/Search%20and%20Claim/Clai m%20Form%20and%20Instructions.pdf

Regarding the carryback refund claims from 2014 and 2015 to 2013, for $21,000 each, the person I spoke with said she could find no record of the carryback forms ever being received. That is odd, because we have certified mail receipts date stamped October 31, 2016. Despite us having certified mail receipts, she could not offer an explanation or any assistance other than recommending that we resubmit the forms.     I will prepare them to submit again.

From: Tim Vancleve [mailto:tvancleve@rodefermoss.com]     Sent: Monday, April 17, 2017 7:26 PM     To: 'David Rogers' I will be filing federal, and WV extensions in the AM. Technically, they should also file in TN since they are registered with the TN secretary of state, but since they don't have any TN assets at the end of the year, they would owe the minimum of $100. To file a valid extension, payment of $100 would need to accompany the extension. I think I understood that you would not be paying any post petition taxes unless the taxing authority filed a proof of claim? Or did I misunderstand that? Regardless, since they are only going to owe the minimum, there is no significant penalty for failing to pay that in.
FURTHER EMAIL:  We will go ahead and file the extension w/o a payment. (Sent: Tuesday, April 18, 2017 10:10:20 AM)

From: Tim Vancleve [mailto:tvancleve@rodefermoss.com]     Sent: Monday, May 08, 2017 10:43 AM     To: 'David Rogers'
Subject: WV Refund Claims - 2013, 2014, 2015 - Update
Here is where we stand:
2013 – amount $36,885
2013 is the year related to the correspondence you forwarded me this morning, this amount was turned over to the State Treasurer's office as "unclaimed property" when the check was not cashed after six months of being issued. The young lady that I spoke to indicated that all she needed was the drivers license, she thought the other documentation previously submitted was adequate. Fingers crossed that will be resolved soon.
2014 – Refund claim - $21,000 – I called and spoke another young lady with the West Virginia State ax Department, she indicated that 2014 was in processing now, she could not tell me how long it might take, only that it was "in processing".
This is my personal commentary here, I am more or less "reading between the lines". Sometimes when a state is having budgetary problems in a particular fiscal year, they will hold refunds until the next fiscal year begins. States typically end their fiscal year on June 30. I'm not saying that is what is going on here, but it would not surprise me.
2015 – Refund claim for $21,000 – the young lady I spoke with about 2014 could not tell that the 2015 claim was being processed, from looking at PEG's account. She asked me to fax a copy of the 2015 refund claim to her and she would "walk it over" to the department that handles corporate refunds. I haven't checked yet – I don't know if I kept  copy with your signature on it or not. I will let you know if a few minutes.

From: Tim Vancleve [mailto:tvancleve@rodefermoss.com]     Sent: Wednesday, June 07, 2017 1:37 PM
To: Sullivan, Patricia <patricia.sullivan@wvsto.com>
Ms. Sullivan,
My client has called me again asking about the status of this refund. Did you received everything you needed to process this refund? If not, can you please let me know what else you need?

From: Sullivan, Patricia [mailto:patricia.sullivan@wvsto.com]     Sent: Wednesday, June 07, 2017 2:35 PM
To: Tim Vancleve
I think we have everything and will submit for payment tomorrow.  If something would happen and I have any problems, I will let you know.

June 19, 2017 > received first refund from the State of West Virginia for $36,885.00.
From: heddy [mailto:dgrparalegal@comcast.net]     Sent: Monday, June 19, 2017 11:25 AM     To: Tim Vancleve
We received this letter and check in the mail from West Virginia.  David wanted me to confirm with you that we should still receive two more checks from WV.  One for the 2014 tax year and one for the 2015 tax year.

Exhibit 8

Page: 38

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

**Case No.:**  316-00765-MFH-7

**Case Name:**  Pipeline Energy Group

**For Period Ending:**  05/17/2018

**Trustee Name:**  (620060) David G. Rogers

**Date Filed (f) or Converted (c):**  02/05/2016 (f)

**§ 341(a) Meeting Date:**  03/07/2016

**Claims Bar Date:**  05/09/2016

Looking at your email below, both of those checks should be for $21,000.

From: "Tim Vancleve" <tvancleve@rodefermoss.com>     To: "heddy" <dgrparalegal@comcast.net>     Sent: Monday, June 19, 2017 11:36:18 AM
That is correct. Those refund claims were still being processed when I called a few weeks ago, I would give it until the first week of July and if we still haven't heard from them, we need to follow up again.

08/28/17 > Adversary case 3:17-ap-90208 filed.  Complaint by DAVID G ROGERS against WEST VIRGINIA STATE TAX DEPARTMENT.

On Sep 14, 2017, at 12:31 PM, Tim Vancleve <tvancleve@rodefermoss.com> wrote:
Mr. Wilson,  Attached is signed WV form 139 for the period ended 12.31.2015, we are carrying  the maximum allowable amount of $300,000 back to tax year 2013. I have also attached a copy of form 139 filed for the tax period 12.31.2014 illustrating that the original taxable income from 2013 of $1,827,824 has already been reduced $300,000 to $1,527,824 which is the starting point for line 5 of the 2015 form 139. There is also a complete copy of the 2015 WV form CNF 120.

10/02/17 > Refund received

10/16/17 > Adversary Dismissed


***WAGE CLAIMS***

From: Rose, Glenn, B. [mailto:GRose@bassberry.com]     Sent: Monday, November 07, 2016 2:02 PM     To: David Rogers
    In response to your question, the amended claim filed in October reflects application of the amounts received from West Virginia.  The priority claim dropped to $463,424.80 in the amended claim, whereas  the priority claim in the original proof of claim was for $610,043.60.
    The attached declaration in support of default judgment identifies the employees with respect to several components of our priority claim, and the attached "prejob" spreadsheet identifies the employees who make up the $418,798 component of the claim described in paragraph 12 of the declaration.
    As you review this information please consider the following:   First, 507(a)(5) priority is calculated on an aggregate basis using total number of participants in each benefit plan, not on an individual basis. See In re Consolidated Freightways opinion attached  and Matter of C & S Cartage & Leasing Co., 204 B.R. 565, 566 (Bankr. D. Neb. 1996) ("the limitation on the amounts paid under 507(a)(4) is on the aggregate sums that may be paid out to all of the employee benefit claims"); 4 Lawrence King et al., COLLIER ON BANKRUPTCY, ¶ 507.06[4][b] (15th ed. 1998) ("In calculating the maximum amount of the priority, the calculation is to be done on the basis of the full number of employees covered by the plan, regardless of the particular amount of benefits allocable to any individual.")
    Second, the wages have to be earned "within 180 days before the date of the filing of the petition or the date of cessation of the debtor's business, which occurs first."   In this case, operations ceased before filing.
    Third, the filed claim covers several employee benefit plans – Pipeline Industry Benefit Fund, Pipeline Industry Pension Fund, Local 798 Training Center Fund, Pipeline industry Annuity/401k Fund, each of which plans covered more than the 64 works who actually hold individual claims.

From: Rose, Glenn, B. [mailto:GRose@bassberry.com]     Sent: Tuesday, November 15, 2016 11:45 AM
To: David Rogers
David:  You are correct that the wage bond took care of the West Virginia claims, and per your request, attached is more documentation regarding the outstanding Ohio claim. Let me know if you need anything else.

06/16/17 > AGREED ORDER REGARDING PRIORITY EMPLOYEE BENEFIT CLAIMS (Docket Entry #320)

TRUSTEE NOTE:  CENTRAL STATES ATTORNEY SAYS CENTRAL STATES DOES NOT HAVE A PRIORITY CLAIM

NOTE FOR TFR REVIEWER:  THE WAGE CLAIM TO BETH ANN SMITH WILL GO TO HER BANKRUPTCY ESTATE AND WILL BE TREATED AS A 1099 SO NO TAXES WILL BE WITHELD.

UST Form 101-7-TDR ( 10 /1/2010)

Case No.:   316-00765-MFH-7

Case Name:   Pipeline Energy Group

For Period Ending:   05/17/2018

Trustee Name:   (620060) David G. Rogers

Date Filed (f) or Converted (c):   02/05/2016 (f)

§ 341(a) Meeting Date:   03/07/2016

Claims Bar Date:   05/09/2016

THE WAGE CLAIM TO PIPELINE INDUSTRY BENEFIT FUND, ET AL. IS A BENEFIT FUND WHICH WILL BE RESPONSIBLE FOR DISBURSEMENT OF WAGES AND TAXES - THEREFORE, THERE WILL BE NO WITHOLDINGS
NONE OF THE WAGE CLAIM PROCEEDS WILL GO TO INDIVIDUALS


***COLLATERALIZATION AND BOND ISSUE***

From: BMSBankingCenter [mailto:BMSBankingCenter@bms7.com]     Sent: Wednesday, April 06, 2016 11:39 AM
The first $250,000 of every case is covered by FDIC insurance.  Rabobank collateralizes 100% of all Chapter 7 balances over that amount.      Funds will stay collateralized after the large deposit. Please contact us if you have any further questions.

From: heddy [mailto:dgrparalegal@comcast.net]     Sent: Monday, May 02, 2016 1:12 PM     To: Shedd, John (USTP)
We are depositing a check for $700,000 in the Pipeline Energy Group Account today.  Once cleared, this will bring our bank balance above the bond amount.  We have checked with the bank about collateralization but what about the need to increase our bond?

From: "Paul Poole (USTP)" <Paul.F.Poole@usdoj.gov>     To: "heddy"     Sent: Monday, May 2, 2016 3:52:59 PM
No need to adjust the bond at this point.

From: David Rogers [mailto:dgrtrustee@comcast.net]     Sent: Wednesday, May 04, 2016 10:25 AM     To: Poole, Paul (USTP)
Could you remind me how the bond works, i.e. $$ in the estate accounts v. amount of bond?

From: Poole, Paul (USTP) [mailto:Paul.F.Poole@usdoj.gov]     Sent: Wednesday, May 04, 2016 10:34 AM
To: David Rogers
This is a Chapter 7 case that is covered by the blanket bond, which is $8,500,000, which is based upon the total cash all of you Trustees have together.  Technically, you are each covered for that amount.  We have a "per-case" limit of $560,000, which we use in or district as an amount we want individuals Trustees to let us know when case exceeds that amount, so I can assess the total cash for the panel.  If the total cash for the district exceeds the bond amount, depending on what time of year it is, we may  ask a trustee who has a case that exceeds the per case limit to get a separate bond.


***HIGHER YIELDING INTEREST ACCOUNT***

From: "heddy"     To: "BMS Banking" <bmsbankingcenter@bms7.com>     Sent: Monday, May 23, 2016 9:13:29 AM
We have over $500,000 in our account for the above captioned case.  In the past, if a case had over $50,000 in its account, we were required to move the money into a higher interest yielding CD or money market.  Is any such thing available now?

From: "BMSBankingCenter" <BMSBankingCenter@bms7.com>     To: "heddy"     Sent: Monday, May 23, 2016 10:03:00 AM
At this time, we are only offering DDA accounts, however  I would recommend that you speak to your Account Manager Deana Foster  to see if there is any other product that she can offer to you.

From: "Deana Foster" <deana.foster@bms7.com>     To: "heddy"     Sent: Monday, May 23, 2016 10:35:01 AM
There are no interest bearing accounts available at this time.  The Memo on Chapter 7 Technical Amendments 2011 indicate that this requirement has been suspended.  They will revisit the need for same upon the interest rate going back up.

Exhibit 8

Page: 40

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

**Case No.:** 316-00765-MFH-7

**Case Name:** Pipeline Energy Group

**For Period Ending:** 05/17/2018

**Trustee Name:** (620060) David G. Rogers

**Date Filed (f) or Converted (c):** 02/05/2016 (f)

**§ 341(a) Meeting Date:** 03/07/2016

**Claims Bar Date:** 05/09/2016

05/12/16 > Conversation with Cheryl Randolph regarding Assets to be listed as unscheduled on Form 1. Until it is determined that the subject research will recover money or a lawsuit has been filed, do not include this as an asset to the estate..

***CLAIMS BAR DATE SET FOR 05/09/16***

***SCHEDULE F Debt on the Debtor's petition totals $17,041,559.88****

**Initial Projected Date Of Final Report (TFR):** 12/31/2017

**Current Projected Date Of Final Report (TFR):** 10/17/2017 (Actual)

UST Form 101-7-TDR ( 10 /1/2010)

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 1

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | | | **Trustee Name:** | David G. Rogers (620060) | |
| **Case Name:** | Pipeline Energy Group | | | **Bank Name:** | Rabobank, N.A. | |
| **Taxpayer ID #:** | **-***3025 | | | **Account #:** | ******6166 Checking Account | |
| **For Period Ending:** | 05/17/2018 | | | **Blanket Bond (per case limit):** | $720,000.00 | |
| | | | | **Separate Bond (if applicable):** | N/A | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 02/10/16 | | Pipeline Energy Group | TURNOVER OF FUNDS - CLOSED BANK ACCOUNT | | 2,525.07 | | 2,525.07 |
| | {1} | | BB&T checking 6439 $15.34 | 1129-000 | | | 2,525.07 |
| | {2} | | BB&T checking 8225 $683.56 | 1129-000 | | | 2,525.07 |
| | {3} | | BB&T checking 8670 $15.34 | 1129-000 | | | 2,525.07 |
| | {4} | | BB&T checking 8700 $1,810.83 | 1129-000 | | | 2,525.07 |
| 02/12/16 | {48} | People's Gas WV, LLC | UTILITY REFUND | 1229-000 | 96.89 | | 2,621.96 |
| 03/01/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 2,611.96 |
| 03/14/16 | 101 | MAIL ROOM SERVICES, INC. | LIMIT NOTICE ORDER POSTCARDS | 2990-000 | | 961.69 | 1,650.27 |
| 03/22/16 | 102 | The Franklin County Clerk of Courts | Lien Release Deficiency | 2820-000 | | 38.00 | 1,612.27 |
| 03/23/16 | | Massa Estate Group | Payment on Trustee's Motion to Sell Property as Per Order Dated 03/29/16 | | 29,025.00 | | 30,637.27 |
| | {10} | | Office Equipment Per Exhibit AB.41 $27,435.00 | 1129-000 | | | 30,637.27 |
| | {46} | | Office Equipment not listed on Exhibit AB.41 $1,590.00 | 1229-000 | | | 30,637.27 |
| 03/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 13.23 | 30,624.04 |
| 04/05/16 | | Massa Estate Group (Myron Bowling proceeds from sale) | Payment on Trustee's Motion to Sell Property as Per Order Dated 03/17/16 | | 97,500.00 | | 128,124.04 |
| | {42} | | 2008 Chevy Silverado - TD Auto Lien $7,500.00 | 1129-000 | | | 128,124.04 |
| | {43} | | 2009 Talbert Lowboy Trailer - Wells Fargo Lien $37,000.00 | 1129-000 | | | 128,124.04 |
| | {44} | | 2013 Talbert 55 Lowboy Trailer - Wells Fargo Lien $53,000.00 | 1129-000 | | | 128,124.04 |
| 04/19/16 | 103 | The Bank of Princeton | ADMINISTRATIVE EXPENSE - PAYMENT FOR SUBPOENAED CHECK IMAGES | 2990-000 | | 160.40 | 127,963.64 |

| | | | | Page Subtotals: | $129,146.96 | $1,183.32 | |

{} Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)                                                                    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 2

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | | **Trustee Name:** | | David G. Rogers (620060) | |
| **Case Name:** | Pipeline Energy Group | | **Bank Name:** | | Rabobank, N.A. | |
| **Taxpayer ID #:** | **-***3025 | | **Account #:** | | ******6166 Checking Account | |
| **For Period Ending:** | 05/17/2018 | | **Blanket Bond (per case limit):** | | $720,000.00 | |
| | | | **Separate Bond (if applicable):** | | N/A | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 04/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 149.68 | 127,813.96 |
| 05/02/16 | | Massa Estate Group | Payment on Order Authorizing Trustee's Expedited Motion to Auction Property Dated 04/26/16 | | 700,000.00 | | 827,813.96 |
| | {22} | | 2010 Chevy Silverado - Ally Lien $11,000.00 | 1129-000 | | | 827,813.96 |
| | {23} | | 2007 Chevy Silverado - Ally Lien $11,000.00 | 1129-000 | | | 827,813.96 |
| | {24} | | 2012 GMC Sierra - Ally Lien $8,000.00 | 1129-000 | | | 827,813.96 |
| | {25} | | 2010 Chevy K1500 - Ally Lien $12,500.00 | 1129-000 | | | 827,813.96 |
| | {26} | | 2005 Chevy Silverado - Ally Lien $4,000.00 | 1129-000 | | | 827,813.96 |
| | {27} | | 2012 Chevy Tahoe - Ally Lien $35,000.00 | 1129-000 | | | 827,813.96 |
| | {28} | | 4 Magnolia Pole Trailers - BB&T Lien $80,000.00 | 1129-000 | | | 827,813.96 |
| | {29} | | 2 CAT Hammers $53,000.00 | 1129-000 | | | 827,813.96 |
| | {30} | | 2008 GMC Sierra - HNB Lien $3,500.00 | 1129-000 | | | 827,813.96 |
| | {32} | | 2011 GMC Yukon - HNB Lien $34,500.00 | 1129-000 | | | 827,813.96 |
| | {33} | | 2012 GMC Sierra - HNB Lien $17,000.00 | 1129-000 | | | 827,813.96 |
| | {34} | | 2013 GMC Yukon - HNB Lien $30,500.00 | 1129-000 | | | 827,813.96 |
| | {35} | | 2008 GMC 1500 4WD - HNB Lien $21,500.00 | 1129-000 | | | 827,813.96 |
| | {36} | | 2013 GMC Sierra - HNB Lien $22,000.00 | 1129-000 | | | 827,813.96 |
| | {37} | | 2013 GMC Sierra - HNB Lien $21,000.00 | 1129-000 | | | 827,813.96 |
| | {38} | | 2003 GMC Sierra - HNB Lien $5,000.00 | 1129-000 | | | 827,813.96 |
| | | | **Page Subtotals:** | | **$700,000.00** | **$149.68** | |

{} Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9

Page: 3

| Case No.: | 316-00765-MFH-7 | Trustee Name: | David G. Rogers (620060) |
|---|---|---|---|
| Case Name: | Pipeline Energy Group | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***3025 | Account #: | ******6166 Checking Account |
| For Period Ending: | 05/17/2018 | Blanket Bond (per case limit): | $720,000.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | {11} | | Automobiles Etc Per Exhibit AB.47 $203,700.00 | 1129-000 | | | 827,813.96 |
| | {12} | | Other Machinery Per Exhibit AB.50 $94,965.00 | 1129-000 | | | 827,813.96 |
| | {47} | | Equipment not listed on Exhibit AB.50 $31,835.00 | 1229-000 | | | 827,813.96 |
| 05/02/16 | 104 | WELLS FARGO EQUIPMENT FINANCE INC | Payment of PofC #92 per AO Resolving Objs (#69) & Order Granting Sale (#83) {ASSET #43 & 44} | 4210-000 | | 69,553.42 | 758,260.54 |
| 05/02/16 | 105 | TD Auto Finance LLC | Payment of PofC #9 per AO Resolving Objs (#69) & Order Granting Sale (#83) Stopped on 05/24/2016 | 4210-005 | | 6,446.53 | 751,814.01 |
| 05/12/16 | 106 | Ally Bank | Payment of PofC #3 per Order Authorizing Auction (#146) {ASSET #26} | 4210-000 | | 1,221.64 | 750,592.37 |
| 05/12/16 | 107 | Ally Bank | Payment of PofC #8 per Order Authorizing Auction (#146) {ASSET #27} | 4210-000 | | 31,896.00 | 718,696.37 |
| 05/12/16 | 108 | Ally Bank | Payment of PofC #58 per Order Authorizing Auction (#146) {ASSET #22} | 4210-000 | | 8,360.79 | 710,335.58 |
| 05/12/16 | 109 | Ally Bank | Payment of PofC #59 per Order Authorizing Auction (#146) {ASSET #24} | 4210-000 | | 7,864.32 | 702,471.26 |
| 05/12/16 | 110 | Ally Financial | Payment of PofC #60 per Order Authorizing Auction (#146) {ASSET #23} | 4210-000 | | 7,073.41 | 695,397.85 |
| 05/12/16 | 111 | Ally Bank | Payment of PofC #61 per Order Authorizing Auction (#146) {ASSET #25} | 4210-000 | | 10,891.86 | 684,505.99 |
| 05/12/16 | 112 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #101 per Order Authorizing Auction (#146) {ASSET #32} | 4210-000 | | 33,152.67 | 651,353.32 |
| 05/12/16 | 113 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #103 per Order Authorizing Auction (#146) {ASSET #38} | 4210-000 | | 3,436.17 | 647,917.15 |
| 05/12/16 | 114 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #104 per Order Authorizing Auction (#146) {ASSET #30} | 4210-000 | | 3,256.05 | 644,661.10 |
| 05/12/16 | 115 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #105 per Order Authorizing Auction (#146) {ASSET #35} | 4210-000 | | 20,409.99 | 624,251.11 |
| 05/12/16 | 116 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #106 per Order Authorizing Auction (#146) {ASSET #37} | 4210-000 | | 19,816.78 | 604,434.33 |

| | | | Page Subtotals: | | $0.00 | $223,379.63 | |

{} Asset Reference(s)          UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 4

| | | |
|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | |
| **Case Name:** | Pipeline Energy Group | |
| **Taxpayer ID #:** | **-***3025 | |
| **For Period Ending:** | 05/17/2018 | |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 05/12/16 | 117 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #107 per Order Authorizing Auction (#146) {ASSET #36} | 4210-000 | | 20,800.64 | 583,633.69 |
| 05/12/16 | 118 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #108 per Order Authorizing Auction (#146) {ASSET #34} | 4210-000 | | 29,102.72 | 554,530.97 |
| 05/12/16 | 119 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #109 per Order Authorizing Auction (#146) {ASSET #33} | 4210-000 | | 15,182.44 | 539,348.53 |
| 05/20/16 | 120 | Brentwood Court Reporting Services | Court Reporting Services - INVOICE #11199 | 2990-000 | | 513.45 | 538,835.08 |
| 05/20/16 | 121 | WILLIAM BAKER | Payment Per Agreed Order Dated 05/05/16 - Administrative Rent | 2410-000 | | 4,000.00 | 534,835.08 |
| 05/24/16 | 105 | TD Auto Finance LLC | Payment of PofC #9 per AO Resolving Objs (#69) & Order Granting Sale (#83) Stopped: check issued on 05/02/2016 | 4210-005 | | -6,446.53 | 541,281.61 |
| 05/24/16 | 122 | TD Auto Finance LLC | Payment of PofC #9 per AO Resolving Objs (#69) & Order Granting Sale (#83) {ASSET #42} | 4210-000 | | 6,446.53 | 534,835.08 |
| 05/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 885.00 | 533,950.08 |
| 06/03/16 | | Massa Estate Group | ESCROW MONEY from Trustee's Motion to Sell Property as Per Order Dated 03/17/16 (subject of ADV 3:16-ap-90176) | | 119,250.00 | | 653,200.08 |
| | {11} | | equal percentage between assets $60,661.45 | 1129-000 | | | 653,200.08 |
| | {12} | | equal percentage between assets $58,588.55 | 1129-000 | | | 653,200.08 |
| 06/08/16 | 123 | TRAVIS BILLITER | Payment on Agreed Order Dated 05/24/16 - Administrative Rent | 2410-000 | | 9,000.00 | 644,200.08 |
| 06/16/16 | 124 | Middletown Properties, Inc | Payment Per Agreed Order Dated 06/01/16 - Administrative Rent | 2410-000 | | 5,000.00 | 639,200.08 |
| 06/27/16 | 125 | Massa Estate Group | Order Allowing Administrative Expenses Dated 06/10/16 | 2990-000 | | 97,093.75 | 542,106.33 |
| 06/29/16 | 126 | DAVID G. ROGERS | Order Awarding Compensation Dated 06/28/16 | 3110-000 | | 53,142.00 | 488,964.33 |
| 06/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 965.33 | 487,999.00 |
| 07/13/16 | 127 | Brentwood Court Reporting Services | Court Reporting Services - INVOICE #11529 - DEPOSITION OF BETH ANN SMITH | 2990-000 | | 650.35 | 487,348.65 |
| 07/28/16 | 128 | BlueCore Technologies | Administrative Expense - Dell Warranty Extension for Pipeline Server - replacement of bad disk | 2990-000 | | 651.52 | 486,697.13 |
| | | | **Page Subtotals:** | | **$119,250.00** | **$236,987.20** | |

{} Asset Reference(s)          UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

Exhibit 9
Page: 5

# Form 2

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | |
| **Case Name:** | Pipeline Energy Group | |
| **Taxpayer ID #:** | **-***3025 | |
| **For Period Ending:** | 05/17/2018 | |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 680.00 | 486,017.13 |
| 08/05/16 | 129 | BlueCore Technologies | Technical Support for Pipeline Server/Computers | 2990-000 | | 568.65 | 485,448.48 |
| 08/11/16 | 130 {11} | Danny Wilfong | Order Authorizing Trustee's Motion for Compromise and Settlement dated 07/25/16 (ADV 3:16-ap-90176) | 1129-000 | -10,000.00 | | 475,448.48 |
| 08/29/16 | {8} | Wiley Rein, LLP | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 08/11/16 | 1129-000 | 25,000.00 | | 500,448.48 |
| 08/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 767.94 | 499,680.54 |
| 09/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 731.09 | 498,949.45 |
| 10/05/16 | {49} | Monte C Pratt and Kathi J Pratt | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 10/20/16 | 1141-000 | 5,000.00 | | 503,949.45 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 709.53 | 503,239.92 |
| 11/01/16 | 131 | THE HUNTINGTON NATIONAL BANK | Payment of PofC #102 per Order Authorizing Trustee's Sale of Property dated 02/13/17 {ASSET #31} | 4210-000 | | 3,187.34 | 500,052.58 |
| 11/17/16 | {50} | Caterpillar Financial Services Corporation | "credit balance on accounts for tax items" | 1290-000 | 277.96 | | 500,330.54 |
| 11/22/16 | 132 | DAVID G. ROGERS | Agreed Order Resolving Response to Second Application for Compensation and Reimbursement of Expenses for Attorneys for Trustee Dated 11/22/16 | 3110-000 | | 38,057.00 | 462,273.54 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 755.65 | 461,517.89 |
| 12/07/16 | 133 | Suzanne R. Fennell | Order Awarding Compensation Dated 11/22/16 | 3410-000 | | 2,812.50 | 458,705.39 |
| 12/15/16 | 134 | Alix Cross of Klein, Bussell PLLC | Order Awarding Compensation Dated 11/28/16 | 3210-000 | | 27,300.00 | 431,405.39 |
| 12/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 649.14 | 430,756.25 |
| 01/16/17 | {53} | Dragoon Capital, LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 432,256.25 |
| 01/30/17 | 135 | INTERNATIONAL SURETIES, LTD | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 01/30/2017 FOR CASE #316-00765-MH-7, Bond Number 016026373 TERM: 01/01/17 to 01/01/18 | 2300-000 | | 180.99 | 432,075.26 |

| | | | **Page Subtotals:** | | **$21,777.96** | **$76,399.83** | |

{} Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)                                    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 6

| Case No.: | 316-00765-MFH-7 | Trustee Name: | David G. Rogers (620060) |
|---|---|---|---|
| Case Name: | Pipeline Energy Group | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***3025 | Account #: | ******6166 Checking Account |
| For Period Ending: | 05/17/2018 | Blanket Bond (per case limit): | $720,000.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 661.77 | 431,413.49 |
| 02/02/17 | {52} | Ritchie Bros. Auctioneers | REFUND | 1229-000 | 204.09 | | 431,617.58 |
| 02/21/17 | {53} | Dragoon Capital LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 433,117.58 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 579.85 | 432,537.73 |
| 03/20/17 | {53} | Dragoon Capital LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 434,037.73 |
| 03/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 643.60 | 433,394.13 |
| 04/04/17 | 136 | DAVID G. ROGERS | Agreed Order Resolving UST Obj to Compensation (third motion) Dated 04/03/17 | 3110-000 | | 12,065.00 | 421,329.13 |
| 04/19/17 | {53} | Dragoon Capital LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 422,829.13 |
| 04/20/17 | 137 | Rodefer, Moss & Company PLLC | Order Awarding Compensation Dated 04/03/17 | 3410-000 | | 13,200.00 | 409,629.13 |
| 04/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 567.26 | 409,061.87 |
| 05/02/17 | | Ethan Massa | Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 | | 3,000.00 | | 412,061.87 |
| | {31} | | 2003 Chevy K2500 with lien to Huntington Bank $1,000.00 | 1129-000 | | | 412,061.87 |
| | {11} | | 1996 Chevy P30 $1,000.00 | 1129-000 | | | 412,061.87 |
| | {11} | | 1986 AMG M92 with Torc Wrench and 2 Torx Heads $1,000.00 | 1129-000 | | | 412,061.87 |
| 05/08/17 | | Ethan Massa | Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 | 1129-000 | 3,000.00 | | 415,061.87 |
| 05/08/17 | | Ethan Massa | Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 (CHECK RETURNED ON DEPOSIT #15 - BANK DRAFT ISSUED ON CLOSED MASSA ACCOUNT) | | -3,000.00 | | 412,061.87 |
| | {31} | | -$1,000.00 | 1129-000 | | | 412,061.87 |
| | {11} | | | 1129-000 | | | 412,061.87 |

Page Subtotals: $7,704.09 $27,717.48

{} Asset Reference(s)    UST Form 101-7-TDR ( 10 /1/2010)    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 7

| | | |
|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | |
| **Case Name:** | Pipeline Energy Group | |
| **Taxpayer ID #:** | **-***3025 | |
| **For Period Ending:** | 05/17/2018 | |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | | | -$2,000.00 | | | | |
| 05/08/17 | | Ethan Massa | Reversed Deposit 100016 1 Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 (RDC ERROR) | 1129-000 | -3,000.00 | | 409,061.87 |
| 05/22/17 | | Ethan Massa | Payment on Trustee's Motion to Sell Property as Per Order Dated 02/13/17 | | 3,000.00 | | 412,061.87 |
| | {11} | | 1986 AMG M92 with Torc Wrench and 2 Torx Heads  $1,000.00 | 1129-000 | | | 412,061.87 |
| | {11} | | 1996 Chevy P30  $1,000.00 | 1129-000 | | | 412,061.87 |
| | {31} | | 2003 Chevy K2500 (HNB)  $1,000.00 | 1129-000 | | | 412,061.87 |
| 05/26/17 | {53} | Dragoon Capital LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 413,561.87 |
| 05/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 649.29 | 412,912.58 |
| 06/19/17 | {21} | State of West Virginia | 2013 tax refund~~ | 1124-000 | 36,885.00 | | 449,797.58 |
| 06/19/17 | 138 | Klein Bussell, PLLC | Order Awarding Compensation Dated 06/01/17 | | | 9,861.90 | 439,935.68 |
| | | | $8,782.50 | 3210-000 | | | 439,935.68 |
| | | | $1,079.40 | 3220-000 | | | 439,935.68 |
| 06/22/17 | {55} | Robert Half International Inc. | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 06/06/17 | 1141-000 | 15,000.00 | | 454,935.68 |
| 06/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 616.15 | 454,319.53 |
| 07/17/17 | {54} | State of West Virginia | TAX REFUND | 1224-000 | 21,000.00 | | 475,319.53 |
| 07/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 642.76 | 474,676.77 |
| 08/07/17 | {53} | Dragoon Capital LLC | Payment on Trustee's Motion for Compromise and Settlement as Per Order Dated 02/06/17 | 1141-000 | 1,500.00 | | 476,176.77 |
| 08/07/17 | 139 | DAVID G. ROGERS | Order Awarding Compensation Dated 08/04/17 | 3110-000 | | 8,744.00 | 467,432.77 |
| 08/22/17 | 140 | Rodefer, Moss & Company PLLC | Order Awarding Compensation Dated 08/04/17 | 3410-000 | | 9,554.00 | 457,878.77 |

| | | |
|---|---|---|
| **Page Subtotals:** | **$75,885.00** | **$30,068.10** |

{ } Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

Exhibit 9
Page: 8

# Form 2
## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | |
| **Case Name:** | Pipeline Energy Group | |
| **Taxpayer ID #:** | **-***3025 | |
| **For Period Ending:** | 05/17/2018 | |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 08/22/17 | 141 | Ethan Massa | Order Allowing Administrative Expenses Dated 08/04/17 | 2990-000 | | 784.84 | 457,093.93 |
| 08/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 743.10 | 456,350.83 |
| 09/29/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 646.26 | 455,704.57 |
| 10/02/17 | {54} | State of West Virginia | TAX REFUND | 1224-000 | 99.00 | | 455,803.57 |
| 10/02/17 | {54} | State of West Virginia | TAX REFUND | 1224-000 | 21,000.00 | | 476,803.57 |
| 11/06/17 | 142 | DAVID G. ROGERS | Order Awarding Compensation Dated 11/03/17 | 3110-000 | | 2,736.00 | 474,067.57 |
| 11/27/17 | 143 | Rodefer, Moss & Company PLLC | Order Awarding Compensation Dated 11/03/17 | 3410-000 | | 855.00 | 473,212.57 |
| 01/15/18 | {56} | The Ohio Bureau of Worker's Compensation | Employer Premium Refund Invoice | 1290-000 | 45,759.09 | | 518,971.66 |
| 02/27/18 | 144 | DAVID G. ROGERS | Dividend paid 100.00% on $56,868.66, Trustee Compensation;  Reference: | 2100-000 | | 56,868.66 | 462,103.00 |
| 02/27/18 | 145 | DAVID G. ROGERS | Dividend paid 100.00% on $1,546.57, Trustee Expenses; Reference: | 2200-000 | | 1,546.57 | 460,556.43 |
| 02/27/18 | 146 | Ethan Massa | Dividend paid 100.00% on $350.00, Other Chapter 7 Administrative Expenses; Reference: | 2990-000 | | 350.00 | 460,206.43 |
| 02/27/18 | 147 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $350.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 350.00 | 459,856.43 |
| 02/27/18 | 148 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $350.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 350.00 | 459,506.43 |
| 02/27/18 | 149 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $350.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 350.00 | 459,156.43 |
| 02/27/18 | 150 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $176.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 176.00 | 458,980.43 |
| 02/27/18 | 151 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $176.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 176.00 | 458,804.43 |
| 02/27/18 | 152 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $176.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 176.00 | 458,628.43 |
| 02/27/18 | 153 | U.S. BANKRUPTCY COURT | Dividend paid 100.00% on | 2700-000 | | 176.00 | 458,452.43 |

Page Subtotals: $66,858.09 $66,284.43

{ } Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)                                    ! - transaction has not been cleared

Exhibit 9
Page: 9

# Form 2
## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case No.:** | 316-00765-MFH-7 | |
| **Case Name:** | Pipeline Energy Group | |
| **Taxpayer ID #:** | **-***3025 | |
| **For Period Ending:** | 05/17/2018 | |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | | CLERK | $176.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | | | | |
| 02/27/18 | 154 | U.S. BANKRUPTCY COURT CLERK | Dividend paid 100.00% on $181.00, Clerk of the Court Costs (includes adversary and other filing fees);  Reference: | 2700-000 | | 181.00 | 458,271.43 |
| 02/27/18 | 155 | LEIF A. TORKELSEN (BOB WALDSCHMIDT, TRUSTEE) | Dividend paid 100.00% on $12,850.00; Claim# 214W; Filed: $12,850.00; Reference:  PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5300-000 | | 12,850.00 | 445,421.43 |
| 02/27/18 | 156 | BANKRUPTCY ESTATE OF BETH ANN SMITH | Dividend paid 100.00% on $12,850.00; Claim# 110BW; Filed: $12,850.00; Reference:  PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5300-000 | | 12,850.00 | 432,571.43 |
| 02/27/18 | 157 | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | Dividend paid 100.00% on $44,625.98; Claim# 121BW; Filed: $44,625.98; Reference:  PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5300-000 | | 44,625.98 | 387,945.45 |
| 02/27/18 | 158 | CAROL A WILSON, Admin & Trustee OOEFBP | Dividend paid  48.60% on $100,283.90; Claim# 118E; Filed: $100,283.90; Reference: 9900 PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 48,739.04 | 339,206.41 |
| 02/27/18 | 159 | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | Dividend paid  48.60% on $8,738.10; Claim# 132E; Filed: $8,738.10; Reference:  PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 4,246.81 | 334,959.60 |
| 02/27/18 | 160 | EMPLOYER TEAMSTERS LOCAL NOS 175 505 | Dividend paid  48.60% on $7,660.80; Claim# 134E; Filed: $7,660.80; Reference:  PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 3,723.23 | 331,236.37 |
| 02/27/18 | 161 | MICHAEL R FANNING AS CHIEF EXECUTIVE OFFICER | Dividend paid  48.60% on $116,250.51; Claim# 139P; Filed: $116,250.51; Reference: 2614 PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 56,498.98 | 274,737.39 |
| 02/27/18 | 162 | OHIO LABORERS FRINGE BENEFIT PROGRAMS | Dividend paid  48.60% on $87,323.00; Claim# 156E; Filed: $87,323.00; Reference: 8028 PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 42,439.90 | 232,297.49 |
| | | | **Page Subtotals:** | | **$0.00** | **$226,154.94** | |

{} Asset Reference(s)       UST Form 101-7-TDR ( 10 /1/2010)                                                    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 10

| | |
|---|---|
| **Case No.:** | 316-00765-MFH-7 |
| **Case Name:** | Pipeline Energy Group |
| **Taxpayer ID #:** | **-***3025 |
| **For Period Ending:** | 05/17/2018 |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 02/27/18 | 163 | BARBARA M. COOK | Dividend paid 48.60% on $6,771.52; Claim# 183; Filed: $6,771.52; Reference: 3025 PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 3,291.03 | 229,006.46 |
| 02/27/18 | 164 | West Virginia Laborers' Combined Funds | Dividend paid 48.60% on $52,397.63; Claim# 186E; Filed: $52,397.63; Reference: PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 25,465.80 | 203,540.66 |
| 02/27/18 | 165 | PIPELINE INDUSTRY BENEFIT FUND, ET AL. | Dividend paid 48.60% on $418,798.82; Claim# 121BP; Filed: $418,798.82; Reference: PER ORDER AWARDING TRUSTEE COMPENSATION AND EXPENSES DATED 02/26/2018 | 5400-000 | | 203,540.66 | 0.00 |

| | | | | |
|---|---|---|---|---|
| **COLUMN TOTALS** | | 1,120,622.10 | 1,120,622.10 | $0.00 |
| Less: Bank Transfers/CDs | | 0.00 | 0.00 | |
| **Subtotal** | | 1,120,622.10 | 1,120,622.10 | |
| Less: Payments to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | $1,120,622.10 | $1,120,622.10 | |

{} Asset Reference(s)   **UST Form 101-7-TDR ( 10 /1/2010)**                                    *! - transaction has not been cleared*

Exhibit 9

Page: 11

# Form 2
## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case No.:** | 316-00765-MFH-7 |
| **Case Name:** | Pipeline Energy Group |
| **Taxpayer ID #:** | **-***3025 |
| **For Period Ending:** | 05/17/2018 |

| | |
|---|---|
| **Trustee Name:** | David G. Rogers (620060) |
| **Bank Name:** | Rabobank, N.A. |
| **Account #:** | ******6166 Checking Account |
| **Blanket Bond (per case limit):** | $720,000.00 |
| **Separate Bond (if applicable):** | N/A |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******6166 Checking Account | $1,120,622.10 | $1,120,622.10 | $0.00 |
| | **$1,120,622.10** | **$1,120,622.10** | **$0.00** |

**UST Form 101-7-TDR (10 /1/2010)**